Steven J. Moser (SM1133)
STEVEN J. MOSER, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANCISCO RODRIGUEZ, and ARISTIDES ALFREDO
DILLATORO,                                                              Case No.:

                                   Plaintiffs,        **COMPLAINT**

                - *against* -

RIDGE PIZZA INC. d/b/a ALFREDO'S PIZZERIA, DENNIS
D'ONOFRIO, and VELIA D'ONOFRIO,

                                   Defendants.
------------------------------------------------------------------------X

       Plaintiffs, Francisco Rodriguez ("Rodriguez"), and Aristides Alfredo Dillatoro ("Dillatoro") bring this action against Defendants, Ridge Pizza Inc. d/b/a Alfredo's Pizzeria, Dennis D'Onofrio, and Velia D'Onofrio (collectively referenced hereinafter as "Defendants") and alleges as follows:

## NATURE OF CLAIM

    1.    This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including overtime, spread of hours, wage notice, and wage statement violations.

## JURISDICTION

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

**PARTIES**

4. Plaintiff Francisco Rodriguez ("Rodriguez"), was Defendants' employee within the meaning of the FLSA, and the NYLL.

5. Rodriguez is a natural person who resides in Suffolk County in the State of New York.

6. Plaintiff Aristides Alfredo Dillatoro ("Dillatoro"), was Defendants' employee within the meaning of the FLSA and the NYLL.

7. Dillatoro is a natural person who resides in Suffolk County in the State of New York.

8. Defendant, Ridge Pizza Inc. d/b/a Alfredo's Pizzeria, is a domestic corporation incorporated under the laws of the State of New York.

9. Defendant, Ridge Pizza Inc. d/b/a Alfredo's Pizzeria, maintains an executive office at 11 Herdman Court, Middle Island, New York 11953 in Suffolk County.

10. At all relevant times, Ridge Pizza Inc. d/b/a Alfredo's Pizzeria, has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

11. For each of the calendar years 2013, 2014 and 2015 Ridge Pizza Inc. d/b/a Alfredo's Pizzeria had annual gross volume of sales made or business done of $500,000 or more.

12. At all relevant times, Ridge Pizza Inc. d/b/a Alfredo's Pizzeria, has continuously been an employer within the meaning of the NYLL.

13. At all relevant times, Ridge Pizza Inc. d/b/a Alfredo's Pizzeria, owned and operated a pizzeria located at 1679 Middle Country Road, Ridge, New York 11961 in Suffolk County.

14. Upon information and belief, Ridge Pizza Inc. d/b/a Alfredo's Pizzeria consists of a pizzeria and restaurant that is open seven days a week and prepares serves a variety of Italian foods to the public.

15. Defendant, Dennis D'Onofrio is a natural person who resides in Suffolk County, New York.

16. Defendant, Dennis D'Onofrio, is an employer within the meaning of the NYLL and the FLSA.

17. Upon information and belief, Defendant, Dennis D'Onofrio, owned and operated Ridge Pizza Inc. d/b/a Alfredo's Pizzeria.

18. Upon information and belief, Defendant, Dennis D'Onofrio, had the power to hire and fire the Plaintiffs, supervised and controlled the work and schedules and conditions of their employment, determined the rate and method of pay, and maintained records of their employment.

19. Upon information and belief, Defendant, Dennis D'Onofrio, exercised sufficient operational control over Ridge Pizza to be deemed Plaintiffs' employer under the FLSA and the NYLL.

20. Defendant, Velia D'Onofrio is a natural person who resides in Suffolk County, New York.

21. Upon information and belief, Defendant, Velia D'Onofrio, owned and operated Ridge Pizza Inc. d/b/a Alfredo's Pizzeria.

22. Upon information and belief, Defendant, Velia D'Onofrio, had the power to hire and fire the Plaintiffs, supervised and controlled the work and schedules and conditions of their employment, determined the rate and method of pay, and maintained records of their employment.

23. Upon information and belief, Defendant, Velia D'Onofrio, exercised sufficient operational control over Ridge Pizza Inc. to be deemed Plaintiffs' employer under the FLSA and the NYLL.

24. Defendant, Velia D'Onofrio is a natural person whose residence is unknown.

25. Defendants are subject to the hospitality industry wage order (12 N.Y.C.R.R. § 146), and its predecessor, the restaurant industry wage order (12 N.Y.C.R.R. § 136).

## LAW

*Overtime*

26. Under the FLSA, "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

27. Under the NYLL "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek." 12 N.Y.C.R.R. §§ 137-1.3 (effective Jul. 24, 2009-Dec. 31, 2010) & 146-1.4 (effective January 1, 2011).

28. Pursuant to the FLSA, an employee is entitled to compensation for all hours worked in excess of the regular forty hour workweek at the overtime premium of one and one-half times an employee's hourly pay. 29 U.S.C. § 207.

*Spread of Hours Premium*

4

29. Prior to January 1, 2011, restaurant employees earning at or near the minimum wage were entitled to an additional hours pay at the minimum wage for each day in which the spread of hours exceeds 10. 12 N.Y.C.R.R. § 137-1.7.

30. On and after January 1, 2011, restaurant employees are entitled to the spread of hours premium for each day on which their spread of hours exceeds ten, regardless of the employee's regular rate of pay. 12 N.Y.C.R.R. § 146-1.6.

31. Where an employer fails to pay the required spread of hours premium, the employee is entitled to compensatory and liquidated damages. *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12 CV 4760 (CBA) (CLP), 2013 U.S. Dist. LEXIS 186210, at *40 (E.D.N.Y. July 9, 2013); *Paz v. Piedra*, No. 09 Civ. 03977 (LAK) (GWG), 2012 U.S. Dist. LEXIS 4034, 2012 WL 121103, at *9 (S.D.N.Y. Jan. 12, 2012); *Benavidez v. Plaza Mex. Inc.*, No. 09 Civ. 9574 (THK), 2012 U.S. Dist. LEXIS 19206, 2012 WL 500428, at *5 (S.D.N.Y. Feb. 14, 2012).

*Wage Notice*

32. Under the NYLL an employer must provide employees a wage notice at the time of hiring stating, inter alia, the employee's regular rate of pay and overtime rate. NYLL § 195(1)(a). (Hereinafter "Wage Notice").

33. Under the NYLL, effective February 27, 2015,

> If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

NYLL § 198(1-b).

5

34. Prior to February 27, 2015, the statutory damages for Wage Notice violations were fifty dollars per week, up to $2,500.00. Id.

*Wage Statements*

35. Under the NYLL, every employer must

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

NYLL § 195(3) (hereinafter "Wage Statement").

36. Under the NYLL, effective February 27, 2015,

If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees.

NYLL § 198(1-d).

37. Prior to February 27, 2015, the statutory damages for Wage Statement violations were one hundred dollars per week, up to $2,500.00. Id.

*Records*

38. The NYLL requires employers to make, keep, and preserve records of employment, including hours worked and wages paid, for 6 years. Employers who fail to maintain the appropriate records "bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements." NYLL § 196-a; *Gomez v. El Rancho De Andres Carne De Tres Inc.*, No. 12-CV-1264 (CBA) (MDG), 2014 U.S. Dist. LEXIS 45580, at *17-18 (E.D.N.Y. Mar. 11, 2014).

6

## FACTUAL ALLEGATIONS

*Francisco Rodriguez*

39. Rodriguez was employed by Ridge Pizza Inc. d/b/a Alfredo's Pizzeria from May of 2014 to October of 2014.

40. Plaintiff, Rodriguez' regular rate of pay was $9.00 per hour.

41. His regular work schedule was from 10am to 10pm from Wednesday through Monday, with no lunch breaks. .

42. Mr. Rodriguez was scheduled to work 72 hours a week.

43. Mr. Rodriguez worked approximately 72 hours each week.

44. Upon information and belief, Defendants tracked Mr. Rodriguez' work time through a punch card system.

45. Defendants failed to pay Mr. Rodriguez his overtime premium for hours worked in excess of 40 per week

46. In addition, Plaintiff Rodriguez sometimes worked "off-the-clock" overtime.

47. Plaintiff Rodriguez was not paid the spread of hours premium on all days when his spread of hours exceeded 10.

48. The Defendants never provided the Plaintiff Rodriguez with a wage notice.

49. The Defendants never provided the Plaintiff Rodriguez with a wage statement.

*Aristides Alfredo Dillatoro*

50. Dillatoro was employed by Ridge Pizza Inc. d/b/a Alfredo's Pizzeria from September of 2014 to April 1, 2015.

51. Plaintiff, Dillatoro's regular rate of pay was $9.00 per hour.

52. Mr. Dillatoro's work schedule was from 10am to 10pm Tuesday through Sunday, with no lunch breaks

53. Mr. Dillatoro was scheduled to work 72 hours a week.

54. Mr. Dillatoro worked approximately 72 hours each week.

55. Approximately 3 to 5 times a month, Plaintiff, Dillatoro, would arrive early to work, at approximately 9:45am, punch in and start working. Defendants did not compensate Plaintiff for this time.

56. Upon information and belief, Mr. Dillatoro's time was tracked through a punch card system.

57. Defendants failed to pay Mr. Dillatoro his overtime premium for hours worked in excess of 40 per week

58. At all relevant times, Plaintiff Dillatoro was not paid for his spread of hours.

59. The Defendants never provided the Plaintiff Dillatoro with a wage notice.

60. The Defendants never provided the Plaintiff Dillatoro with a wage statement.

*Policies Affecting Plaintiffs and Other Employees*

61. Upon information and belief, Plaintiffs were required to punch out at 10pm, even though they were not done working. If employees did not punch out by 10pm, they would be penalized for 30 minutes worth of wages for that day.

62. Upon information and belief, if an employee was late by 5 to 10 minutes, the Defendants would deduct approximately 30 minutes of wages from that employee's wages. If the employee was 15 minutes late, the Defendants would deduct 1 hour of wages from that employee's wages.

63. Upon information and belief, approximately 5 to 10 times a month, the managers would be late with opening the pizzeria, and employees would lose wages for the time they waited, even though they were on time.

64. Defendants failed to keep accurate records of the hours worked by the Plaintiffs. As a result, Plaintiffs were not compensated for all hours worked.

## FIRST CAUSE OF ACTION
## Overtime Wages under the Fair Labor Standards Act
## 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)

65. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

66. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff

67. Defendants are required to pay Plaintiffs at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

68. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of 40 hours in a work week.

69. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

70. Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION
## Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

71. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

72. Defendants are required to pay Plaintiffs at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

73. Defendants willfully deprived the Plaintiffs of the overtime wages to which they were entitled.

74. Plaintiffs are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION
### Spread of Hours Pay under 12 NYCRR §§ 137 & 146

75. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

76. At all relevant times the Defendant Ridge Pizza Inc. d/b/a Alfredo's Pizzeria has prepared and offered food or beverage for human consumption.

77. Plaintiffs regularly worked a spread of hours that exceeded ten.

78. Defendants have failed to pay Plaintiffs additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded ten (10).

79. By Defendant's failure to pay Plaintiffs Defendants have violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations, specifically 12 N.Y.C.R.R. § 146-1.6 and its predecessor 12 N.Y.C.R.R. § 137-1.7.

80. Plaintiffs are entitled to compensatory and liquidated damages, as well as attorney's fees, costs, and prejudgment interest.

## FOURTH CAUSE OF ACTION
### Wage Notice Violations under NYLL §§ 195 and 198

81. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

82. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring or change in pay that contains *inter alia*, the rate of pay, the regular day on which

10

pay is dispersed, the name of the employer and its contact information, and any allowances taken.

83. Defendants failed to provide the wage notice to Plaintiffs as required by NYLL § 195(1)(a).

84. Plaintiffs are each entitled to recover statutory damages, together with costs and reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
## Wage Statement Violations under NYLL §§ 195 and 198

85. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

86. NYLL§ 195(3) requires an employer furnish to each employee "a statement with every payment of wages," listing *inter alia,* the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof.

87. Defendants failed to provide the wage statements to Plaintiffs as required by NYLL § 195(3).

88. Plaintiffs are each entitled to recover statutory damages, together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the NYLL and the FLSA;

B. Spread of hours pay;

C. Liquidated damages on all NYLL Claims;

D. Liquidated damages on Plaintiff's FLSA claims;

11

 E. Statutory damages for Wage Notice violations pursuant to NYLL § 198;

 F. Statutory damages for Wage Statement violations pursuant to NYLL § 198.

 G. Reasonable attorney's fees and costs of the action;

 H. Prejudgment interest; and

 I. Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
    January 2, 2016

                Respectfully submitted,
                STEVEN J. MOSER, P.C.

                By: Steven J. Moser
                3 School Street, Suite 207 B
                Glen Cove, New York 11542
                (516) 671-1150
                F (516) 882-5420
                smoser@moseremploymentlaw.com
                *Attorneys for Plaintiffs*