| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   1-11-2017
          U.S. MAGISTRATE JUDGE          TIME:   2:15 p.m. (21 minutes)

*Rodriguez, et al v. Ridge Pizza Inc., et al.*
**CV 16-254 (DRH) (AKT)**

TYPE OF CONFERENCE:        **INITIAL CONFERENCE**

APPEARANCES:   Plaintiffs:   Steven J. Moser

               Defendants:   Eric J. Bressler

FTR:   2:15-2:36

SCHEDULING:

The Discovery Status Conference will be held on June 6, 2017 at 3:30 p.m.

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties in this FLSA/NYLL action met for a Rule 26(f) conference and I am adopting the discovery plan submitted by them with several modifications. The Case Management and Scheduling Order ("CMSO") is being entered separately.

2. Initial Disclosures pursuant to Rule 26(a) have been served by the parties.

3. We spent some time discussing the prospect of mediation through the EDNY Court-annexed and newly constituted FLSA mediation panel or a settlement conference with the Court. I urged the parties to consider these options in light of the damages being asserted in this case.

4. Defendant's counsel confirmed today that his client is not contesting the fact that the company meets the $500,000 minimum annual gross revenues threshold to come within the definition of an "employer" under the FLSA. Therefore, for the reasons stated in the record today, I am directing the parties to enter into a Stipulation to that effect and to file the Stipulation on ECF within two weeks.

5. Counsel have conferred and concluded that a Stipulation and Order of Confidentiality will not be needed during the discovery phase of this case. If those circumstances change, counsel been directed to contact the Court promptly.

6. The parties have met and conferred and determined that there is no electronically stored information ("ESI") to be produced in this case.

7. The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is April 28, 2017. If the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file his opening motion papers and memorandum of law by April 28, 2017. The parties are free to agree on a full briefing schedule with the understanding

that the opening papers must be served by that date. The motion is returnable before me and counsel are encouraged to review my Individual Practice Rules which are available on the EDNY website.

8. As set forth in my Individual Rules, as well as the CMSO entered today, **three business days before the June 13, 2017 Discovery Status Conference, the parties are directed to file a Discovery Status Report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses, and providing the date on which the last deposition is tentatively scheduled to be taken.  Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule. If the parties have complied with the deadlines in the CMSO up to that point and if there are no outstanding discovery disputes pending, then counsel may file a joint Discovery Status Report (whoever files the Report must be certain to individually and specifically address the four categories listed above).  If the parties are behind for any reason, or if there is an outstanding discovery dispute, then counsel will need to each file his/her own Discovery Status Report in order to include the reasons why the parties are behind and/or to provide the case citations supporting counsel's argument regarding the pending discovery dispute.  **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant.

   **The remainder of the pre-trial discovery deadlines will be set in place at the June 13, 2017 Discovery Status Conference and will appear in the Final CMSO entered that day.  The parties must be prepared to advise the Court at that time of the status of depositions, whether they intend to retain any experts, and the identity of such experts.  The discovery cut-off date is September 19, 2017.**

9. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes.  If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible.  <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so.  Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>.  Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*not* merely an exchange of e-mails or letters).

   If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local

       Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

10.    As counsel were advised today, under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying CMSO must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

                                                         SO ORDERED

                                                         /s/ A. Kathleen Tomlinson
                                                         A. KATHLEEN TOMLINSON
                                                         U.S. Magistrate Judge