

# MOSER EMPLOYMENT LAW FIRM, P.C.

### WORKERS' RIGHTS ATTORNEYS

| | | |
|---|---|---|
| STEVEN J. MOSER, ESQ. | 3 SCHOOL STREET, SUITE 207B | TEL (516) 671.1150 |
| smoser@moseremploymentlaw.com | GLEN COVE, NEW YORK  11542 | FAX (516) 882-5420 |

May 11, 2017

**VIA ECF**

Hon. Denis R. Hurley, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

**RE**:  **Rodriguez et al. v. Ridge Pizza et al.**
**Case No. 16-cv-00254 (DRH)(AKT)**
**Our File No. 15-FLSA-0020**

Dear Judge Hurley:

I represent the plaintiffs in the above referenced matter.  I request a pre-motion conference with regard to an anticipated motion to amend the complaint pursuant to Fed. R. Civ. P. 15.

The plaintiffs were employed at a pizzeria known as "Alfredos", located in Ridge, New York.  The plaintiffs were not furnished with wage notices or wage statements during their employment, and thus were not aware of the correct corporate identity of the defendants.  Our pre-complaint investigation indicated that the correct corporate defendant was Ridge Pizza, Inc. and that its principals were Dennis D'Onofrio and Velia D'Onofrio.

The original complaint, naming Ridge Pizza, Inc., Velia D'Onofrio, and Dennis D'Onofrio was filed on January 18, 2016.  (ECF No. 1). The Defendants answered on May 16, 2016. (ECF No. 18).  At the initial conference of January 11, 2017 counsel for the defendants suggested that the corporate defendant had not been properly identified.

On May 3, 2017 Plaintiffs received discovery responses from the Defendants.  Those discovery responses indicate that Ridge Restaurant, Inc. (not "Ridge Pizza, Inc.") is the correct corporate defendant.  Those discovery responses also indicate that Velia D'Onofrio is not a principal of Ridge Restaurant, Inc.

On May 11, 2017 I submitted a proposed first amended complaint to counsel for the defendants.  A copy of the proposed first amended complaint is annexed hereto as Exhibit 1.  The proposed amended complaint properly identifies the corporate defendant.  It also corrects the pleading to reflect that Philip D'Onofrio (not Velia D'Onofrio) was the proper identity of the individual who had the power to hire and fire the plaintiffs, and otherwise assumed the role of an

employer so as to make him liable under the NYLL and the FLSA. The first amended complaint also makes some minor factual corrections.

      Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires." As the Supreme Court has held, "this mandate is to be heeded:" In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.' *Foman v. Davis*, 371 U.S. 178, 182 (1962).

      Plaintiff respectfully requests a pre-motion conference with regard to an anticipated motion for leave to amend the complaint.

                                                                           Respectfully submitted,

                                                                           Steven John Moser

SJM:jm

cc: Eric J. Bressler (via ECF)