UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANCISCO RODRIGUEZ and ARISTIDES      Civil Case No.: 2:16-cv-00254
ALFREDO DILLATORO,                     (DRH)(AKT)

                    Plaintiffs,

- against -                            **DECLARATION OF
                                       ERIC J. BRESSLER IN
RIDGE PIZZA INC. d/b/a ALFREDO'S PIZZERIA,   OPPOSITION TO
DENNIS DONOFRIO, and VELIA DONOFRIO,   MOTION TO AMEND**

                    Defendants.
-----------------------------------------------------------------X

      I, Eric J. Bressler, declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the following is true and correct:

      1.    I am a member of Wickham, Bressler & Geasa, P.C., attorneys for defendants and make this declaration in opposition to plaintiffs' motion to amend. I have knowledge of the facts stated herein.

PROCEDURAL HISTORY

      2.    This is an action arising out of claimed violations of the Federal Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("Labor Law") relating, inter alia, to overtime rate of pay and disclosures. The action was commenced by filing and service of a complaint. A copy of the complaint is annexed hereto and incorporated herein as Exhibit A (Docket #1).

      3.    The defendants named in the original complaint appeared and answered, denying the material allegations of the complaint. A copy of the answer is annexed hereto and incorporated herein as Exhibit B (Docket #18).

4. The parties thereafter engaged in paper discovery. Interrogatories and document demands were produced by both sides and responses provided. As a part of defendants' discovery, daily time cards and wage documents were provided. Plaintiffs' discovery admitted the amount of compensation plaintiffs received. Based on the hours worked and hourly rate the compensation plaintiffs were to receive matches almost exactly to that plaintiffs concededly received.

5. Plaintiffs thereafter requested from Hon. Denis R. Hurley, the District Court Judge on this matter, a pre-motion conference with respect to a proposed amended complaint (Docket #32). A copy is annexed hereto and incorporated herein as Exhibit C.

6. This Court, by electronic order dated May 15, 2017 directed that the motion be made before this Court, not the District Court Judge and set a briefing schedule for the motion. Plaintiffs have now moved for leave to file an amended complaint, as attached to the moving papers.

## NATURE OF THE PROPOSED AMENDMENT

7. The proposed amended complaint seeks to amend the complaint in three general respects. First, it seeks to amend the name of plaintiffs' corporate employer to correctly reflect its name. Second, it seeks to amend the identity of the individual defendants by deleting Velia Donofrio and adding Philip Donofrio. Finally, it seeks to substantially change the factual allegations as to plaintiffs' employment.

8. Plaintiffs originally named an entity entitled "Ridge Pizza, Inc." as plaintiffs' employer. Defendants have provided plaintiffs in discovery with the proper name of their corporate employer – Ridge Restaurant, Inc. Thus, this proposed amendment is not opposed.

9. The original complaint named Velia Donofrio, the mother of defendant Dennis Donofrio, as an individual defendant. Plaintiffs alleged that Velia Donofrio owned and operated plaintiffs' corporate employer and had the power to hire and fire, controlled the schedules and working conditions, and maintained employment records, all such to make her an "employer" (Old ¶20-24, all "Old" references are to the original complaint). In fact, Velia Donofrio had no such connections with plaintiffs' corporate employer. By the instant application, plaintiffs seek to discontinue against Velia Donofrio and substitute therefore Philip Donofrio, another son of Velia Donofrio (New ¶19-22, all "New" references are to the proposed amended complaint). There is no basis for this requested relief and, therefore, the proposed amendment lacks merit.

10. The proposed amended complaint seeks to make substantial changes in the factual allegations underlying the claims. These changes fall into three categories: those affecting plaintiff Rodriguez, those affecting plaintiff Dillatoro, and those affecting both plaintiffs.

11. Specifically, the amended complaint proposes to make changes as to plaintiff Rodriguez as follows: (a) the dates and length of plaintiff's employment from five months in 2014 to six months in both 2014 and 2015 (Old ¶39, New ¶24), (b) the regular rate of pay for plaintiff at $9 per hour was deleted and not replaced with anything (Old ¶40, no New ¶), (c) plaintiff's allegation that he failed to receive pay for overtime hours to a failure to receive any overtime pay (Old ¶45, New ¶29, 30), (d) plaintiff's allegation that he never received a wage statement or notice to an allegation that he never received a statement or notice meeting certain statutory requirements (Old ¶48, 49, New ¶32, 33).

12. Specifically, the amended complaint proposes to make changes as to plaintiff Dillatoro as follows: (a) the regular rates of pay for plaintiff to $9 per hour was deleted and not replaced with anything (Old ¶57, no New ¶), (b) plaintiff's allegation that he would arrive and

punch in before 10:00 a.m. and not receive pay for such period was deleted and replaced with nothing (Old ¶55, no New ¶), (c) plaintiff's allegation that he failed to receive pay for overtime hours to a failure to receive <u>any</u> overtime pay (Old ¶57, New ¶39).

13. The amended complaint proposes to make amendments to allegations concerning both plaintiffs as follows: (a) periodic pay penalties for late "punch outs" and late arrivals were deleted and not replaced with any allegation (Old ¶63, no New ¶), (b) all allegations as to the applicable law were deleted (Old ¶26-38).

BASIS FOR DENIAL

14. Defendants object to the proposed amendment, except to the extent that the proper name of the corporate defendant is amended. The other relief sought is not proper under Federal Rules of Civil Practice 15 as more fully set forth in the attached memorandum of law. As a result, the motion should be denied, except as to the corporate defendant.

WHEREFORE, it is respectfully requested that plaintiffs' motion to amend be denied in its entirety.

Dated: June 12, 2017
       Mattituck, New York

                                                                                  Eric J. Bressler

TO:   Steven John Moser, Esq.
        Moser Employment Law Firm, P.C.
        3 School Street, Suite 207B
        Glen Cove, New York 11542

*Ejb/clt/Donofrio/affirmation oppose amend*