UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANCISCO RODRIGUEZ and ARISTIDES          Civil Case No.:  2:16-cv-00254
ALFREDO DILLATORO,                         (DRH)(AKT)

                              Plaintiffs,

      - against -

RIDGE PIZZA INC. d/b/a ALFREDO'S PIZZERIA,
DENNIS DONOFRIO, and VELIA DONOFRIO,

                              Defendants.
-------------------------------------------------------------------X

===================================================================
**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO MOTION TO AMEND**
===================================================================

WICKHAM, BRESSLER & GEASA, P.C.
Attorneys for Defendants
13015 Main Road, P.O. Box 1424
Mattituck, New York 11952
(631) 298-8353

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………....ii

STATEMENT OF THE CASE…………………………………………………..1

PROCEDURAL HISTORY……………………………………………………...1

STATEMENT OF FACTS……………………………………………………....1

THE APPLICABLE STANDARD……………………………………………….3

ARGUMENT…………………………………………………………………....4

POINT I
SINCE THE PROPOSED AMENDMENT FAILS
TO MEET THE REQUIREMENTS OF FRCP 15,
THE MOTION SHOULD BE DENIED……………………………………….4

    A.  THE INDIVIDUAL DEFENDANT……………………………………..4

    B.  THE SUBSTANTIVE CHANGES……………………………………..5

CONCLUSION……………………………………………………...………....6

TABLE OF AUTHORITIES

Page

Cases:

Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 LEd.2 222 (1962)…………..……….3

Ruffolo v. Oppenheimer & Co., 987 F.2d 129 (2d. Cir., 1993)………………………3

Statutes:

Federal Rules of Civil Procedure Rule 15………………………………….……3, 4

STATEMENT OF THE CASE

PROCEDURAL HISTORY

This is an action arising out of claimed violations of the Federal Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("Labor Law") relating, inter alia, to overtime rate of pay and wage disclosures.  The action was commenced by filing and service of a complaint. The defendants named in the original complaint appeared and answered, denying the material allegations of the complaint.  The parties thereafter engaged in paper discovery.  Interrogatories and document demands were produced by both sides and responses provided.  The discovery provided by defendants included both wage documentation as well as daily time cards evidencing plaintiffs' hours of work.  These hours when combined with the plaintiffs' pay rate and plaintiffs' answers to interrogatories regarding the total compensation received negatives any overtime claim.  Specifically, the amount of compensation concededly received by plaintiffs matches almost exactly what the time cards and the hourly rates reflect as the proper amounts.

Plaintiffs thereafter requested from Hon. Denis R. Hurley, the District Court Judge on this matter, a pre-motion conference with respect to a proposed amended complaint.  This Court, by electronic order dated May 15, 2017 directed that the motion be made before the Court, not the District Court Judge and set a briefing schedule for the motion.  Plaintiffs have now moved for leave to file an amended complaint, as attached to the moving papers.

STATEMENT OF FACTS

The proposed amended complaint proposes changes in three areas.  First, it seeks to amend the name of plaintiffs' corporate employer to correctly reflect the name.  Second, it seeks to amend the identity of an individual defendant by deleting Velia Donofrio and adding Philip

Donofrio.  Third, it seeks to substantially change the factual allegations as to plaintiffs'
employment.

Plaintiffs originally named an entity entitled "Ridge Pizza, Inc." as plaintiffs' employer.
Defendants have provided plaintiffs in discovery with the proper name of their corporate
employer – Ridge Restaurant, Inc.  No objection is made to this amendment

The original complaint named Velia Donofrio, the mother of defendant Dennis Donofrio,
as an individual defendant.  Plaintiffs alleged that Velia Donofrio owned and operated plaintiffs'
corporate employer and had the power to hire and fire, controlled the schedules and working
conditions, and maintained employment records, all such to make her an "employer" (Old ¶20-
24, all "Old" references are to the original complaint).  In fact, Velia Donofrio had no such
connections with plaintiffs' corporate employer.  By the instant application, plaintiffs seek to
discontinue against Velia Donofrio and substitute therefore Philip Donofrio, another son of Velia
Donofrio (New ¶19-22, all "New" references are to the proposed amended complaint).

The proposed amended complaint seeks to make substantial changes in the factual
allegations underlying the claims.  These changes fall into three categories:  those affecting
plaintiff Rodriguez, those affecting plaintiff Dillatoro, and those affecting both plaintiffs.

Specifically, the amended complaint proposes to make changes as to plaintiff Rodriguez
as follows:  (a) the dates and length of plaintiff's employment from five months in 2014 to six
months in both 2014 and 2015 (Old ¶39, New ¶24, (b) the regular rate of pay for plaintiff at $9
per hour was deleted and not replaced with anything (Old ¶40, no New ¶), (c) plaintiff's
allegation that he failed to receive pay for overtime hours to a failure to receive any overtime pay
(Old ¶45, New ¶29, 30), (d) plaintiff's allegation that he never received a wage statement or

2

notice to an allegation that he never received a statement or notice meeting certain statutory requirements (Old ¶48, 49, New ¶32, 33).

Specifically, the amended complaint proposes to make changes as to plaintiff Dillatoro as follows:  (a) the regular rates of pay for plaintiff to $9 per hour was deleted and not replaced with anything (Old ¶51, no New ¶), (b) plaintiff's allegation that he would arrive and punch in before 10:00 a.m. and not receive pay for such period was deleted and replaced with nothing (Old ¶55, no New ¶), (c) plaintiff's allegation that he failed to receive pay for overtime hours to a failure to receive <u>any</u> overtime pay (Old ¶57, New ¶39).

The amended complaint proposes to make amendments to allegations concerning both plaintiffs as follows:  (a) periodic pay penalties for late "punch outs" and late arrivals were deleted and not replaced with any allegation (Old ¶63, no New ¶), (b) all allegations as to the applicable law were deleted (Old ¶26-38).

THE APPLICABLE STANDARD

Federal Rules of Civil Procedure Rule 15 governs amendments to pleadings not of right and provides, in relevant part that "the Court should freely give leave when justice requires". However, the ability to amend not as of right is not unlimited.  The determination to grant leave is within the sound discretion of the Court and should not be granted where there is an apparent or declared reason such as undue delay, bad faith, dilatory motive, undue prejudice, futility, lack of merit, etc. <u>Foman v. Davis</u>, 371 U.S. 178, 83 S. Ct. 227, 9 LEd.2 222 (1962).  <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129 (2d. Cir., 1993).  Application of this standard to the facts compels denial of the motion as set forth, <u>infra</u>.

ARGUMENT

POINT I

SINCE THE PROPOSED AMENDMENT
FAILS TO MEET THE REQUIREMENTS
OF FRCP 15, THE MOTION SHOULD BE DENIED

Defendants submit that the proposed amended complaint should not be permitted since justice does not so require. As a result, the motion to amend should be denied, except as to the correct name of the corporate defendant.

As set forth, supra, the proposed amendments fall into three categories: (1) amendment of the name of the corporate defendant, (2) substitution of a new individual defendant for one of the individual defendants, and (3) substantive changes. The second and third categories are not appropriate for amendment, as set forth, infra.

A. THE INDIVIDUAL DEFENDANT

There is no basis for the substitution of Philip Donofrio for Velia Donofrio as an individual defendant. Thus, the proposed amendment lacks merit and should be denied.

As set forth in defendants' discovery responses, defendant Dennis Donofrio was the individual who made hiring and firing decisions, controlled hours and conditions, and maintained records. Assuming, arguendo, Philip Donofrio had been involved in the operation of plaintiffs' corporate employer as is now alleged in the proposed amended complaint, plaintiffs were in possession of such knowledge at the inception of the action. Thus, there is no reason why Philip Donofrio could not have been and was not originally named as a defendant. For reasons known only to plaintiffs at this juncture, Velia Donofrio was named instead, evidencing both an intent to delay as well as bad faith. The assertion in plaintiffs' brief that plaintiffs believed that Velia was Philip's name as justification for the amendment is patently insufficient to warrant amendment

4

for three reasons.  First, such an assertion is entirely unsupported by any declaration of plaintiffs.

Second, the assertion is patently unworthy of belief as Velia is a female name and Philip is a

masculine name.  No basis for plaintiffs' asserted belief is set forth.  Surely, if Philip Donofrio

were involved with the business plaintiffs would have referred to him by such name and he

would have been named originally.  Finally, no explanation is given for how plaintiffs years later

came to the realization that Velia Donofrio and Philip Donofrio were not the same person.  It

certainly appears that no due diligence was done at the inception of this action to ascertain the

identity of the proper defendants.  Thus, there is no basis for the proposed amendment.

### B.  THE SUBSTANTIVE CHANGES

The substantive changes proposed in the amended complaint are both numerous and

extensive.  The only conclusion which can be drawn for such proposed amendments is that when

confronted with documentary evidence concerning their employment, plaintiffs are seeking to

salvage their meritless case by changing their pleadings and, therefore, stories.  This is the height

of bad faith and should not be permitted.

The proposed amendment changes (a) the length and identity of the period of plaintiffs'

employment, (b) the alleged rates of pay, (c) the nature of the overtime claims for a shortage to

total, (d) the nature of the claimed failures to provide wage statements from total to non-

compliant.  Moreover, when confronted with the timecards utilized by defendants to record

plaintiffs' hours, plaintiffs are now attempting to assert a claim that their hours were other than

as shown on the time cards.  At the same time plaintiffs are attempting to abandon their claims

that they were "penalized" for late "punch ins" and "punch outs".  Similarly, when confronted

with wage documents, plaintiffs are now attempting to distance themselves from their prior

denials.

The cumulative effect of all of these changes evidences bad faith and is prejudicial to defendants as it substantially changes the alleged facts and legal theories arising therefrom. Thus, there is no basis for the proposed amendment.  As a result, the motion should be denied.

CONCLUSION

The proposed changes to the individual defendants and substantive theory of the case are made in bad faith and are prejudicial to defendants, (except as to Velia Donofrio who never was properly in the case).  Plaintiffs should not be given leave to serve and file the amended complaint except as to the corporate defendant.

Dated: June 12, 2017
        Mattituck, New York

                              Respectfully submitted,
                              Wickham, Bressler & Geasa, P.C.


                              _____
                                   Eric J. Bressler

*Ejb/clt/Donofrio/MOL oppose amend*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANCISCO RODRIGUEZ and ARISTIDES                    Civil Case No.:  2:16-cv-00254
ALFREDO DILLATORO,                                   (DRH)(AKT)

                         Plaintiffs,

          - against -
                                                     **AFFIDAVIT OF SERVICE**

RIDGE PIZZA INC. d/b/a ALFREDO'S PIZZERIA,
DENNIS DONOFRIO, and VELIA DONOFRIO,

                         Defendants.
-------------------------------------------------------------------X
STATE OF NEW YORK      )
                       )ss.:
COUNTY OF SUFFOLK      )

          Erin R. Macari, being duly sworn, deposes and says:

          1.       I am not a party to the action.  I am over 18 years of age and I reside at Mattituck,
New York.  I am employed by Wickham, Bressler & Geasa, P.C.

          2.       On June 13, 2017, I served a true copy of the within DEFENDANTS'
MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO AMEND by electronic mail
properly addressed to the following:

          Steven J. Moser, Esq.
          Moser Employment Law Firm, P.C.
          3 School Street, Suite 207B
          Glen Cove, New York  11542
          Email: smoser@moseremploymentlaw.com

                                                     _____
                                                              ERIN R. MACARI

Sworn to before me this
16th  day of June, 2017.

_____
          Notary Public

Cheryl Simons
Notary Public, State Of New York
No. 31-4970341
Qualified In Suffolk County
Commission Expires February 4, 2019