Steven J. Moser (SM1133)
MOSER LAW FIRM, PC
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
FRANCISCO RODRIGUEZ, and ARISTIDES ALFREDO
DILLATORO,                                                                          Case No.: 16-CV-00254

                                          Plaintiffs,                **FIRST AMENDED COMPLAINT**

                         - *against* -

RIDGE RESTAURANT, INC. D/B/A ALFREDO'S PIZZERIA,
DENNIS D'ONOFRIO, and PHILIP D'ONOFRIO
Defendants.
---------------------------------------------------------------------------X

       Plaintiffs, Francisco Rodriguez ("Rodriguez"), and Aristides Alfredo Dillatoro ("Dillatoro") bring this action against Defendants, Ridge Restaurant, Inc., Dennis D'Onofrio, and Philip D'Onofrio (collectively referenced hereinafter as "Defendants") and alleges as follows:

## NATURE OF CLAIM

1. This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including overtime, spread of hours, wage notice, and wage statement violations.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

4. Plaintiff Francisco Rodriguez ("Rodriguez"), was Defendants' employee within the meaning of the FLSA, and the NYLL.

5. Rodriguez is a natural person who resides in Suffolk County in the State of New York.

6. Plaintiff Aristides Alfredo Dillatoro ("Dillatoro"), was Defendants' employee within the meaning of the FLSA and the NYLL.

7. Dillatoro is a natural person who resides in Suffolk County in the State of New York.

8. Defendant, Ridge Restaurant, Inc. is a domestic corporation incorporated under the laws of the State of New York.

9. At all relevant times, Ridge Restaurant, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

10. For each of the calendar years 2013, 2014 and 2015 Ridge Restaurant, Inc. had annual gross volume of sales made or business done of $500,000 or more.

11. At all relevant times, Ridge Restaurant, Inc. has continuously been an employer within the meaning of the NYLL.

12. At all relevant times, Ridge Restaurant, Inc. did business as Alfredo's Pizza located at 1679 Middle Country Road, Ridge, New York 11961 in Suffolk County.

13. Upon information and belief, Ridge Restaurant, Inc. operated a pizzeria and restaurant that was open seven days a week and prepared and served a variety of Italian foods to the public.

14. Defendant, Dennis D'Onofrio is a natural person who resides in Suffolk County, New York.

15. Defendant, Dennis D'Onofrio, is an employer within the meaning of the NYLL and the FLSA.

16. Upon information and belief, Defendant, Dennis D'Onofrio owned and operated Ridge Restaurant, Inc.

17. Upon information and belief, Defendant, Dennis D'Onofrio, had the power to hire and fire the Plaintiffs, supervised and controlled the work and schedules and conditions of their employment, determined the rate and method of pay, and maintained records of their employment.

18. Upon information and belief, Defendant, Dennis D'Onofrio, exercised sufficient operational control over Ridge Restaurant, Inc. to be deemed Plaintiffs' employer under the FLSA and the NYLL.

19. Defendant, Philip D'Onofrio is a natural person who resides in Suffolk County, New York.

20. Upon information and belief, Defendant, Philip D'Onofrio, owned and operated Ridge Restaurant, Inc.

21. Upon information and belief, Defendant, Philip D'Onofrio, had the power to hire and fire the Plaintiffs, supervised and controlled the work and schedules and conditions of their employment, determined the rate and method of pay, and maintained records of their employment.

22. Upon information and belief, Defendant, Philip D'Onofrio, exercised sufficient operational control over Ridge Restaurant, Inc. to be deemed Plaintiffs' employer under the FLSA and the NYLL.

23. Defendants are subject to the hospitality industry wage order (12 N.Y.C.R.R. § 146), and its predecessor, the restaurant industry wage order (12 N.Y.C.R.R. § 136).

## FACTUAL ALLEGATIONS

*Francisco Rodriguez*

24. Rodriguez was employed by Defendant Ridge Restaurant, Inc. from approximately October of 2014 until March 2015.

25. His regular work schedule was from 10am to 10pm from Wednesday through Monday, with no lunch breaks. .

26. Mr. Rodriguez was scheduled to work 72 hours a week.

27. Mr. Rodriguez worked approximately 72 hours each week.

28. Ridge Restaurant, Inc. tracked Mr. Rodriguez' work time through a punch card system.

29. Ridge Restaurant, Inc. failed to pay Mr. Rodriguez his overtime premium for all hours worked in excess of 40 per week

30. In addition, Plaintiff Rodriguez sometimes worked "off-the-clock" overtime.

31. Plaintiff Rodriguez was not paid the spread of hours premium on all days when his spread of hours exceeded 10.

32. Ridge Restaurant, Inc. never furnished the Plaintiff Rodriguez a wage notice consistent with the requirements of NYLL § 195(1).

33. Ridge Restaurant, Inc. never provided the Plaintiff Rodriguez with a wage statement consistent with the Requirements of NYLL § 195(3).

*Aristides Alfredo Dillatoro*

34. Dillatoro was employed by Ridge Restaurant, Inc. from approximately September of 2014 to April 1, 2015.

35. Mr. Dillatoro's work schedule was from 10am to 10pm Tuesday through Sunday, with no lunch breaks

36. Mr. Dillatoro was scheduled to work 72 hours a week.

37. Mr. Dillatoro worked approximately 72 hours each week.

38. Mr. Dillatoro's time was tracked through a punch card system.

39. Ridge Restaurant, Inc. failed to pay Mr. Dillatoro his overtime premium for all hours worked in excess of 40 per week

40. In addition, Plaintiff Dillatoro sometimes worked "off-the-clock" overtime.

41. Plaintiff Dillatoro was not paid the spread of hours premium on all days when his spread of hours exceeded 10.

42. Ridge Restaurant, Inc. never provided the Plaintiff Dillatoro with a wage notice consistent with the requirements of NYLL § 195(1).

43. Ridge Restaurant, Inc. never provided the Plaintiff Dillatoro with a wage statement consistent with the requirements of NYLL § 195(3).

*Policies Affecting Plaintiffs and Other Employees*

44. Upon information and belief, Plaintiffs were required to punch out at approximately 10pm, even though they were not done working.

45. Upon information and belief, approximately 5 to 10 times a month, the managers would be late with opening the pizzeria, and employees would lose wages for the time they waited, even though they were on time.

46. Defendants failed to keep accurate records of the hours worked by the Plaintiffs. As a result, Plaintiffs were not compensated for all hours worked.

**FIRST CAUSE OF ACTION**
**Overtime Wages under the Fair Labor Standards Act**
**29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)**

47. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

48. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff

49. Defendants are required to pay Plaintiffs at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

50. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of 40 hours in a work week.

51. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

52. Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

**SECOND CAUSE OF ACTION**
**Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations**

53. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

54. Defendants are required to pay Plaintiffs at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

55. Defendants willfully deprived the Plaintiffs of the overtime wages to which they were entitled.

56. Plaintiffs are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### THIRD CAUSE OF ACTION
### Spread of Hours Pay under 12 NYCRR §§ 137 & 146

57. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

58. At all relevant times Ridge Restaurant, Inc. has prepared and offered food or beverage for human consumption.

59. Plaintiffs regularly worked a spread of hours that exceeded ten.

60. Defendants have failed to pay Plaintiffs additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded ten (10).

61. By Defendant's failure to pay Plaintiffs Defendants have violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations, specifically 12 N.Y.C.R.R. § 146-1.6 and its predecessor 12 N.Y.C.R.R. § 137-1.7.

62. Plaintiffs are entitled to compensatory and liquidated damages, as well as attorney's fees, costs, and prejudgment interest.

### FOURTH CAUSE OF ACTION
### Wage Notice Violations under NYLL §§ 195 and 198

63. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

64. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring or change in pay that contains *inter alia*, the rate of pay, the regular day on which pay is dispersed, the name of the employer and its contact information, and any allowances taken.

65. Defendants failed to provide the wage notice to Plaintiffs as required by NYLL § 195(1)(a).

66. Plaintiffs are each entitled to recover statutory damages, together with costs and reasonable attorney's fees.

## FIFTH CAUSE OF ACTION
### Wage Statement Violations under NYLL §§ 195 and 198

67. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

68. NYLL§ 195(3) requires an employer furnish to each employee "a statement with every payment of wages," listing *inter alia,* the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof.

69. Defendants failed to provide the wage statements to Plaintiffs as required by NYLL § 195(3).

70. Plaintiffs are each entitled to recover statutory damages, together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the NYLL and the FLSA;

B. Spread of hours pay;

C. Liquidated damages on all NYLL Claims;

D. Liquidated damages on Plaintiff's FLSA claims;

E. Statutory damages for Wage Notice violations pursuant to NYLL § 198;

F. Statutory damages for Wage Statement violations pursuant to NYLL § 198.

8

    G.  Reasonable attorney's fees and costs of the action;

    H.  Prejudgment interest; and

    I.  Such other relief as this Court shall deem just and proper.

Dated:  Glen Cove, New York
       May 11, 2017

                Respectfully submitted,
                MOSER LAW FIRM, P.C.

                By:  Steven J. Moser
                3 School Street, Suite 207 B
                Glen Cove, New York 11542
                (516) 671-1150
                F (516) 882-5420
                smoser@moseremploymentlaw.com
                *Attorneys for Plaintiffs*