

**MOSER LAW FIRM, P.C.**

**Steven J. Moser**
Tel: 516.671.1150 x 9
Direct: 631.759.4054 (voice, text & fax)
smoser@moseremploymentlaw.com

October 15, 2019

Hon. Denis R. Hurley, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Rodriguez et al v. Ridge Pizza Inc. et al*, 16-cv-00254-DRH-AKT
Plaintiffs' Pre-Motion Letter Regarding Rule 56 Motion

Dear Judge Hurley:

Pursuant to the Courts Individual Practice Rules, Plaintiffs file this Pre-Motion Letter setting for the bases for an anticipated motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

## PROCEDURAL BACKGROUND

The Plaintiffs filed a First Amended Complaint on March 22, 2018. (ECF No. 40). Defendants answered on April 12, 2018. (ECF No. 45). Upon information and belief, Mr. Francisco Rodriguez is no longer residing in the United States. I will be separately moving to withdraw from representation of Mr. Rodriguez and request that any motion to dismiss his case be stayed pending a decision on the motion to withdraw.

## PLAINTIFF'S RULE 56 MOTION

Plaintiff Aristides Alfredo Villatoro ("Plaintiff") intends on moving for summary judgment on the following causes of action:

1. Count IV: Wage Notice Violations
2. Count V: Wage Statement Violations.
3. Count III: Spread of Hours Pay
4. Counts I & II: Overtime under the FLSA and the N.Y. Lab. Law. arising out of Defendants' method of computing overtime.

Plaintiff also intends on moving for summary judgment finding that:

1. Dennis D'Onofrio was an employer subject to individual liability (*See* Amen. Compl. & Ans. to Amen. Compl. ¶ 15-18); and



    2.    Philip D'Onofrio was an employer subject to individual liability. (*See* Amen. Compl. & Ans. to Amen. Compl. ¶ 19-22); and

**Wage Notice.** Under N.Y. Lab. Law § 195(1)(a), an employer must "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice" containing information such as the regular payday, regular rate, and overtime rate. Issuing a notice other than in the Plaintiff's primary language constitutes a violation of N.Y. Lab. Law § 195(1)(a). *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 474-75 (S.D.N.Y. 2015)(finding notices deficient "because they were in English only and Plaintiffs' primary language is Spanish.").

The Defendants produced a wage notice which is annexed hereto as Exhibit 1. This document was not signed by, nor was it furnished to, the Plaintiff.[1]

Even assuming, however, that the notice had been signed by and furnished to the Plaintiff, the Plaintiff is entitled to summary judgment on the wage notice issue. The notice correctly indicates that the Plaintiff's primary language is "Spanish." However, the document was not furnished in in Spanish. The document also states that as of October 20, 2014, no Spanish notice was available. This is incorrect. Spanish notices were widely available publicly from the New York State Department of Labor as early as March 2011 (*See* Exhibit 2).

**Wage Statements.** Since April 9, 2011, the NYLL has also required that employers "furnish each employee with a statement with every payment of wages, listing the following" information: (1) the dates of work covered by that payment of wages; (2) the employee's name; (3) the employer's name, address, and telephone number; (4) the rate or rates of pay and basis thereof; (5) gross wages; (6) deductions; (7) allowances, if any, claimed as part of the minimum wage; and (8) net wages. N.Y. Lab. Law § 195(3).

The parties do not dispute the fact that the Plaintiff was never issued a formal wage statement. Defendants claim that although thy did not issue a wage statement, they gave Mr. Villatoro a weekly timecard which contained the information required by statute. Even assuming that the timecards were given to Mr. Villatoro (which they were not), they are likewise deficient. They do not contain the employer's name, address, or telephone number and otherwise to not contain explanations regarding the computations of wages. (*See* Exhibit 3).

**Spread of hours pay.** The Hospitality Industry Wage order requires that when the interval between the beginning and the ending of an employee's workday is greater than 10, the employer must pay one additional hour at the minimum wage. 12 NYCRR 146-1.6. It is undisputed that spread of hours pay was never calculated by the Defendants and none of the pay

---

[1] This fact is disputed by the Defendants.


stubs show that the Plaintiff was paid for spread of hours pay. *See* Exhibit 3 (representative timecard).

**Overtime.** The Defendants do not dispute that there were computational errors in the payment of overtime. For example, according to the pay stub for the pay period ending November 30, 2014, the Plaintiff worked 19 hours and 15 minutes of overtime. Multiplying his overtime rate (13.50) by the overtime hours worked (19 ¼ hours), equals $259.88 in overtime pay. He was paid $258 in overtime. Other weeks show similar computational errors. This is due to the fact that the employer converted minutes to hours incorrectly. For example, if an employee worked four hours and fifty minutes of overtime (4:50), the employer converted the minutes (:50) to a decimal and only paid the employee for one-half hour of overtime.

**Personal Liability.** Dennis D'Onofrio and Philip D'Onofrio are personally liable for NYLL/FLSA violations.

Defendant Dennis D'Onofrio (1) had the power to hire and fire the Plaintiff,[2] (2) determined the method of recording hours worked,[3] (3) computed wages,[4] (4) supervised the Plaintiff,[5] and maintained employment records. Philip D'Onofrio was a manager who also supervised the Plaintiff.[6] He evaluated employee performance, and would talk to employees to "straighten it out, try to bring them back into line."[7] Only he or his brother Dennis D'Onofrio had the authority to fire the Plaintiff.[8] Therefore, they are jointly and severally liable as employers. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

## CONCLUSION

For the foregoing reasons Plaintiff requests a pre-motion conference regarding his anticipated motion for summary judgment.

Respectfully submitted,

Steven J. Moser

---

[2] Def. Response to Pl. Interrog. Nos. 10 & 12
[3] Def. Response to Pl. Interrog. No. 13.
[4] Def. Response to Pl. Interrog. Nos. 14 & 16.
[5] Def. Response to Pl. Interrog. No. 11.
[6] P. D'Onofrio Dep. 17:10-13.
[7] P. D'Onofrio Dep. 17:20-18:12.
[8] P. D'Onofrio Dep. 7:17-20.



**Notice and Acknowledgement of Pay Rate and Payday
Under Section 195.1 of the New York State Labor Law
Notice for Hourly Rate Employees**



### 1. Employer Information

Name:
RIDGE RESTAURANT INC

Doing Business As (DBA) Name(s):
Alfredos

FEIN (optional): ~~[redacted]~~

Physical Address:
1679 MIDDLE COUNTRY
RIDGE, NY 11961

Mailing Address:
1679 MIDDLE COUNTRY
RIDGE, NY 11961

Phone: 631-924-8300

### 2. Notice given:
☒ At hiring
☐ On or before February 1st
   Before a change in pay rate(s),
   allowances claimed or payday

LS 54 (03/11)

### 3. Employee's rate of pay:
$ 9 per hour

### 4. Allowances taken:
☐ None
☐ Tips _____ per hour
☐ Meals _____ per meal
☐ Lodging _____
☐ Other _____

### 5. Regular payday: Wed

### 6. Pay is:
☒ Weekly
☐ Bi-weekly
☐ Other

### 7. Overtime Pay Rate:
$ 13.50 per hour (This must be at least 1½ times the worker's regular rate with few exceptions.)

### 8. Employee Acknowledgement:
On this day I have been notified of my pay rate, overtime rate (if eligible), allowances, and designated pay day on the date given below. told my employer what my primary language

Check one:
☐ I have been given this pay notice in English because it is my primary language.
☒ My primary language is _____. have been given this pay notice in English only because the Department of Labor does not yet offer a pay notice form in my primary language

Alfredo Vigliotta
Print Employee Name

A.V.S.Z.
Employee Signature

10/20/14
Date

Dennis Woulfsen President
Preparer's Name and Title

The employee must receive a signed copy of this form. The employer must keep the original for 6 years.

000010



# Notice and Acknowledgement of Pay Rate and Payday/*Aviso y Acuse de Recibo de Tasa de Pago y Día de Cobro*
## Under Section 195.1 of the New York State Labor Law/*Bajo la Sección 195.1 de La Ley de Trabajo del Estado de Nueva York*
### Notice for Hourly Rate Employees/*Aviso para empleados con tasa de pago por hora*

1. **Employer Information/*Información del Empleador***

    Name/*Nombre*:

    Doing Business As (DBA) name(s)/ *Nombre(s) comercial(es)*:

    FEIN (optional)/ Número de Identificación Federal *(opcional)*:

    Physical Address/*Dirección Física:*

    Mailing Address/*Dirección postal u oficial:*

    Phone/*Teléfono*:

2. **Notice given/*Aviso emitido*:**
    - [ ] At hiring/ En la *contratación*
    - [ ] On or before February 1/*En o antes del 1 de Febrero*
    - [ ] Before a change in pay rate(s), allowances claimed or payday. *Antes de un cambio en tasa de pago, créditos tomados, o día de cobro*

LS 54S (03/11)

3. **Employee's Pay Rate/*Tasa de pago del empleado:***

    $ _____ per hour/*por hora*

4. **Allowances taken/*Créditos tomados:***
    - [ ] None/*ninguno*
    - [ ] Tips/*Propinas* _____ per hour/ *por hora*
    - [ ] Meals/*Comidas* _____ per meal/ *por comida*
    - [ ] Lodging/ *Hospedaje* _____
    - [ ] Other/*Otro* _____

5. **Regular payday/*Día de Cobro Regular*:**

    _____

6. **Pay is/*El pago es*:**
    - [ ] Weekly/ *Semanal*
    - [ ] Bi-weekly/*Quincenal*
    - [ ] Other/*Otro* _____

7. **Overtime Pay Rate/*Tasa de Pago de Horas Extras (más de 40 horas trabajadas en una semana)*:**

    $_____ per hour/*por hora* (This must be at least 1½ times the worker's regular rate, with few exceptions.)/*Con pocas excepciones, esta tasa debe ser por lo menos 1½ veces la tasa de pago regular para el trabajador.*

8. **Employee Acknowledgement/*Acuse de Recibo del Empleado*:** On this day, I received notice of my pay rate, overtime rate if eligible, allowances, and designated payday in English and my primary language. I told my employer that my primary language is **Spanish**. *En esta fecha, se me ha informado de mi tasa de pago, mi tasa de pago de horas extras (si elegible), créditos, y del día de cobro en inglés y en mi lengua materna. Le indiqué al empleador de que mi lengua materna es* **español**.

_____
Print Employee Name/*Escriba el nombre del empleado en letra de imprenta*

_____
Employee Signature/*Firma del Empleado*

_____
Date/*Fecha*

_____
Preparer Name and Title/*Nombre y Título del Preparador de este Documento.*

**The employee must receive a signed copy of this form. The employer must keep the original for 6 years./*El empleado debe recibir una copia firmada, de este documento. El original debe permanecer con el empleador por 6 años.***

EXHIBIT 2



## Time Card 1 — Pay Period Ending 11/16/14

Name: Alfredo Oyotoso

| DATE | DAY | SHIFT | IN | OUT M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|---|---|---|---|---|---|---|---|
| 10 | MO | | 9:58 | 10:06 | 12:08 | 12:08 | |
| 11 | TU | | 10:05 | 10:05 | 12:00 | 24:08 | |
| 13 | TH | | 10:05 | 10:04 | 11:59 | 36:07 | |
| 14 | FR | | 10:00 | 10:21 | 12:21 | 40:00 | 8:2 |
| 15 | SA | | 10:00 | 10:02 | 12:02 | 40:00 | 20:3 |
| 16 | SU | | 10:37 | 10:03 | 11:26 | 40:00 | 31:5 |

Handwritten: 4D x 9, 3x9, 28.8 R.8, 366, 24, 385, 772

Signature: ARistides

## Time Card 2 — Pay Period Ending 11/23/14

Name: Alfredo Oyotoso

| DATE | DAY | SHIFT | IN | OUT M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|---|---|---|---|---|---|---|---|
| 17 | MO | | 10:02 | 10:08 | 12:06 | 12:06 | |
| 18 | TU | | 10:03 | 10:00 | 11:57 | 24:03 | |
| 20 | TH | | 10:13 | 10:12 | 11:59 | 36:02 | |
| 21 | FR | | 10:02 | 10:10 | 12:08 | 40:00 | 8:10 |
| 22 | SA | | 10:16 | 10:09 | 11:53 | 40:00 | 20:03 |
| 23 | SU | | 10:35 | 10:09 | 11:34 | 40:00 | 31:37 |

Handwritten: 40cr 360, 28.8 Regst 8/8 checq tgt

Signature: ARistides

## Time Card 3 — Pay Period Ending 11/30/14

Name: Alfredo Oyotoso

| DATE | DAY | SHIFT | IN | OUT M | HOURS WORKED | ACCUMULATED HOURS | OVERTIME |
|---|---|---|---|---|---|---|---|
| 24 | MO | | 10:02 | 10:00 | 11:58 | 11:58 | |
| 25 | TU | | 10:07 | 10:00 | 11:53 | 23:51 | |
| 28 | FR | | 10:06 | 10:05 | 11:59 | 35:50 | |
| 29 | SA | | 10:00 | 10:03 | 12:03 | 40:00 | 7:53 |
| 30 | SU | | 10:42 | 10:04 | 11:22 | 40:00 | 19:15 |

Handwritten: 40cr 360, 28.8 R, 252, 8/9, 11/15/14 575/9

Signature: ARistides

000012

# EXHIBIT 3