LAW OFFICES
## WICKHAM, BRESSLER & GEASA, P.C.

13015 MAIN ROAD, P.O. BOX 1424
MATTITUCK, LONG ISLAND
NEW YORK  11952

WILLIAM WICKHAM (06-02)

ERIC J. BRESSLER
ABIGAIL A. WICKHAM
JANET GEASA

631-298-8353
TELEFAX. 631-298-8565
ebressler@wbglawyers.com

December 2, 2019

VIA ECF
Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

> Re:  Francisco Rodriguez and Aristides Alfredo Dillatoro v. Ridge Pizza Inc.
> d/b/a Alfredo's Pizzeria, et. al.
> Case No.:  2:16-cv-00254 (DRH)(AKT)

Dear Judge Hurley:

   We are the attorneys for defendants in the above action and write in response to plaintiffs' letter dated November 27, 2019 requesting a conference or, in the alternative, a referral to arbitration, "Letter", in accordance with the Court's Order of even date suspending the briefing schedule previously set pending receipt of a response to the Letter. We object to the request for referral to arbitration for two reasons as set forth below.

   First, this Court, by order dated November 8, 2019, set a briefing schedule for defendants' motion for summary judgment and dismissal. The motion papers were to be served by December 6, 2019. We are in the throes of the preparation of the papers. As such, plaintiff's application, after completion of discovery and on the eve of dispositive motion practice, is untimely at best.

   Second, Local Civil Rule 83.7 (erroneously referenced in the Letter as Rule 87.3) provides for arbitration of cases not initially designated for arbitration. The case was not initially designated for arbitration. Rule 83.7 Section (e)(3) provides, in its entirety, "Cases not originally designated for compulsory arbitration, but which in the discretion of the assigned Judge, are later found to quality, may be referred to arbitration. A U.S. District Judge or a U.S. Magistrate Judge, in cases that exceed the arbitration ceiling of $150,000 exclusive of interests and costs, in their discretion, may suggest that the parties should consider arbitration. If the parties are agreeable, an appropriate consent form signed by all parties or their representatives may be entered and filed in the case prior to scheduling an arbitration hearing." Thus, referral to arbitration is permissive in the Court's discretion. Respectfully, that discretion should not be exercised here.

Plaintiffs urge that he Court should exercise its discretion and refer this matter to arbitration since (1) the amount is under $150,000, and (2) referral would "serve the interests of justice by conserving judicial resources and bringing the case to a close expeditiously". Neither of these reasons standing alone or considered together warrants referral, as described below.

First, the amended complaint is silent as to the quantum of monetary damages. As a result, there is no basis in the pleading for determining the amount in issue. Similarly, plaintiffs counsel assertions in the Letter as to the amount in issues is conclusionary and without any supporting documentation or reasoning. Thus, there is no basis for a determination as to meeting the arbitration threshold.

Second, from the inception of this action plaintiffs have charted their course as a litigation matter. The case was commenced in January, 2016. Almost one and one-half years later and after defendant provided paper discovery response, plaintiffs moved to amend the complaint, which motion was granted (Docket #39). Further paper discovery ensued as a party was added. There then ensued a series of delays by plaintiffs well known to the Court which resulted in a series of amended scheduling orders. Defendants were unable to obtain plaintiffs' depositions and eventually moved for relief (Docket #49). The deposition of plaintiff Dillatoro was taken in September, 2019 at which time plaintiff Rodriguez failed to appear. On October 11, 2019 defendants made application for a pre-motion conference in anticipation of a motion pursuant to Federal Rules of Civil Procedure 37 and 56. At no time during this process did plaintiffs ever request arbitration until the issuance of defendants' motion for relief pursuant to Federal Rules of Civil Procedure 37 and 56.

At this juncture, the plaintiffs' motion is in the midst of preparation, to wit: declarations have been drafted, the Rule 56 Statement has been drafted and the brief is in preparation. Plaintiffs' argument that referral to arbitration will bring this case to a close expeditiously is somewhat disingenuous given plaintiffs continued dilatory tactics, failure to abide by scheduling orders, and failure to appear for deposition. The motion will be resolved equally expeditiously by dispositive motion.

Finally, referral to arbitration will not conserve judicial resources for three reasons. First, defendants requested and obtained leave to move dismiss the complaint as against plaintiff Rodriguez pursuant to Federal Rules of Civil Procedure 37 for failure to appear at his deposition. There is no defense to this motion. Indeed, counsel for plaintiff indicates his desire to withdraw from such representation (Docket #55). Thus, conservation of resources would be served by having such a motion determined and all of Rodriguez's claims dismissed. Second, defendants requested and received leave to make a motion for summary judgment. The grant of such motion would resolve all claims in the case and obviate the need for trial, all conserving resources. Rule 83.7(f) does not provide for such a procedure. Indeed, Rule 83.7(e)(1) specifically provides for motions of the types contemplated in advance of arbitration. Third, arbitration is not binding and a trial de novo is available to a dissatisfied party.

    In summary, plaintiffs' last minute application is nothing more than a last-ditch attempt to avoid the consequences of plaintiffs' Rule 37/59 motion. Plaintiffs' conduct in the case to date constitutes a waiver of any such relief. The shortest and easiest route to resolution is to permit the approved motion practice to move forward.

    Thank you for your consideration of this request.

Very truly yours,

Eric J. Bressler

*EJB/cs*
cc:  Steven J. Moser, Esq. (via ecf)