UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRANCISCO RODRIGUEZ and ARISTIDES      Civil Case No.:  2:16-cv-0254
ALFREDO DILLATORO,      (DRH)(AKT)

        Plaintiffs,      **DEFENDANTS' RULE 56
STATEMENT IN SUPPORT
OF MOTION FOR
SUMMARY JUDGMENT**

   - against -

RIDGE RESTAURANT, INC. d/b/a ALFREDO'S
ALFREDO'S, DENNIS D'ONOFRIO,
and PHILIP D'ONOFRIO,

        Defendants.
-----------------------------------------------------------X

     Defendants Ridge Restaurant, Inc. d/b/a Alfredo's Alfredo's, Dennis D'Onofrio and

Philip D'Onofrio, by their attorneys, Wickham, Bressler & Geasa, P.C., pursuant to Federal

Rules of Civil Procedure 56(c), Local Rule 56.1(a)(D) for the Eastern District of New York, set

forth the actual facts as to which there is no genuine issue to be found and the evidence

supporting same.

     1.      Defendant Ridge Restaurant, Inc. operates a pizzeria restaurant under the name of

Alfredo's Pizzeria, "Alfredo's" (Declaration of Dennis D'Onofrio, Paragraph 1).

     2.      Defendant Dennis D'Onofrio was at all times relevant president of Alfredo's and

was responsible for hiring and firing  plaintiffs Francisco Rodriguez and Aristides Alfredo

Dillatoro (Declaration of Dennis D'Onofrio, Paragraph 2).

     3.      Defendant Philip D'Onofrio was hired by Dennis D'Onofrio to be a manager at

Alfredo's and was acting as such during the time of plaintiffs' employment (Declaration of

Dennis D'Onofrio, Paragraph 3 and Declaration of Philip D'Onofrio, Paragraph 3).

4.     Defendant Philip D'Onofrio did not have the power to hire or fire Alfredo's employees, set hours, pay rates or manage the payroll (Declaration of Dennis D'Donofrio, Paragraph 3 and Declaration of Philip D'Onofrio, Paragraph 3).

5.     Plaintiff Aristides Alfredo Dillatoro was hired by Dennis D'Onofrio to work at Alfredo's in October, 2014 as a prep worker (Declaration of Dennis D'Onofrio, Paragraph 2).

6.     Plaintiff Aristides Alfredo Dillatoro employment ended in April 2015 (Declaration of Dennis D'Onofrio, Paragraph 2).

7.     Plaintiff Aristides Alfredo Dillatoro was hired at an hourly wage of $9.00 per hour (Declaration of Dennis D'Onofrio, Paragraph 2).

8.     Plaintiff Aristides Alfredo Dillatoro at the time of hiring received from Dennis D'Onofrio a disclosure statement setting forth his hourly wage and the corresponding overtime rate and signed same (Declaration of Dennis D'Onofrio, Paragraph 2, Exhibit A thereto).

9.     Plaintiff Francisco Rodriguez was hired by Dennis D'Onofrio to work at Alfredo's in October 2014 as a prep worker (Declaration of Dennis D'Onofrio, Paragraph 2).

10.     Plaintiff Francisco Rodriguez's employment ended in March, 2015 (Declaration of Dennis D'Onofrio, Paragraph 2).

11.     Plaintiff Francisco Rodriguez was hired at an hourly wage of $8.00 per hour which was subsequently raised to $8.75 per hour in January, 2015 (Declaration of Dennis D'Onofrio, Paragraph 2).

12.     Plaintiff Francisco Rodriguez at the time of hiring and in January, 2015 received from Dennis D'Onofrio a disclosure setting forth his hourly wage and the corresponding overtime rate and signed same (Declaration of Dennis D'Onofrio, Paragraph 2, Exhibit C thereto).

13. Plaintiffs and other non-managerial employees of Alfredo's were required to, and in fact, did clock in and out of work at the beginning and end of each work day by utilizing a time clock and time cards (Affidavit of Dennis D'Onofrio, Paragraph 5, Deposition of Alfredo Dillatoro, page 14 line 11 – page 15 line 5).

14. At the end of each work week Dennis D'Onofrio would examine the time cards and compute the amount due to plaintiffs based upon the hours worked and the appropriate hourly straight and overtime rates and note same on timecards (Declaration of Dennis D'Onofrio, Paragraph 5).

15. When the amount of weekly pay for each plaintiff was calculated such pay and the marked timecard and would be placed in an envelope and given to plaintiffs. Each plaintiff would receive the funds and sign and return the time card. The timecards for plaintiffs, Exhibit D and E to Declaration of Dennis D'Onofrio, accordingly reflect the time worked and corresponding pa due to plaintiffs, subject to paragraph 19 hereof. (Declaration of Dennis D'Onofrio, Paragraph 5 and Exhibits D and E thereto), (Deposition of Alfredo Dillatoro , page 21 line 8 and page 38 line 29).

16. Plaintiffs did not make complaint concerning their hours or compensation (Declaration of Philip D'Onofrio, Paragraph 4, Deposition of Plaintiff Dillatoro Page 53 line 17 –page 33 line 20).

17. Plaintiffs and other similarly situated employees were afforded during the work day a total of one hour for lunches and breaks and, in fact, took same (Declaration of Dennis D'Onofrio, Paragraph 4 and Declaration of Philip D'Onofrio, Paragraph 4).

18.     Plaintiffs were paid for their hour of non-work in satisfaction of the spread of hours requirement under New York State Law for work days in excess of 10 hours (Declaration of Dennis D'Onofrio, Paragraph 4).

19.     Plaintiffs were paid for spread of hours at overtime rates, except as noted on the timecards (Declaration of Dennis D'Onofrio, Paragraph 5, Exhibit D, E, and F thereto).

20.     The timecards for plaintiffs list hours and minutes worked for a week in decimal form utilizing the correct number of whole hours but converting the minutes to hundredths of an hour rather than whole hours and whole minutes and compensation due was computed therein (Declaration of Dennis D'Onofrio, Paragraph 6, Exhibit F thereto).

21.     When compensation is determined based upon whole hours and whole minutes and spread of hours is recomputed utilizing straight time pay rather than overtime pay, plaintiffs were overpaid, rather than underpaid (Declaration of Dennis D'Onofrio Paragraph 6, Exhibit F thereto).

22.     The Magistrate Judge issued the following Scheduling Orders:

    (a)     Scheduling Order dated January 13, 2017 (Docket #23)

    (b)     Scheduling Order dated April 12, 2019 (Docket #48)

    (c)     Amended Scheduling Order dated May 30, 2019 (Docket #52)

    (d)     Order granting DE [53] Motion for Extension of Time to Complete Discovery entered and filed on August 7, 2019 (Docket #54).

23.     The May 30, 2019 order was as a result of a letter motion by defendants for sanctions by reason of plaintiffs failure to comply with Docket #48 (Declaration of Eric J. Bressler, Paragraph 5).

24.     The Magistrate Judge issued the Scheduling Order of August 7, 2019 in response to the request for enlargement and provided for close of discovery on September 20, 2019, four days after the scheduled deposition of plaintiffs (Declaration of Eric J. Bressler, Paragraph 8, Motion Order dated August 7, 2019).

26.     Plaintiff Rodriguez failed to appear for his deposition on September 16, 2019 (Declaration of Eric J. Bressler, Paragraph 7 and Exhibit F thereto).


Dated: December 10, 2019
       Mattituck, New York

                              WICKHAM, BRESSLER & GEASA, P.C.


                              By:_____
                                    Eric J. Bressler, Esq.
                              Attorneys for Plaintiff
                              13015 Main Road, P.O. Box 1424
                              Mattituck, New York 11952
                              (631) 298-8353