UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANCISCO RODRIGUEZ and ARISTIDES      Civil Case No.: 2:16-cv-00254
ALFREDO DILLATORO,     (DRH)(AKT)

               Plaintiffs,

- against -

RIDGE PIZZA INC. d/b/a ALFREDO'S PIZZERIA,
DENNIS DONOFRIO, and VELIA DONOFRIO,

               Defendants.
------------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN
# SUPPORT OF MOTION TO DISMISS/SUMMARY JUDGMENT

WICKHAM, BRESSLER & GEASA, P.C.
Attorneys for Defendants
13015 Main Road, P.O. Box 1424
Mattituck, New York 11952
(631) 298-8353

# TABLE OF CONTENTS

                                                                                    Page

TABLE OF AUTHORITIES................................................................iii

STATEMENT OF THE CASE..............................................................1

PROCEDURAL HISTORY..................................................................1

STATEMENT OF FACTS...................................................................3

THE APPLICABLE STANDARD..........................................................5

ARGUMENT......................................................................................5

POINT I
SINCE PLAINTIFF RODRIGUEZ FAILED TO APPEAR FOR HIS
DEPOSITION AND DISCOVERY CONCLUDED, DISMISSAL IS
APPROPRIATE UNDER FEDERAL RULES OF CIVIL PROCEDURE
37......................................................................................................5

POINT II
SINCE PLAINTIFFS WERE PAID AT OVERTIME RATES
FOR ALL HOURS WORKED IN EXCESS OF 40 HOURS
PER WEEK THE MOTION FOR SUMMARY JUDGMENT
SHOULD BE GRANTED....................................................................7

POINT III
SINCE DEFENDANTS PAID PLAINTIFFS SPREAD OF HOURS PAY,
THE MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED.................7

POINT IV
SINCE ALFREDO'S TIMELY PAID ALL WAGES TO PLAINTIFFS
UNDER THE NEW YORK STATE LABOR LAW, NO RECOVER UNDER
NEW YORK STATE LABOR LAW §198 (1-b), (1-d) MAY BE HAD ................8

POINT V
SINCE PHILIP D'ONOFRIO WAS NOT AN EMPLOYER WITHIN
THE MEANING OF FLSA AND NYLL THE MOTION FOR
SUMMARY JUDGMENT SHOULD BE GRANTED...........................................9

POINT VI
LIQUIDATED DAMAGES UNDER FLSA AND NYSLL ARE
NOT PROPERLY CUMULATED OR "STACKED"............................................9

POINT VII
PLAINTIFF'S ACTUAL HOURLY WAGE RATE HAS
BEEN ESTABLISHED AND SHOULD NOT BE RECALCULATED.....................10

POINT VIII
PLAINTIFFS' WORKING EMPLOYMENT BEGAN
IN OCTOBER, 2014 AND ENDED IN MARCH, 2015......................................11

CONCLUSION.................................................................................................12

# TABLE OF AUTHORITIES

Page

Cases:

F.D.I.C. v. Great America Insurance Co., 607 F.3d 288, 292 (2d Cir., 2010................5

Jeong Woo Kim v. 511 E. 5th Street, LLC, 133 F.Supp.3d 654, 665 (SDNY, 2015).......9

Litton Systems, Inc. v. American Tel. and Tel. Co., 91 F.R.D. 574, 576 (SDNY, 1981)....................................................................................................6

McCarthy v. Division of Broadstreet Corp., 482 F.3d 184, 202 (2d Cir., 2007)...........5

Rana v. Islam, 887 F.3d 118, 122 (2d Cir., 2018)...........................................10

U.S. Dept. of Labor v. Cole Enterprises, Inc., 62 F.3d 775, 778 (6th Cir., 1995)..........9

Statutes:

29 U.S.C. Section 203(d)..................................................................9

29 U.S.C. Section 206, 207...............................................................10

Federal Fair Labor Standards Act.................................................1, 2, 7, 9, 10

New York State Labor Law Section 193 (1).................................................8

New York State Labor Law Section 195 (1).................................................8

New York State Labor Law Article 19 or 19 A.............................................8

New York State Labor Law Section 190....................................................9

New York State Labor Law Section 198 (1-b) and (1-d)....................................8

New York State Labor Law Section 652...................................................10

New York State Labor Law.....................................................1, 2, 7, 8, 9, 10

Federal Rules of Civil Procedure Rule 37..................................................2, 5

Federal Rules of Civil Procedure Rule 56..................................................2, 5

Federal Rules of Civil Procedure 37 (b)(2), (d)(i)..........................................6

Regulations

29 CFR Section 778.109……………………………………………………………..10

12 NYCRR Section 146-1.4…………………………………………………………10

12 NYCRR Section 146-1.6………………………………………………………8, 10

# STATEMENT OF THE CASE

## PROCEDURAL HISTORY

Plaintiffs Francisco Rodriguez, "Rodriguez", and Aristides Alfredo Dillatoro, "Dillatoro", are former employees of Ridge Restaurant, Inc. d/b/a Alfredo's Pizzeria, "Alfredo's", defendant, which operates a pizzeria known as Alfredo's Pizzeria in Ridge, New York. Plaintiffs brought this action seeking damages under the Federal Fair Labor Standards Act, "FLSA", and the New York State Labor Law, "NYSLL". The complaint (Docket #1) asserts five causes of action, to wit: overtime claim under FLSA, overtime claim under NYSLL, spread of hours claim under NYSLL, wage violation claim under NYSLL, and wage statement violation claim under New York State Labor Law. Defendants appeared and answered (Docket #18). Paper discovery therefore ensued. Plaintiffs then moved to amend the complaint (Docket #35). Defendants opposed the motion (Docket #36). Magistrate Judge A. Kathleen Tomlinson granted the motion (Docket #39) and an amended complaint was filed (Docket #40). Further paper discovery was conducted as to the new allegations in the amended complaint and the new defendant, Philip D'Onofrio, added. During the course of discovery the Magistrate Judge issued four scheduling orders due to plaintiffs' dilatory tactics (Docket #'s 23, 48, 52 and minute order of August 7, 2019). Due to the inability to obtain depositions and conclude discovery, defendants moved for relief under Federal Rules of Civil Procedure 37 (Docket #49). The Magistrate Judge issued a further scheduling order in an attempt to resolve the problem (Docket #52). Thereafter, defendants again were compelled to request an extension since depositions were not conducted (Docket 53). The Magistrate Judge issued a minute order dated August 7, 2019 extending the discovery period to September 20, 2019. Depositions were scheduled for September 16, 2019, four days before the close of the discovery period. Plaintiff Rodriguez

1

failed to appear for depositions and plaintiffs' counsel advised that the plaintiff had left the country with no known plans for return.

Defendants now move for dismissal as against plaintiff Rodriguez pursuant to Federal Rules of Civil Procedure 37 and summary judgment pursuant to Federal Rules of Civil Procedure 56, as follows:

(a) dismissing the complaint as against plaintiff Rodriguez for failure to attend his deposition;

(b) determining that liquidated damages under plaintiffs' Claim under FLSA and under plaintiffs' Claim under NYSLL relating to overtime violations cannot be simultaneously recovered or "stacked" with respect overtime violations;

(c) determining that plaintiff Dillatoro's hourly wage from the time of his employment on October 20, 2014 was $9.00 per hour until termination of his employment and plaintiff Rodriguez's hourly wage from the time of employment on October 20, 2014 was $8.00 per hour until January, 2015 and $8.75 per hour thereafter until termination of his employment;

(d) determining that plaintiff Dillatoro's first day of working employment with defendant Alfredo's was on October 20, 2014 and that plaintiff Dillatoro's last day of employment with defendant Alfredo's was on April 1, 2015 and that that plaintiff Rodriguez's first day of working employment with defendant Alfredo's was on October 27, 2014 and that plaintiff Rodriguez's last day of employment with defendant Alfredo's was on March 15, 2015;

(e) granting summary judgment to defendants and dismissing the complaint since plaintiffs received all the overtime pay to which they were entitled;

(f) granting summary judgment to defendants and dismissing the complaint since plaintiffs received all of the spread of hours pay which they were entitled;

(g) granting summary judgment to defendants and dismissing the complaint since wage/notice and wage statement claims are not cognizable where all wages were paid.

(h) granting summary judgment dismissing the action against defendant Philip D'Onofrio since he was not an "employee".

(i) granting such other and further relief as is just and proper.

For the reasons set forth herein, the accompanying declarations of Dennis D'Onofrio and Philip D'Onofrio, the accompanying Rule 56.1 statement, and the accompanying declaration of Eric J. Bressler, the motion should be granted in its entirety.

STATEMENT OF FACTS

Plaintiff Rodriguez was employed by Alfredo's on October 27, 2014 as a prep worker and his employment terminated on March 15, 2015 and plaintiff Dillatoro was employed by Alfredo's on October 20, 2014 as a prep worker and his employment terminated on April 1, 2015. The decision to hire plaintiffs was made by defendant Dennis D'Onofrio, as was the decision to terminate employment. Only Dennis D'Onofrio, as president of Alfredo's, had such power and the power and authority to set wages and manage payment thereof. Defendant Philip D'Onofrio was employed at Alfredo's as a manager without the power reserved to Dennis

D'Onofrio. Plaintiff Rodriguez was paid at the hourly rate of $8.00 per hour and was paid at the rate of $12.00 for overtime hours. Plaintiff Dillatoro was paid at the hourly rate $9.00 per hour and was paid at the rate of $13.50 for overtime hours. Both plaintiff Rodriguez and Dillatoro were provided with disclosures of such wages at the time of their hiring and they both executed same.

In January, 2015 plaintiff Rodriguez's pay was increased to $8.75 per hour and time and one-half for overtime and his time records reflect such a change. The change was memorialized by a signed disclosure on January 1, 2015. Plaintiff Rodriguez and Plaintiff Dillatoro never complained during their employment that they were not receiving proper overtime pay. Plaintiff Rodriguez's employment was terminated on March 15, 2015 and Plaintiff Dillatoro's employment was terminated on April 1, 2015. Plaintiffs time at work was recorded each day by means of a time clock and punched timecard, "Timecard", maintained on a weekly basis. The Timecards reflected the start of the work day and the end of the work day. Each week the number of hours worked was totaled at the appropriate straight time and overtime rates applied thereto and a total amount calculated. This information was entered on the Timecard. Thereafter, the Timecard was placed in an envelope together with the pay earned and presented to each plaintiff. Each plaintiff then signed for the Timecard and received his pay. The Timecards reflect an extra hour for spread of hours pay. The Timecards reflect a computation utilizing hours and hundredths of hours rather than hours and minutes. The Timecards also reflected spread of hours pay generally at overtime rates. Plaintiffs were entitled and required to take one hour of time off during the day consisting of short breaks and a lunch period. Plaintiffs took such breaks. When both of these factors are recomputed and pay corrected, plaintiffs received on a weekly basis more than what they were entitled to.

## THE APPLICABLE STANDARDS

Two standards are applicable in determining this motion, to wit: the applicable standard under Federal Rules and Civil Procedure 37 and the applicable standard under Federal Rules and Civil Procedure 56. Each standard is set forth, infra. A motion for summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. Rule 56(a). Facts are "material" when, under applicable law, they affect the resolution of the matter in issue. An issue of fact is "genuine" when a reasonable jury could return a verdict against the moving party. McCarthy v. Division of Broadstreet Corp., 482 F.3d 184, 202 (2d Cir., 2007). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. F.D.I.C. v. Great America Insurance Co., 607 F.3d 288, 292 (2d Cir., 2010). When the moving party meets that burden, the non-moving party must then present specific evidence demonstrating the existence of a genuine issue of material fact. F.D.I.C., supra., 292. As set forth, infra, defendants have met their burden and plaintiffs cannot meet their resulting burden.

## ARGUMENT

### POINT I

### SINCE PLAINTIFF RODRIGUEZ FAILED TO APPEAR FOR HIS DEPOSITION AND DISCOVERY CONCLUDED, DISMISSAL IS APPROPRIATE UNDER FEDERAL RULES OF CIVIL PROCEDURE 37

Defendants submit that Plaintiff Rodriguez's failure to appear for depositions warrants the severest sanctions under Federal Rules of Civil Procedure 37. As a result, the motion to dismiss should be granted.

Federal Rules of Civil Procedure 37 provides for sanctions for failure to provide discovery, including appearance at deposition, and failure to comply with Court orders. These

sanctions include, inter alia, dismissal of claims. Federal Rules of Civil Procedure 37(b)(2), (d)(i).

In the instant case dismissal is warranted. After lengthy delays by plaintiffs, the depositions of plaintiffs were definitively scheduled for September 16, 2019, four days before close of discovery. At that time, plaintiff Rodriguez failed to appear for his deposition. Counsel advised that he had left the country and that his plans were unknown. This behavior prejudiced defendants and denied them of valuable discovery. Indeed, plaintiffs' counsel was so distressed that he advised that he would seek to be relieved. Under these circumstances dismissal is warranted.

The factors to be weighed by the Court in determining sanctions are as follows: (1) prejudice, (2) importance of the information sought, (3) the defaulting party's record of cooperation, (4) whether the information sought was ultimately provided, and (5) public policy consideration. Litton Systems, Inc. v. American Tel. and Tel Co., 91 F.R.D. 574, 576 (SDNY, 1981). Application of these facts to the instant case compels the conclusion that dismissal is warranted. Defendants were severely prejudiced by the absence of the availability of deposition. There is no possibility of obtaining a deposition since plaintiff Rodriguez has left the country and has no plans to return. Public policy requires the severest sanctions for litigants (equally plaintiffs) who brazenly fail and refuse to appear for depositions. Thus, the motion to dismiss should be granted.

## POINT II

### SINCE PLAINTIFFS WERE PAID AT OVERTIME RATES FOR ALL HOURS WORKED IN EXCESS OF 40 HOURS PER WEEK THE MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

Defendants submit that all overtime wages payable to plaintiffs were duly paid. As a result, the motion for summary judgment as to both FLSA and NYLL overtime claims should be granted.

The signed Timecards, reflecting plaintiffs' working hours and pay with respect thereto are not in dispute. These Timecards demonstrate that all overtime pay (and then some) was properly paid. Specifically, the Timecards show payment of straight time generally for the first 40 hours of each work week. All hours over 40 hours for each week were paid at the proper overtime rates. Although the overtime hours were computed using whole hours and hundredths of an hour for actual minutes, rather than the actual number of minutes, this discrepancy is more than offset by the overpayment of spread of hours pay at overtime rather than straight time rates, as required by statutes. Indeed, for each week both plaintiffs were overpaid by amounts of approximately $20.00. This amount reflects an overpayment of spread of hours by 3 hours ($27 – $24) and a reduction of several dollars for the decimal error. Thus, the motion for summary judgment should be granted.

## POINT III

### SINCE DEFENDANTS PAID PLAINTIFFS SPREAD OF HOURS PAY, THE MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

Defendants submit that the documentary and testimonial evidence reflects full payment of spread of hours pay. As a result, the motion for summary judgment should be granted.

Under NYLL and the regulations thereunder, restaurant employees are entitled to spread of hours pay for workdays in excess of 10 hours consisting of one (1) hour of straight time. 12 NYCRR 146-1.6. Plaintiffs received such pay.

The Timecards reflect that plaintiffs were compensated at straight time and, indeed, overtime, in most instances (although not required) for every hour from punch-in to punch-out During the work day plaintiffs were required to and, in fact, did take one hour for lunch and breaks. No deduction was made for the hour. Thus, plaintiffs received full spread of hours pay. As a result, the motion for summary judgment should be granted.

### POINT IV

### SINCE ALFREDO'S TIMELY PAID ALL WAGES TO PLAINTIFFS UNDER THE NEW YORK STATE LABOR LAW, NO RECOVERY UNDER NEW YORK STATE LABOR LAW §198 (1-b), (1-d) MAY BE HAD

Defendants submit that since Alfredo's made timely payments of all amounts due as wages under the New York Labor Law, no claim for damages under New York Labor law §198 (1-b) and (1-d) will lie. Accordingly, these claims should be dismissed.

Plaintiffs are seeking recovery of damages under New York State Labor Law §198 (1-b) and (1-d) by reason of alleged failure to provide the statements required by New York Labor Law §195(1), wage notices under the fourth cause of action, and §195(3), wage statements under the fifth cause of action. However, both of these claims cannot survive the showing by Alfredos that it made "……complete and timely payment of all wages due pursuant to [Article 6 of the Labor Law] or Article 19 or 19A of the Labor Law. (Minimum wage claims which are not relevant here). New York Labor Law §198(1-b) and §198(1-d).

As demonstrated in Points II and III, supra, all wages were completely and timely paid by Alfredo's to plaintiffs. As a result, the fourth and fifth causes of action should be dismissed.

## POINT V

### SINCE PHILIP D'ONOFRIO WAS NOT AN EMPLOYER WITHIN THE MEANING OF FLSA AND NYLL THE MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

Defendants submit that Philip D'Onofrio was not an employer of plaintiffs within the meaning of the FLSA and NYL. As a result, the motion for summary judgment should be granted as to him.

Liability under FLSA and NYLL may be imposed upon not only the actual employer but also upon those individuals who are deemed to be employers by virtue of their positions and actions, 29 USC Section 203(d). NYLL Section 190. In order to impose such liability on an individual, the individual must be involved in and possess authority with respect to the incidents of employment, e.g., hiring and firing, wage determination, payment of wages. Jeong Woo Kim v. 511 E. 5th Street, LLC, 133 F.Supp.3d 654, 665 (SDNY, 2015), U.S. Dept. of Labor v. Cole Enterprises, Inc., 62 F.3d 775, 778 (6th Cir, 1995). In the instant case Philip D'Onofrio did not have the necessary incidents of authority in order to have liability imposed upon him as an employer. Specifically, he did not have the power to hire or fire. He did not set wages. He did not have responsibility for computation or payment of wages. He was not a shareholder or officer of Alfredo's. Under these circumstances, no individual liability may attach to Philip D'Onofrio and the motion for summary judgment should be granted as to him.

## POINT VI

### LIQUIDATED DAMAGES UNDER FLSA AND NYSLL ARE NOT PROPERLY CUMULATED OR "STACKED"

Defendants submit that plaintiffs' claims for liquidated damages with respect to overtime claims under the FLSA and NYSLL may only be awarded once for overtime claims and cannot

be cumulated or "stacked". As a result, plaintiffs' claims for liquidated damages with respect to overtime should be limited to only one recovery for each type of alleged violation.

Liquidated damage claims under FLSA and NYSLL may not be "stacked", Rana v. Islam, 887 F3d 118, 122 (2ᵈ Cir., 2018). Thus, plaintiffs' claims for liquidated damages may be granted under one statute.

### POINT VII

### PLAINTIFFS' ACTUAL HOURLY WAGE RATE HAS BEEN ESTABLISHED AND SHOULD NOT BE RECALCULATED

Defendants submit that plaintiffs' actual hourly wage rates during their employment have been established by the documentary and testimonial evidence. As a result, these rates and not a recalculated regular rate should be utilized in determining the remaining questions of liability and damages.

Under FLSA and NYSLL plaintiffs are entitled to be paid at an hourly rate at least equal to the minimum wage for all hours worked up to 40 and at one and one-half times the "regular" or hourly rate for hours worked thereafter. 29 U.S.C. §206, 207, NYSLL §652 and regulations thereunder 12 NYCRR §146-1.4. The basis for determination of minimum wage and overtime claims is a plaintiff's actual hourly rate. Where, as here, plaintiffs are paid at a stated hourly rate the computation is simple. The hourly rate is compared to the minimum wage and one and one-half times the minimum wage. Where, however, a plaintiff is paid on a basis other than hourly, such as weekly or monthly, a computation of that plaintiffs' "regular" or actual hourly rate must be made. This rate is found by applying the formula set forth in 29 CFR §778.109. That formula yields the applicable regular rate by dividing the total weekly pay by the total number of hours worked. The use of this formula is inappropriate in this case.

Plaintiffs were paid throughout their employment at stated hourly rates. This rate was $9.00 per hour for plaintiff Dillatoro from and after inception. The overtime rate for such period was $13.50 per hour. The hourly rate for Plaintiff Rodriguez was $8.00 per hour from and after inception and until January 1, 2015 and $8.75 per hour thereafter. The overtime rates for such periods were $12.00 and $13.13 per hour, respectively. That plaintiffs were paid in such a manner is established by the signed initial wage and subsequent disclosures at such rates and signed weekly timecards. Plaintiffs' amended complaint is entirely devoid of any allegations as to plaintiffs agreed upon wage. Thus, there is no genuine issue of material fact as to plaintiffs hourly rate to wit: $9.00 per hours for plaintiff Dillatoro and $8.00 per hour for plaintiff Rodriguez until January 2, 2015, and $8.75 per hour thereafter.

POINT VIII

PLAINTIFFS' WORKING EMPLOYMENT
BEGAN IN OCTOBER, 2014
AND ENDED IN MARCH, 2015

Defendants submit that the documentary and testimonial evidence establishes that the measure of plaintiff Rodriguez's working employment is the period commencing on October 27, 2014, and terminating on March 15, 2015, and plaintiff Dillatoro's working employment is the period commencing on October 20, 2014 and terminating on April 1, 2015. As a result, these periods should be utilized in determining any questions of liability and damages.

The employment records of Alfredo's consisting of the Timecards establish plaintiff Rodriguez's dates of hire and the date of termination as set forth above.

The employment records of Alfredo's consisting of the Timecards establish plaintiff Dillatoro's date of hire and the date of termination as set forth above.

11

## CONCLUSION

Defendants have demonstrated through documentary and testimonial evidence that plaintiffs received their proper overtime wages and then some. Under the circumstances no claim under FLSA or NYLL for overtime will lie. The same evidence demonstrates that spread of hours was properly paid and that wage disclosure statement and wage statement claims are not cognizable. Defendants have further demonstrated that Philip D'Onofrio is not an employer under FLSA and NYLL. Accordingly, the motion for summary judgment should be granted.

Defendants have documented that plaintiff Rodriguez defaulted on his discovery obligation by failing to appear for deposition. Dismissal is the appropriate sanction. Accordingly, the motion to dismiss should be granted.

Dated: December 10, 2019
      Mattituck, New York

                              Respectfully submitted,
                              Wickham, Bressler & Geasa, P.C.

                              _____
                              Eric J. Bressler