UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRANCISCO RODRIGUEZ and ARISTIDES　　　　　Civil Case No.: 2:16-cv-0254
ALFREDO DILLATORO,　　　　　　　　　　　　　(DRH)(AKT)

　　　　　　　　　　Plaintiffs,　　　　**DECLARATION OF ERIC J. BRESSLER
　　　　　　　　　　　　　　　　　　　　IN SUPPORT OF MOTION TO DISMISS
- against -　　　　　　　　　　　　　　　PURSUANT TO FRCP 37
　　　　　　　　　　　　　　　　　　　　AND FOR SUMMARY JUDGMENT
　　　　　　　　　　　　　　　　　　　　<u>PURSUANT TO FRCP 56</u>**

RIDGE RESTAURANT, INC. d/b/a ALFREDO'S
PIZZERIA, DENNIS D'ONOFRIO,
and PHILIP D'ONOFRIO,

　　　　　　　　　　Defendants.
-----------------------------------------------------------X

　　　　I, Eric J. Bressler, hereby state and declare:

　　　　1.　　　I am a member of Wickham, Bressler & Geasa, P.C., attorneys for defendants and make this declaration in support of defendants' motion seeking (a) dismissal as against plaintiff Francisco Rodriguez pursuant to Federal Rules of Civil Procedure 37, (b) summary judgment as against plaintiff Aristides Alfredo Dillatoro and in the event relief pursuant to Rule 37 is not granted, then also against plaintiff Rodriguez. I am responsible for the defense of this action and have knowledge of the facts as set for herein by reason thereof.

PROCEDURAL HISTORY

　　　　2.　　　This action as commenced by filing and service of a complaint (Docket #1). Defendants opposed and answered by denying the material allegations thereof (Docket #8). Plaintiff thereafter moved to amend the complaint, which motion was granted (Docket #39). An amended complaint was thereafter filed (Docket #40). An amended answer was filed (Docket

#45). Copies of the amended complaint and amended answer are annexed hereto and incorporated herein as Exhibits A and B.

3. Paper discovery was conducted both before and after the complaint was amended. Depositions of the parties except plaintiff Rodriguez were held on September 16, 2019. Defendants now move for dismissal as to plaintiff Rodriguez and summary judgment.

## RELIEF PURSUANT TO RULE 37

4. The facts which warrant relief against plaintiff Rodriquez under Rule 37 are set forth, infra, in detail. These facts are not disputed.

5. This application for relief pursuant to Rule 37 is the combination of a long series of delaying tactics by plaintiff, including failure to comply with multiple Scheduling Orders as set forth, infra. The ultimate action giving use to this application is the failure and refusal of plaintiff Rodriguez to appear for his deposition of September 16, 2019.

6. The Magistrate Judge issued a series of Scheduling Orders as follows:

    (a) Scheduling Order dated January 13, 2017 (Docket #23)

    (b) Scheduling Order dated April 12, 2019 (Docket #48)

    (c) Amended Scheduling Order dated May 30, 2019 (Docket #52)

    (d) Order granting DE [53] Motion for Extension of Time to Complete Discovery entered and filed on August 7, 2019 (Minute Order).

Copies of the Scheduling Orders are annexed hereto and incorporated herein as Exhibit C.

7. Plaintiffs failed to comply with these orders until the Order of August 7, 2019 in that discovery was not provided.

8. On April 1, 2019 defendants made application under Rule 37 to compel plaintiffs to appear for deposition. In response, the Magistrate Judge issued the scheduling order dated May 30, 2019 (Docket #52).

9. Deposition of the plaintiff was set for September 16, 2019 pursuant to the last Scheduling Order. At that time plaintiff Rodriguez failed to appear. Plaintiff's counsel advised as to his belief that plaintiff Rodriguez had left the Country. Plaintiff's counsel further advised that he would be moving to be relieved (see paragraph 15, infra) and later so advised the Court (Docket #55).

10. Discovery was closed on September 20, 2019 by virtue of the last Scheduling Order. Defendants have been prejudiced by plaintiff Rodriguez's non-appearance. There is no justification for such non-appearance. Dismissal is the appropriate remedy for such conduct.

RELIEF PURSUANT OT RULE 56

11. As set forth in the affidavits of Dennis D'Onofrio and Philip D'Onofrio, plaintiffs recorded the time at which they arrived at work at Ridge Restaurant, Inc., "Afredo's" and the time they departed work by means of a time clock and time cards, "Time Cards". Copies of such Time Cards are annexed to the affidavit of Dennis D'Onofrio.

12. In order to assist the Court the information on the Tim Cards has been organized on a spreadsheet and analyzed, "Spreadsheet". A copy of this Spreadsheet is annexed hereto and incorporated herein as Exhibit D.

13. The columns in the Spreadsheet are described as follows:
    (a) Column B – Work week ending
    (b) Column C – Days worked
    (c) Column D – Original straight hours
    (d) Column E – Original overtime hours
    (e) Column F – Original straight pay
    (f) Column G – Original overtime pay

  (g) Column H – Original total straight and overtime pay
  (h) Column I – Adjusted straight hours
  (i) Column J – Adjusted overtime hours
  (j) Column K – Adjusted straight pay
  (k) Column L – Adjusted overtime pay
  (l) Column M – Adjusted total straight and overtime pay
  (m) Column N – Adjusted straight hours to include lunch hours
  (n) Column O – Adjusted overtime hours to exclude lunch hours
  (o) Column P – Adjusted straight pay
  (p) Column Q – Adjusted overtime pay
  (q) Column R – Adjusted total straight and overtime pay

14. A description of the spreadsheet is as follows:

(a) Columns B-H, reflect information off of the time cards.
  (i) Column B, description of the work week schedule.
  (ii) Column C, "Days Worked", shows the number of days worked each week.
  (iii) Column D, "Original Straight", shows the total number of Straight Hours logged on the time cards for each week.
  (iv) Column E, "Original Overtime" shows the amount of overtime logged in the time card that was incorrectly converted from hour and minute format into decimal format.
  (v) Column F, "Original Paid Straight", shows the original amount paid to employee for straight hours worked weekly.
  (vi) Column G, "Original Paid Overtime", shows the original amount paid to employee for overtime hours worked weekly.
  (vii) Column H, "Original Paid Total", shows the original total amount paid to employee weekly for straight and overtime hours worked.

(b) Columns I – M recalculate all totals correctly converting hours worked in hour/minute format into decimal format.
  (i) Column I, "Adjusted Straight", shows the Straight hours worked --- these were not affected in the decimal conversion as every week over 40 hours were worked and the employees were paid 40 straight hours with no extra minutes, with the exception of the week ending April 5th for Alfredo Villatoro.
  (ii) Column J, "Adjusted Overtime", is the correct decimal conversion from hour, minute format of the overtime hours worked per week.
  (iii) Column K, "Adjusted Paid Straight", shows the amount that should be paid to employee for straight hours worked weekly --- these were not affected with adjusted overtime calculation.

    (iv)    Column L, "Adjusted Paid Overtime" shows the amount that should be paid to employee for overtime hours worked weekly based on correct decimal conversion.

    (v)    Column M, Adjusted Total", shows the total amount that should have been paid to employee weekly for straight and overtime hours worked.

(c)    Columns N through R use the correct decimal conversion and then reallocate 1 hour per day worked from overtime into straight hours pay rate. This shift is so that breaks are being paid at the straight rate, rather than overtime.

    (i)    Column N, "Adj. Straight – Lunch as Straight", shows the amount of hours assigned to straight payment per week. This includes 40 hours of work and one hour per day for lunch.

    (ii)    Column O, "Adj. Overtime – Lunch as Straight", shows the recalculated amount of hours worked that are classified as overtime. This is the original amount of overtime hours minus one hour each day for lunch.

    (iii)    Column P, "Adj. Lunch as straight, Paid Straight", shows the amount the employee should have been paid at a straight rate, adding one hour per day for lunch from the original total.

    (iv)    Column Q, "Adj. Lunch as Straight, Paid Overtime", shows the amount the employee should have been paid at an overtime rate, subtracting one hour per day for lunch from the original total.

    (v)    Column R, "Paying Lunch as Straight, Paid Total", is the total amount employee should have been paid with the former two numbers.

15.    As can be seen in the Spreadsheet, for each week, taking into account the proper rate for breaks and properly converting minutes into decimal form, Plaintiffs were overpaid for each week, i.e. (Column H exceed Column R). The result in any error in decimal usage was more than offset by the higher rate paid for breaks.

16.    True and correct portions of the deposition of Plaintiff Dillatoro are annexed hereto and incorporated herein as Exhibit E as follows:

    (a)    Page 14 line 11 – page 15 line 5

    (b)    Page 21 line 8 – page 29 line 23

5

      (c)      Page 29 line 24 -- page 30 line 24

      (d)      Page 33 line 17 – page 33 line 20

17.    True and correct portions of the deposition of defendant Dennis O'Onofrio are annexed hereto and incorporated herein as Exhibit F as follows: page 4

Pursuant to 28 USC§1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2019

                                                  Eric J. Bressler, Esq.