UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANCISCO RODRIGUEZ and ARISTIDES
ALFREDO DILLATORO,

                                Plaintiffs,

- against -

RIDGE RESTAURANT, INC. d/b/a ALFREDO'S PIZZERIA,
DENNIS D'ONOFRIO, and PHILIP D'ONOFRIO,

                                Defendants.
-----------------------------------------------------------------------X

Civil Case No.: 2:16-cv-0254
(DRH)(AKT)

**DECLARATION OF
DENNIS D'ONOFRIO
IN SUPPORT OF
DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

I, Dennis D'Onofrio, hereby states and declares:

1. I am a defendant herein and the president of defendant Ridge Restaurant, Inc. d/b/a Alfredo's Pizzeria, "Pizzeria". I make this declaration in support of the defendants' motion to dismiss the action against plaintiff Rodriguez pursuant to Federal Rules of Civil Procedure 37 and against both plaintiffs pursuant to Federal Rules of Civil Procedure 56. I have knowledge of the facts stated herein.

2. I was responsible for hiring plaintiffs to work at the Pizzeria. I hired plaintiff Rodriguez on October 20, 2014 as a prep worker and his employment terminated in March 15, 2015 and plaintiff Dillatoro on October 20, 2014 as a prep worker and his employment terminated in March 15, 2015. In connection with their hiring I advised each of them as to their regular hourly wage and overtime wage. Plaintiff Rodriguez was to receive $8.00 per hour and Plaintiff Dillatoro was to receive $9.00 per hour. Their respective over-time wages were to be $12.00 per hour and $13.50 per hour, respectively. I provided to them disclosures of such wages at the time of their hiring and they both executed same. They were then given copies of same.

1

Copies of the wage disclosures are annexed hereto and incorporated herein as Exhibits A and B. On January 1, 2015 Plaintiff Rodriguez was given a raise to $8.75 per hour and reviewed and signed a disclosure at that time and was given a copy. A copy of the disclosure is annexed hereto and incorporated herein as Exhibit C.

3. In order to assist me in running the Pizzeria, I hired two managers who reported to me to wit: Phililp D'Onofrio and Michael Garvey. In my absence, they had direct responsibility for both the kitchen area and the restaurant area. In addition, they were responsible for opening and closing when I was not available. I spent approximately one-half of my workday directly supervising the operations of the Pizzeria. The managers did not have independent authority to hire or fire employees, set wages, manage the payroll or set work schedules.

4. Plaintiffs were generally scheduled to work from open to close on a given day – 10 A.M. to 10 P.M. During that day all employees were entitled, were instructed to, and, in fact, did take one hour off, generally consisting of two fifteen minute breaks and a one-half hour lunch break. I know this based upon my observations, advice from the managers, and absence of employee complaint. All employees were paid for this time, although they did not work. This extra hour of pay constituted a spread of hours payment for days worked in excess of 10 hours.

5. All employees were required to clock in at the beginning of the day and clock out at the end of the day by utilizing a time clock and time cards. Employees did not work before "clocking in" or after "clocking out". The cards were kept on a weekly basis. At the end of each week I would add up the hours of straight time (40) and the hours of overtime (those in excess of 40) and apply the applicable hourly rate to each hour to come up with total compensation. I would enter these amounts by hand on the time cards and place the time cards into an envelope together with the amount of pay due. The employee would then pick up the envelope, check the

time card hours and pay amounts and sign the time card indicating the correctness and receipt of their pay. I did this for both plaintiffs. Copies of the signed time cards for plaintiffs for each week or part thereof worked are annexed hereto and incorporated herein as Exhibit D (Rodriguez) and Exhibit E (Dillatoro). Plaintiffs received the amounts shown therein, all of which equal or exceed the amounts due by law.

6. In reviewing the time cards I noted that the weekly overtime hours totals were correctly indicated but that the weekly overtime minutes totals were shown as a decimal rather than actual minutes. For example, on plaintiff Dillatoro's October 26, 2014, timecard the total overtime shown was 31.34 hours rather than 31 hours, 34 minutes. However, in further reviewing the time cards, it appears that spread of hours pay was generally made at the overtime rate rather than straight rate. Spread of hours is payable at straight rates. Thus, plaintiffs were overpaid for spread of hours. When taking both factors into account, both plaintiffs were, in fact, overpaid for their time worked. This conclusion is supported by a spread sheet containing of all of the information on the timecards, with appropriate computations. Thus, plaintiff Rodriguez was overpaid every week and plaintiff Dillatoro was overpaid by every week. A copy of the spreadsheet is annexed hereto and incorporated herein as Exhibit F. The spread sheet is more completely explained in the accompanying declaration of Eric J. Bressler, Esq.

7. The claims of plaintiffs are completely without basis as the exact amounts to which they are entitled is reflected on the time cards based on the hours worked. The plaintiffs signed the cards and received the amount set forth on the time cards. After making adjustments for the overpayment of spread of hours at overtime rather than straight time, and the difference between minutes and decimals, the pay received by plaintiffs equals or exceed what each was due. Plaintiffs agreed to their respective hourly rates and corresponding overtime rates and

3

received disclosures with respect thereto. Thus, there is no basis for the complaint and the motion for summary judgment should be granted.

8. I am advised that plaintiff Rodriguez failed and refused to provide disclosure by failing and refusing to attend his deposition. As a result, I believe that his claim should be dismissed.

Pursuant to 28 USC§1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2019

_____
Dennis D'Onofrio