UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FRANCISCO RODRIGEUZ and ARISTIDES ALFREDO DILLATORO

        Plaintiffs,

- against -

RIDGE RESTAURANT, INC. d/b/a ALFREDO'S PIZZERIA, DENNIS D'ONOFRIO and PHILIP D'ONOFRIO,

        Defendants.

16-cv-00254 (DRH)(AKT)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 56.1 STATEMENT**

Plaintiff Aristides Alfredo Villatoro s/h/a Aristides Alfredo Dillatoro ("Mr. Villatoro" or "Plaintiff"), by his attorney the Moser Law Firm, PC, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1 for the Southern and Eastern Districts of New York, responds to the Defendant's Rule 56.1 Statement as follows:

1. Defendant Ridge Restaurant, Inc. operates a pizzeria restaurant under the name of Alfredo's Pizzeria, "Alfredo's" (Declaration of Dennis D'Onofrio, Paragraph 1).

    Plaintiffs' Response:    **UNDISPUTED**

2. Defendant Dennis D'Onofrio was at all times relevant president of Alfredo's and was responsible for hiring and firing plaintiffs Francisco Rodriguez and Aristides Alfredo Dillatoro (Declaration of Dennis D'Onofrio, Paragraph 2).

    Plaintiffs' Response:    **UNDISPUTED**

3. Defendant Philip D'Onofrio was hired by Dennis D'Onofrio to be a manager at Alfredo's and was acting as such during the time of plaintiffs' employment (Declaration of Dennis D'Onofrio, Paragraph 3 and Declaration of Philip D'Onofrio, Paragraph 3).

    Plaintiffs' Response:    **UNDISPUTED**

4. Defendant Philip D'Onofrio did not have the power to hire or fire Alfredo's

5

employees, set hours, pay rates or manage the payroll (Declaration of Dennis D'Donofrio, Paragraph 3 and Declaration of Philip D'Onofrio, Paragraph 3).

    Plaintiffs' Response:    **UNDISPUTED**

5.    Plaintiff Aristides Alfredo Dillatoro was hired by Dennis D'Onofrio to work at Alfredo's in October, 2014 as a prep worker (Declaration of Dennis D'Onofrio, Paragraph 2).

    Plaintiffs' Response:    **UNDISPUTED.**

6.    Plaintiff Aristides Alfredo Dillatoro employment ended in April 2015 (Declaration of Dennis D'Onofrio, Paragraph 2).

    Plaintiffs' Response:    **UNDISPUTED**

7.    Plaintiff Aristides Alfredo Dillatoro was hired at an hourly wage of $9.00 per hour (Declaration of Dennis D'Onofrio, Paragraph 2).

    Plaintiffs' Response:    **UNDISPUTED.**

8.    Plaintiff Aristides Alfredo Dillatoro at the time of hiring received from Dennis D'Onofrio a disclosure statement setting forth his hourly wage and the corresponding overtime rate and signed same (Declaration of Dennis D'Onofrio, Paragraph 2, Exhibit A thereto).

    Plaintiffs' Response:    **DISPUTED but IMMATERIAL**.  Mr. Villatoro has never seen the wage notice which Defendants content bears his signature. (Villatoro Dep. 12:2-12).

9.    Plaintiff Francisco Rodriguez was hired by Dennis D'Onofrio to work at Alfredo's in October 2014 as a prep worker (Declaration of Dennis D'Onofrio, Paragraph 2).

10.    Plaintiff Francisco Rodriguez's employment ended in March, 2015 (Declaration of Dennis D'Onofrio, Paragraph 2).

11.    Plaintiff Francisco Rodriguez was hired at an hourly wage of $8.00 per hour which was subsequently raised to $8.75 per hour in January, 2015 (Declaration of Dennis

5

D'Onofrio, Paragraph-2).

12. Plaintiff Francisco Rodriguez at the time of hiring and in January, 2015 received from Dennis D'Onofrio a disclosure setting forth his hourly wage .and the corresponding overtime rate and signed same (Declaration of Dennis D'Onofrio, Paragraph 2, Exhibit C thereto).

13. Plaintiffs and other non-managerial employees of Alfredo's were required to, and in fact, did clock in and out of work at the beginning and end of each work day by utilizing a time clock and time cards (Affidavit of Dennis D'Onofrio, Paragraph 5, Deposition of Alfredo Dillatoro, page 14 line. 11-page 15 line 5).

Plaintiffs' Response: **UNDISPUTED.**

14. At the end of each work week Dennis D'Onofrio would examine the time cards and **compute the amount due to plaintiffs based upon the hours worked** and the appropriate hourly straight and overtime rates and note same on timecards (Declaration of Dennis D'Onofrio, Paragraph 5).

Plaintiffs' Response: **UNDISPUTED (emphasis supplied).**

15. When the amount of weekly pay for each plaintiff was calculated such pay and the marked timecard and would be placed in an envelope and given to plaintiffs. Each plaintiff would receive the funds and sign and return the time card. The timecards for plaintiffs, Exhibit D and E to Declaration of Dennis D'Onofrio, accordingly reflect the time worked and corresponding pay due to plaintiffs, subject to paragraph hereof. (Declaration of Dennis D'Onofrio, Paragraph 5 and Exhibits D and E thereto), (Deposition of Alfredo Dillatoro , page 21 line 8 and page 38 line 29).

Plaintiffs' Response: The statement contains multiple statements of fact, which are responded to as follows:

5

    15.1.    When the amount of weekly pay for each plaintiff was calculated such pay and the marked timecard and would be placed in an envelope and given to plaintiffs. Each plaintiff would receive the funds and sign and return the time card.

    <u>Plaintiffs' Response:</u>    **UNDISPUTED.**

    15.1.    The timecards for plaintiffs, Exhibit D and E to Declaration of Dennis D'Onofrio, []**reflect the time worked [by] plaintiffs**[.]

    <u>Plaintiffs' Response:</u>    **UNDISPUTED (emphasis supplied).**

    15.1.    The timecards for plaintiffs, Exhibit D and E to Declaration of Dennis D'Onofrio, [] reflect the [] pay due to plaintiffs[.]

    <u>Plaintiffs' Response:</u>    Plaintiff's object to this statement on the basis that the amount of pay *due* to plaintiffs under law is a question to be decided by the Court, and thus **DISPUTE** the statement. For the reasons stated in Plaintiff's Memorandum of Law, the time cards do not reflect the pay due to Mr. Villatoro. Mr. Villatoro does not dispute that the timecards "reflect the wages paid" to him.

16.    Plaintiffs did not make a complaint concerning their hours or compensation. (Declaration of Philip D'Onofrio, Paragraph 4, Deposition of Plaintiff Dillatoro Page 53 line 17 -page 33 line 20).

    <u>Plaintiffs' Response:</u>    **UNDISPUTED.**

17.    Plaintiffs and other similarly situated employees were afforded during the work day a total of one hour for lunches and breaks and, in fact, took same (Declaration of Dennis D'Onofrio, Paragraph 4 and Declaration of Philip D'Onofrio, Paragraph 4).

    <u>Plaintiffs' Response:</u>    **DISPUTED.** Plaintiff ate as he worked. (Villatoro Decl. ⁋ 3). He did not take an uninterrupted meal of at least ½ hour. *Id.* Also,

5

    **IMMATERIAL** for the reasons set forth in Plaintiffs' Memorandum of Law. .

18. Plaintiffs were paid for their hour of non-work in satisfaction of the spread of hours requirement under New York State Law for work days in excess of 10 hours (Declaration of Dennis D'Onofrio, Paragraph 4).

  Plaintiffs' Response:  **DISPUTED and IMMATERIAL.**

  a. **DISPUTED.** Defendants have stated at least three times in their 56.1 Statement that the time cards recorded "hours worked." Stmt. 15, *supra* ("the timecards for plaintiffs…reflect the time worked [by] plaintiffs"); Stmt. 14, *supra* (stating that Defendants "compute[d] the amount due to plaintiffs based upon the hours worked."); Stmt. 20, *infra* ("The timecards for plaintiffs list hours and minutes worked[.]") It appears that Defendants now suggest the opposite: that the timecards *do not* reflect the hours worked.

  b. **IMMATERIAL,** because even if the Defendants paid for a bona-fide meal period and rest periods during Plaintiff's employment, for the reasons explained in Plaintiff's Memorandum of Law, Defendants are not entitled to treat rest and meal periods as compensable time during Plaintiff's employment, and then *ex post facto* claim them as an offset to damages in a lawsuit.

  c. **IMMATERIAL,** because, as explained in Plaintiff's Memorandum of Law, even if the Defendants paid for two 15 minute rest periods, these periods constitute compensable work.

19. Plaintiffs were paid for spread of hours at overtime rates, except as noted on the timecards (Declaration of Dennis D'Onofrio, Paragraph 5, Exhibit D, E, and F thereto).

<div style="margin-left: 2em;">

Plaintiffs' Response:     DISPUTED.  Defendants have previously claimed that "the timecards for plaintiffs…reflect the time worked [by] plaintiffs" (See 15, *supra*), and that they "compute[d] the amount due to plaintiffs based upon the hours worked." (See 14, *supra*).  "The timecards for plaintiffs list hours and minutes worked[.]" (*See* 20, *infra*).  It appears that Defendants are suggesting the opposite: the timecards do not reflect the hours worked.  The statement that Plaintiffs were not paid for overtime hours worked, but were paid for "spread of hours at overtime rates" is just a clever way of saying that they were paid "overtime."

</div>

20.    **The timecards for plaintiffs list hours and minutes worked** for a week in decimal form utilizing the correct number of whole hours but converting the minutes to hundredths of an hour rather than whole hours and whole minutes and compensation due was computed therein (Declaration of Dennis D'Onofrio, Paragraph 6, Exhibit F thereto).

<div style="margin-left: 2em;">

Plaintiffs' Response:     **UNDISPUTED (emphasis supplied).**

</div>

21.    When compensation is determined based upon whole hours and whole minutes and spread of hours is recomputed utilizing straight time pay rather than overtime pay, plaintiffs were overpaid, rather than underpaid (Declaration of Dennis D'Onofrio Paragraph 6, Exhibit F thereto).

<div style="margin-left: 2em;">

Plaintiffs' Response:     Plaintiffs object to this statement because whether the Defendants properly compensated the Plaintiffs for overtime and spread of hours pay under the NYLL and the FLSA is a question for the Court to decide based upon the undisputed material facts.  To the extent that the Court considers the statement proper, it is **DISPUTED.** (*See* Moser Declaration, ¶¶ 4-19, and Exhibits 1-2 thereto).

</div>

22. The Magistrate Judge issued the following Scheduling Orders:

   (a) Scheduling Order dated January 13, 2017 (Docket #23)

   (b) Scheduling Order dated April12,. 2019 (Docket #48);

   (c) Amended Scheduling Order dated May 30, 2019 (Docket #52);

   (d) Order granting DE [53] Motion for Extension of Time to Complete Discovery entered and filed on August 7, 2019 (Docket #54).

23. The May 30, 2019 order was as a result of a letter motion by defendants for sanctions by reason of plaintiffs' failure to comply with Docket #48 (Declaration of Eric J. Bressler, Paragraph 5).

24. The Magistrate Judge issued the Scheduling Order of August 7, 2019 in response to an enlargement and provided for close of discovery on September 20, 2019, four days after the scheduled deposition of plaintiffs (Declaration of Eric J. Bressler, Paragraph 8, Motion Order dated August 7, 2019).

25. Plaintiff Rodriguez failed to appear for his deposition on September 16, 2019 (Declaration of Eric J. Bressler, Paragraph 7 and Exhibit F thereto).

Dated: Glen Cove, New York
       January 21, 2020

                                              */s/ Steven John Moser*
                                              Steven John Moser