UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO RODRIGEUZ and ARISTIDES ALFREDO DILLATORO<br><br>            Plaintiffs,<br><br>    - against -<br><br>RIDGE RESTAURANT, INC. d/b/a ALFREDO'S PIZZERIA, DENNIS D'ONOFRIO and PHILIP D'ONOFRIO,<br><br>            Defendants. | 16-cv-00254<br><br>Hon. Denis R. Hurley, USDJ |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

FACTS .................................................................................................................................. 2

ARGUMENT ........................................................................................................................ 4

    I.    DEFENDANTS ARE NOT ENTITLED TO A CREDIT OR OFFSET AGAINST THEIR FLSA AND NYLL OBLIGATIONS .................................................................. 4

        A.    The Defendants have not submitted evidence in admissible form to show that Mr. Villatoro had the benefit of a bona fide meal period. ................................. 4

        B.    Defendants are not entitled to an ex post facto offset for treating meals and breaks as compensable time .................................................................................. 5

        C.    The Hospitality Industry Wage Order prohibits taking credits against spread of hours pay ............................................................................................................ 8

        D.    Even assuming that the Defendants are entitled to an offset for the undocumented meal period (which they are not), they not entitled to an offset for two fifteen-minute rest periods. ......................................................................................... 8

    II.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THE DEFENDANTS "FULL PAYMENT" DEFENSE TO PLAINTIFF'S WAGE NOTICE AND WAGE STATEMENT CLAIMS ........................................................................................... 8

        A.    The Defendants' "Full Payment" defense was not timely asserted. ................ 8

        B.    The Defendants did not, in fact, make "complete and timely payment of all wages due." .................................................................................................................. 9

        C.    Even if the Defendants are entitled to an offset for a ½ hour meal period (which they are not), the fact remains that the Plaintiff was shortchanged. ................ 11

    III.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS OVERTIME CLAIM AND SPREAD OF HOURS CLAIM ....................................................... 11

    IV.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS WAGE NOTICE CLAIM ..................................................................................................................... 12

    V.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS WAGE STATEMENT CLAIM. ............................................................................................ 13

    VI.    PLAINTIFF IS ENTITLED TO LIQUIDATED DAMAGES ............................... 13

    VII.    DEFENDANT DENNIS D'ONOFRIO IS PERSONALLY LIABLE ................... 14

    VIII.    PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST .............................. 14

    IX.    IF JUDGMENT IS GRANTED AGAINST THE DEFENDANTS FOR A SUM CERTAIN, PLAINTIFF REQUESTS THAT THE COURT ORDER THAT THE JUDGMENT BE AUTOMATICALLY INCREASED BY 15% IN THE EVENT IT IS UNPAID ..................................................................................................................... 15

CONCLUSION ..................................................................................................................... 15

# Table of Cases

## Second Circuit Opinions

*Alonso v. 144 Ninth Gotham Pizza, Inc.*,
   No. 15cv10062(DLC), 2016 U.S. Dist. LEXIS 106028 (S.D.N.Y. Aug. 10, 2016) ............ 7, 8

*Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*,
   No. 14CV7850 (VEC) (DF), 2016 U.S. Dist. LEXIS 155116 (S.D.N.Y. Nov. 7, 2016) . 12, 13

*Carter v. Dutchess Cmty. Coll.*,
   735 F.2d 8 (2d Cir. 1984) ................................................................................................ 14

*Fitzgerald v. Henderson*,
   251 F.3d 345 (2d Cir. 2001) .............................................................................................. 5

*Guardado v. 13 Wall St., Inc.*,
   No. 15-CV-02482 (DRH)(SIL), 2016 U.S. Dist. LEXIS 167887 (E.D.N.Y. Dec. 2, 2016) .. 16

*Hernandez v. JRPAC Inc.*,
   2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493 ............................................................ 15

*Howard v. Port Auth. of N.Y. & N.J.*,
   684 F. Supp. 2d 409 (S.D.N.Y. 2010) ............................................................................... 14

*Jiao v. Chen*,
   No. 03 Civ. 0165 (DF), 2007 WL 4944767, 2007 U.S. Dist. LEXIS 96480 ........................ 15

*Martin v. Waldbaum, Inc.*,
   CV 86-0861 (DRH), 1992 U.S. Dist. LEXIS 16007, at *6 (E.D.N.Y. Oct. 14, 1992) ............ 8

*Rodriguez v. Obam Mgmt.*,
   No. 13-cv-00463(PGG)(DF), 2016 U.S. Dist. LEXIS 155315 (S.D.N.Y. Nov. 7, 2016) ...... 15

*Saks v. Franklin Covey Co.*,
   316 F.3d 337 (2d Cir. 2003) ............................................................................................. 9

*Satchell v. Dilworth*,
   745 F.2d 781 (2d Cir. 1984) ............................................................................................. 9

*Shanfa Li v. Chinatown Take-Out Inc.*,
   No. 16 Civ. 7787 (JCM), 2018 U.S. Dist. LEXIS 219941 (S.D.N.Y. Dec. 4, 2018) ............... 6

*Travellers Int'l, A.G. v. Trans World Airlines*,
   41 F.3d 1570 (2d Cir. 1994) ............................................................................................. 9

*United States v. Private Sanitation Indus. Ass'n*,
   44 F.3d 1082 (2d Cir. 1994) ............................................................................................. 5

*Wlodzimierz Drozd v. Vlaval Constr., Inc.*,
   No. 09CV5122 (SJ) (CLP), 2012 U.S. Dist. LEXIS 146568 (E.D.N.Y. Oct. 10, 2012) ........ 15

**Federal Court Opinions**

*Ballaris v. Wacker Siltronic Corp.*,
   370 F.3d 901 (9th Cir. 2004) ............................................................................................ 6

*Smiley v. E.I. DuPont De Nemours & Co.*,
   839 F.3d 325 (3d Cir. 2016) ......................................................................................... 6-7

## QUESTIONS PRESENTED

1. May an employer use paid rest periods of 15 minutes to offset liability in a lawsuit to recover compensation owed under the FLSA and NYLL?

2. May an employer treat mealtime as compensable time during Plaintiffs' employment, and then claim *ex post facto* that it may use the payment to offset its liability in a wage action?

## INTRODUCTION

Plaintiffs commenced this action to recover, *inter alia,* unpaid overtime wages and spread of hours pay under the NYLL and the FLSA on January 18, 2016. (ECF No. 1).  Following discovery, the Defendants now move for summary judgment.  The Defendants' central argument is that they are entitled to an *ex post facto* credit for paid meals and breaks.  Defendants also move to dismiss the claims of Francisco Rodriguez for failure to appear at his scheduled deposition.

Plaintiff Aristides Alfredo Villatoro s/h/a Aristides Alfredo Dillatoro ("Mr. Villatoro" or "Plaintiff") *joins* in the Defendants' motion for an order:

（c）    determining that plaintiff [V]illatoro's hourly wage from the time of his employment on October 20, 2014 was nine dollars per hour until termination of his employment[.]

（d）    determining that plaintiff [V]illatoro's first day of working employment with defendant [Ridge Restaurant, Inc. d/b/a] Alfredo's was on October 20, 2014 and that plaintiff [V]illatoro's last day of employment with defendant Alfredo's was on April 1, 2015 [.]

1

Plaintiff Villatoro opposes the branches of defendants' motion seeking dismissal of plaintiff's overtime pay claims, spread of our pay claims, wage notice claims, a and wage statement claims.

Plaintiff cross moves for summary judgment on Plaintiff's overtime, spread of hours, wage notice and wage statement claims. Plaintiff also seeks an award of liquidated damages, prejudgment interest, and a finding of employer liability against Defendant Dennis D'Onofrio.

## FACTS

*Overtime Claims*

The Defendants made errors when computing overtime owed which shortchanged the Plaintiff.[1] The time cards show hours worked in *hours* and *minutes*.[2] When wages were computed, however, the Defendants converted the minutes to a decimal.[3] Dennis D'Onofrio admitted that this practice "probably shortchanged" the Plaintiff.[4] As a mathematical fact, the practice resulted in Plaintiffs' receiving 60% of any minutes of overtime worked short of a full hour. For example, Mr. Villatoro's timecard for the week ending December 7, 2014[5] shows that he had accumulated overtime of "31:54" (or 31.9 hours). Defendants multiplied the Plaintiff's overtime rate of $13.50 per hour by 31.54 (rather than 31.9) and paid the plaintiff $425 in overtime. He was owed $430.65 in overtime ($13.50 x 31.9) for this pay period, leaving $5.65 in unpaid overtime.

---

[1] *See* Plaintiffs' Response to Defendants' Statement of Undisputed Facts, ₱ 20 (The Defendants "convert[ed] the minutes to hundredths of an hour."
[2] D. D'Onofrio Dep 65:9-66:8.
[3] D. D'Onofrio Dep 65:9-66:8.
; D. D'Onofrio Decl. 6 (stating that weekly overtime was computed "as a decimal rather than actual minutes")
[4] D. D'Onofrio Dep. 66:9-12.
[5] Page 3 of Exhibit E to D. D'Onofrio Decl.

2

*Spread of Hours*

The records show that the Plaintiff was never paid spread of hours pay. None of the timecards (which were signed by Plaintiff) make reference to any payment for spread of hours pay.[6] Instead, they show payment only for hours and overtime hours worked. Defendants never documented spread of hours pay.[7]

*Wage Notice*

Defendants never furnished Plaintiff a wage notice in Spanish, despite the fact that the notice indicates that the Plaintiff's primary language is Spanish.[8]

*Wage Statements*

The Defendants never furnished pay stubs to the Plaintiff.[9] The Defendants did not furnish a copy of a time card unless Mr. Villatoro specifically asked for it, and he never did.[10] Dennis D'Onofrio never explained to Mr. Villatoro that he could get a copy of the time card.[11] Dennis D'Onofrio did not know whether Mr. Villatoro was aware that he could have asked for a copy of his time card.[12] Even if the time cards had been furnished to the Plaintiff, they do not contain all of the information required by NYLL §195(3), such as the name, address and phone number of the employer.[13]

---

[6] Dennis D'Onofrio Dep. 83:13-18; Exhibits C & D to D. D'Onofrio Decl.
[7] D. D'Onofrio 77:20-22.
[8] D. D'Onofrio Decl., Ex. B.
[9] D. D'Onofrio Dep. 61:11-16.
[10] D. D'Onofrio Dep. 61:11-16; 61:20-22.
[11] D. D'Onofrio Dep. 62:10-12.
[12] D. D'Onofrio Dep. 62:13-16.
[13] *See* Exhibit E to D. D'Onofrio Decl.

3

# ARGUMENT

I. **DEFENDANTS ARE NOT ENTITLED TO A CREDIT OR OFFSET AGAINST THEIR FLSA AND NYLL OBLIGATIONS.**

   A. **The Defendants have not submitted evidence in admissible form to show that Mr. Villatoro had the benefit of a bona fide meal period.**

The Defendants claim that Mr. Villatoro took a 1 hour break each day, consisting of two fifteen-minute breaks and a ½ hour lunch. (D. D'Onofrio Decl. ¶ 4; P. D'Onofrio Decl. ¶ 4). However, the Defendants did not contemporaneously document any meal periods or rest periods. Although both Dennis and Philip D'Onofrio claim that they have "knowledge of the facts" stated in their declarations (D. D'Onofrio Decl. ¶ 1; P. D'Onofrio Decl. ¶ 1), they do not state that they have *personal* knowledge of the facts. Why? Because they do not.

Dennis D'Onofrio did not track or record employee breaks or meals. (D. D'Onofrio Dep. 75:13-20). Defendants did not even *schedule* employee meal or rest periods. Instead, employees "*scheduled their own breaks.*" (D. D'Onofrio Dep. 54:13 (emphasis supplied)). Dennis D'Onofrio has *no personal knowledge* as to whether Mr. Villatoro was taking any breaks. (D. D'Onofrio Dep. 76:12-16). Other than the fact that Mr. Villatoro did not complain, Dennis D'Onofrio has no other basis for believing that Mr. Villatoro was in fact taking a meal and rest periods. (D. D'Onofrio Dep. 76:17-77:4). Dennis D'Onofrio does not recall speaking with Mr. Villatoro about the meal period. (D. D'Onofrio Dep. 73:21-24).

Similarly, the restaurant manager, Philip D'Onofrio, never tracked or recorded employee breaks. (P. D'Onofrio Dep. 14:9-10; 13-15). He does not remember ever speaking with Mr. Villatoro about the meal period or break periods. (P. D'Onofrio Dep. 14:2-5). He testified that Mr. Villatoro would "probably" begin taking his lunch "anywhere between 1:00 o'clock and 4:00 o'clock." (P. D'Onofrio Dep. 15:15-16), but he cannot remember the specific time that Mr. Villatoro began his meal period or returned from lunch on any day. (P. D'Onofrio 15:17-22).

4

At the summary judgment stage, an affidavit not based on personal knowledge, is insufficient to create an issue of fact. *See Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir. 2001) (a party opposing summary judgment "must present affidavits, based on personal knowledge, . . . setting forth such facts as would be admissible in evidence, and as to which the affiant would be competent to testify"); *United States v. Private Sanitation Indus. Ass'n*, 44 F.3d 1082, 1084 (2d Cir. 1994) (an affidavit not based upon personal knowledge does "not suffice to create an issue of fact precluding summary judgment").

Considering the Defendants' lack of personal knowledge, they lack the capacity to contradict the Plaintiff's claim that he did not receive a bona fide meal period. (*See* Declaration of Aristides Alfredo Villatoro, ¶ 3).

### B. Defendants are not entitled to an *ex post facto* offset for treating meals and breaks as compensable time

The Defendants treated all of the time between the beginning and end of the workday, including rest periods and meal periods, as compensable time. Mr. Villatoro did not clock out for a single meal period or rest period[14] and Defendants paid him for the work hours as recorded by the time clock.[15]

Defendants admit that all time from the beginning to the ending of the workday, including meals and rest periods, was treated as compensable work. *See* Def MOL, at 7 (The "Timecards [] reflect[] plaintiffs' working hours and pay"; Def's Rule 56.1 Stmt, ¶ 15 ("The timecards for plaintiffs [] reflect the time worked[.]"); Def's Rule 56.1 Stmt., ¶ 14 (Defendants "would add up the hours of straight time [] and the hours of overtime" *from the time cards* "and apply the applicable hourly rate to each hour to come up with total compensation."); Def's Rule 56.1 Stmt.,

---

[14] . (D. D'Onofrio Dep. 53:2-5.
[15] D. D'Onofrio Dep. 65：3-8．

5

⁋ 20 ("The timecards for plaintiffs list hours and minutes worked[.]"). The timecards themselves describe the time recorded as "Hours Worked." (*See* Exhibits D & E to Declaration of D. D'Onofrio).

As a matter of law, "Defendants cannot treat meals breaks as compensable time during Plaintiffs' employment, [. . .] then claim *ex post facto* that they may offset their liability using the same[.]" *Shanfa Li*, 2018 U.S. Dist. LEXIS 219941, at *22-23 (2018).

Here the Defendants contend that they paid the Plaintiff for 1 hour of "non-work" each day. Therefore, if he *actually* worked 40 hours over four days, defendants would have paid him for 44 hours of work (40 hours of work and 4 hours of non-work). However, the Defendants did not include the additional four hours of overtime paid for the first 40 hours of actual "work" in the computation of the regular rate.

Under the FLSA, an employer many not take a credit against FLSA obligations for payment for non-work:

> [S]ection 7(h) of the FLSA expressly provides that sums excluded from the regular rate "shall not be creditable toward wages required under section 6 [, providing for minimum wage,] or overtime compensation required under this section." 29 U.S.C. § 207(h). Here, compensation for the paid lunch periods is excluded from the regular rate under section 7(e)(2)[]. Accordingly, the use of paid lunch compensation to offset wages or overtime compensation due for hours worked is in direct violation of the express provisions of section 7(h).

*Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 913 (9th Cir. 2004).

Of course, there is an inherent inconsistency in permitting an employer to treat time as "hours worked" during employment, but to recharacterize a payment for such time as "not for hours worked" when a lawsuit arises. *See Smiley v. E.I. DuPont De Nemours & Co.,* 839 F.3d 325, 331 (3d Cir. 2016) ("To the extent that [] hours are regarded as working time, payment made

6

as compensation for these hours obviously cannot be characterized as 'payments not for hours worked.'")

The facts of this case are strikingly similar to *Alonso v. 144 Ninth Gotham Pizza, Inc.*, No. 12cv3133 (DLC), 2016 U.S. Dist. LEXIS 106028, at *6 (S.D.N.Y. Aug. 10, 2016). The *Gotham Pizza* plaintiffs sued for, *inter alia,* violations of the overtime provisions of the NYLL and the FLSA, and failure e to pay spread of hours pay under the Hospitality Industry Wage Order.  See *Gotham Pizza, Inc.*, No. 12cv3133 (DLC), Complaint, ECF No. 1, ¶¶ 254-257, 264-268, 269-273.

Gotham Pizza contended that "every Plaintiff received and was compensated for three (3) thirty (30) minute breaks per day: one in the morning, one in the afternoon, and one in the evening."  *Gotham Pizza, Inc.*, 2016 U.S. Dist. LEXIS 106028, at *3.  At trial, Gotham Pizza requested that the jury be instructed that it was entitled to an offset for paid breaks.  *Gotham Pizza, Inc.*, 2016 U.S. Dist. LEXIS 106028, at *1.  Just as in this case, the *Gotham Pizza* Defendants provided no written notice of any "meal break credit" or notice that employees' "paid" meal breaks would offset the employer's liability for any other compensation owed.  As in this case, there were no records reflecting any meal breaks, and the time records produced by the employer only indicated the beginning and ending of the workday.  *Gotham Pizza, Inc.*, 2016 U.S. Dist. LEXIS 106028, at *7.  The court noted:

> If an employer has not provided contemporaneous notice to its employees that their break time is non-compensable time, then neither the employer nor the employee has an incentive to monitor and record the use of that time, or to take timely and appropriate action to enforce the employer's policy. Allowing a damages award to be offset by compensation that an employer voluntarily paid above the minimum required by law, rewrites the terms of employment under which the employer and employee functioned. It also introduces needless complexity into litigation since the existence and extent of the *ex post facto* offset will rarely be supported by contemporaneous records.

*Gotham Pizza, Inc.*, 2016 U.S. Dist. LEXIS 106028, at *6.

7

The Court denied the request to charge, concluding that "[a]llowing an employer to treat meal breaks as compensable time but then claim an *ex post facto* credit invites fraud and undermines the goals of the federal and New York labor laws." *Id.*

### C. The Hospitality Industry Wage Order prohibits taking credits against spread of hours pay

The Hospitality Industry Spread of Hours Regulation expressly states that spread of hours pay "shall not be offset by any credits for meals or lodging provided to the employee." 12 NYCRR § 146-1.

### D. Even assuming that the Defendants are entitled to an offset for the undocumented meal period (which they are not), they not entitled to an offset for two fifteen-minute rest periods.

"Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time[.]" 29 C.F.R. § 785.18. For this reason, this Court has held "as a matter of law, that breaks of less than twenty minutes are compensable." *Martin v. Waldbaum, Inc.*, CV 86-0861 (DRH), 1992 U.S. Dist. LEXIS 16007, at *6 (E.D.N.Y. Oct. 14, 1992)

## II. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THE DEFENDANTS "FULL PAYMENT" DEFENSE TO PLAINTIFF'S WAGE NOTICE AND WAGE STATEMENT CLAIMS

### A. The Defendants' "Full Payment" defense was not timely asserted.

The Defendants' answer dated May 16, 2016 asserted only one affirmative defense: that the complaint "fails to state a claim upon which relief can be granted." (ECF No. 18, at 6). On March 15, 2018 the Court granted Plaintiffs' motion to amend the complaint, which was filed on March 22, 2018. (ECF Nos. 39 & 40, respectively). Defendants answered the amended complaint on April 12, 2018. (ECF No. 45). The answer to the amended complaint asserted

8

only two affirmative defenses: (1) that the complaint "fail[ed] to state a claim upon which relief can be granted" and (2) that the claims were barred by the applicable statute of limitations. *Id.* at 5-6. Fed. R. Civ. P. 8 governs general pleading rules. Rule 8(c) provides that a defendant, "in pleading to a preceding pleading, . . . shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Generally, "a failure to plead an affirmative defense results in a waiver." *Travellers Int'l, A.G. v. Trans World Airlines*, 41 F.3d 1570, 1580 (2d Cir. 1994); *see also Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984).

The Defendants' assertion that the complaint fails to state a claim upon which relief can be granted does not preserve the defense. "A general assertion that the plaintiff's complaint fails to state a claim is insufficient to protect the plaintiff from being ambushed with an affirmative defense." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003).

**B. The Defendants did not, in fact, make "complete and timely payment of all wages due."**

Defendants claim that because they "made complete and timely payment of all wages due" they should be granted summary judgment on the wage notice and wage statement claims. In support of this argument Defendants submit spreadsheets with 17 different columns. (Exhibit F to the Declaration of Dennis D'Onofrio). According to the Defendants, the total compensation which the Plaintiffs were owed by law (Column R, "Paying Lunch as Straight, Paid Total") exceeds what the Plaintiffs were actually paid (Column H, "Original Paid Total"). (Bressler Decl. ⁋ 14).

The spreadsheet is based upon two faulty legal assumptions: (1) that Defendants are entitled to an offset for two fifteen minute compensated breaks, and (2) that Defendants are entitled to an offset for "non-work" that were treated as compensable time throughout the Plaintiff's employment. It is also unnecessarily complicated.

9

*Determining Whether Full Payment Has Been Made*

In order to determine whether the Defendants paid the Plaintiff all of the compensation to which he is entitled by law, Plaintiff simply:

1. Calculated straight wages earned;

2. Calculated overtime wages earned;

3. Calculated spread of hours pay earned;

4. Added these three together to determine total compensation earned;

5. Compared total compensation earned to the actual compensation paid.

Plaintiff prepared a spreadsheet that follows this straightforward method. (Moser Declaration, ¶ 4, and Exhibit 1 thereto). The information used to prepare this spreadsheet was taken directly from the Defendants' Spreadsheet and has been highlighted in blue. (Moser Decl. ¶¶ 5-6.

*Calculating straight wages and overtime earned.*

29 U.S.C. § 207(a) requires the payment of "one and one half times the regular rate" for hours worked in excess of 40 in a given workweek. The Hospitality Industry Wage Order states that "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek. According to the Defendants, Columns I and J of their spreadsheet (highlighted in blue on Plaintiff's spreadsheet) accurately show the total regular and overtime hours worked each week. Plaintiff added these two numbers together to arrive at Total Hours Worked (Column AA, highlighted in grey). (Moser Decl. ¶¶ 7-8).

The straight pay and overtime pay portions of the spreadsheet were computed by multiplying Mr. Villatoro's regular rate by his non-overtime hours and his overtime rate by hours

10

in excess of 40. (Moser Decl. ¶¶ 9-10).

*Calculating spread of hours pay earned.*

The Hospitality Industry Spread of Hours Regulation states that "On each day on which the spread of hours ["the length of the interval between the beginning and end of an employee's workday"] exceeds 10, an employee shall receive one additional hour of pay at the *basic minimum hourly rate.*" 12 NYCRR § 146-1.6. The basic minimum hourly rate until December 30, 2014 was $8.0 per hour. 12 NYCRR § 146-1.2. Effective December 31, 2014 it was increased to $8.75.

Plaintiff's counsel reviewed the timecards and counted each day in which the spread of hours exceeded 10. That information is listed in the column highlighted in orange. The number of days in which the spread of hours exceeded ten was multiplied by the applicable minimum wage to compute Spread of Hours Pay. (Moser Decl. ¶ 10).

*Comparing total compensation earned to the actual compensation paid*

The total wages owed to Mr. Villatoro is shown in the "TOTAL EARNED PAY" column highlighted in green. This was compared to the total wages paid taken from column H of Defendants' spreadsheet. (Moser Decl. ¶¶ 12-13).

During each and every week of the Plaintiff's employment, he was shortchanged (see "Amount Underpaid", highlighted in red). (Moser Decl. ¶ 14)

    **C. Even if the Defendants are entitled to an offset for a ½ hour meal period (which they are not), the fact remains that the Plaintiff was shortchanged.**

Even if a daily credit for a ½ hour meal is applied, the Plaintiff was still shortchanged. (*See* Moser Decl. ¶¶ 15-17, and Exhibit 2 thereto).

**III.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS OVERTIME CLAIM AND SPREAD OF HOURS CLAIM**

For the reasons set forth in Sections I and II, the Plaintiff is entitled to summary judgment

11

on his overtime claims and spread of hours claims. The "Amount Underpaid" is comprised of both spread of hours pay and overtime. (*See* Moser Decl. ¶ 18, and Exhibit 3 thereto).

### IV. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS WAGE NOTICE CLAIM.

Effective April 9, 2011, the New York Wage Theft Prevention Act (WTPA) requires employers to furnish annual wage notices in English and the employee's primary language. NYLL § 195.1. "The WTPA imposes statutory damages of $50 per work week, capped at $2,500, for the failure to provide employees with compliant wage notices, where such violations occurred between April 9, 2011 and February 27, 2015." *Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.,* No. 14CV7850 (VEC) (DF), 2016 U.S. Dist. LEXIS 155116, at *48-4 (S.D.N.Y. Nov. 7, 2016); NYLL § 198(1-b). Effective February 27, 2015, penalties for wage notice violations were increased to $50 per workday and capped at $5,000.00.

The Parties disagree as to whether the Defendants furnished a notice to Plaintiff. Mr. Villatoro testified that he had never seen the wage notice which Defendants claim bears his signature. (Villatoro Dep. 12:2-12). Defendant Dennis D'Onofrio insists that the Plaintiff signed the wage notice. (Declaration of Dennis D'Onofrio, Paragraph 2, and Exhibit B thereto).

The authenticity of the wage notice is questionable. Counsel for Defendants explained that "there was some sort of a cut and paste on the [wage notice form] and something got whited out on the line when the form got reused for somebody else[.]" (Dennis D'Onofrio Dep. 16:4-10). Dennis D'Onofrio "ran out of forms and must have made a photocopy of this form and whited out [] another employee's name." (Dennis D'Onofrio Dep. 17:24-18:5).

This dispute does not preclude summary judgment on the wage notice issue, however, because even if the Plaintiff was furnished this particular wage notice, he is entitled to summary judgment.

12

In the form, the Plaintiff's primary language is identified as "Spanish", but the form is only in English. See D. D'Onofrio Declaration , Ex B.

## V.     PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS WAGE STATEMENT CLAIM.

The WTPA also requires employers to furnish an accurate wage statement with each payment of wages showing the calculation of wages, and other information, including the "name [] address and phone number of [the] employer." NYLL § 195.3. "The WTPA imposes statutory damages of $100 per work week, capped at $2,500, for the failure to provide employees with compliant wage statements, where such damages were incurred between April 9, 2011 and February 27, 2015." *Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.,* No. 14CV7850 (VEC) (DF), 2016 U.S. Dist. LEXIS 155116, at *48-4 (S.D.N.Y. Nov. 7, 2016); NYLL § 198(1-d).  Effective February 27, 2015, penalties for wage statement violations were increased to $250 per workday and capped at $5,000.

As detailed in the initial statement of facts, the Defendants never furnished pay stubs to the Plaintiff. (*See* D. D'Onofrio Dep. 61:11-16).  Even if Defendants had furnished the Plaintiff copies of his timecards, the timecards do not contain the name, address, or telephone number of the employer and are therefore do not contain all of the information required in a wage statement.

## VI.     PLAINTIFF IS ENTITLED TO LIQUIDATED DAMAGES

Good faith is an affirmative defense to liquidated damages under both the FLSA and the NYLL. . *Howard v. Port Auth. of N.Y. & N.J.,* 684 F. Supp. 2d 409, 411 (S.D.N.Y. 2010); 29 U.S.C.S. § 260; *Spicer v. Pier Sixty L.L.C.*, 2011.  According to NYLL 198(1-a), if the Court finds that wages are due, the "court shall allow such employee to recover the full amount of any underpayment [. . .] and an additional amount as liquidated damages, unless the employer proves a good faith basis  for believing that its underpayment of wages was in compliance with the law."

13

As defendants have not raised good faith as an affirmative defense in its answer, answer to the amended complaint, or in its motion for summary judgment, an award of liquidated damages is appropriate. Plaintiff agrees with Defendant that liquidated damages are available under either the NYLL or the FLSA, but not both. *See* Def MOL, Point VI (arguing that such damages should be awarded only once).

## VII. DEFENDANT DENNIS D'ONOFRIO IS PERSONALLY LIABLE

Defendant Dennis D'Onofrio (1) had the power to hire and fire the Plaintiff, (2) determined the rate and method of payment, and (3) maintained employment records. Therefore, he is jointly and severally liable as an employer. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

## VIII. PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST

Where both the FLSA and New York Labor Law provide for recovery, it is appropriate for the Court to award the maximum recovery available. *Wlodzimierz Drozd*, 2012 U.S. Dist. LEXIS 146568, at *4-5 (2012) (citing *Wlodzimierz Drozd v. Vlaval Constr.*, Inc., ?DATE OF PUBLICATION?No. 09, at *3 (E.D.N.Y. Oct. 10, 2012)); *see also Jiao v. Chen*, No. 03 Civ. 0165 (DF), 2007 WL 4944767, 2007 U.S. Dist. LEXIS 96480, at *17 (S.D.N.Y. Mar. 30, 2007).

New York law directs the recovery of both prejudgment interest and liquidated damages:

> In any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, <u>prejudgment interest as required under the civil practice law and rules</u>, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, <u>an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due</u>.

NYLL 198 (emphasis supplied); *see also Hernandez v. JRPAC Inc.*, 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *35 (2016).

14

Although it is true that an employee seeking liquidated damages under the FLSA may not recover prejudgment interest, the Plaintiff may recover prejudgment interest for "any period where both [the FLSA and the NYLL] allowed for liquidated damages in the same amount of 100 percent of unpaid wages, and the Court has opted to award such damages under state law." *Rodriguez v. Obam Mgmt.*, No. 13-cv-00463(PGG)(DF), 2016 U.S. Dist. LEXIS 155315, at *67-68 (S.D.N.Y. Nov. 7, 2016).

New York Civil Practice Law and Rules, "[i]nterest shall be at the rate of nine per centum per annum." N.Y. C.P.L.R. § 5004. "Where, as here, unpaid wages are 'incurred at various times, interest shall be computed . . . from a single reasonable intermediate date.'" *Guardado*, 2016 U.S. Dist. LEXIS 167887, at *39 (2016) (citing N.Y. C.P.L.R. 5001(b)).

IX. **IF JUDGMENT IS GRANTED AGAINST THE DEFENDANTS FOR A SUM CERTAIN, PLAINTIFF REQUESTS THAT THE COURT ORDER THAT THE JUDGMENT BE AUTOMATICALLY INCREASED BY 15% IN THE EVENT IT IS UNPAID**

Both NYLL § 198(4) and § 663(4) state:

Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

Plaintiff requests that if the Court awards a sum certain, that the order provide for an automatic increase consistent with NYLL §§ 198(4) and 663(4).

## CONCLUSION

Plaintiff requests that Defendants Motion for Summary Judgment dismissing Mr. Villatoro's claims for overtime, spread of hours pay, wage notice violations, and wage statement violations be denied. Mr. Villatoro requests that the court grant judgment to the Plaintiff for a sum certain, as detailed in the Plaintiff's damages computations contained in Exhibit 3 to the

15

Moser Declaration. In the even that the Court grants Plaintiff's motion, Plaintiff will submit a post-judgment motion seeking attorneys' fees and costs.

Dated: Glen Cove, New York
January 21, 2020

                                                                                 Respectfully Submitted,
                                                                                 Moser Employment Law Firm, P.C.

                                                                                 By: Steven John Moser

16