UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
Francisco Rodriguez and Aristides Villatoro s/h/a Aristides
Alfredo Dillatoro,

                                                                         Case No. 16-cv-254-DRH-AKT

                                          Plaintiffs,

                 *-against-*

Ridge Restaurant, Inc. d/b/a Alfredo's Pizzeria, Dennis
D'Onofrio and Philip D'Onofrio,

                                          Defendants.
_____


<u>PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT</u>


Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, NY 11542
(516) 671-1150 * F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorney for Plaintiffs*

**TABLE OF CONTENTS**

**UNDISPUTED FACTS** ........................................................................................................... 1

**ARGUMENT** ......................................................................................................................... 3

    I.    THE DEFENDANTS HAVE NOT CHALLENGED THE PLAINTIFF'S SUMMARY JUDGMENT COMPUTATIONS WHICH SHOW THAT THERE IS A FAILURE TO PAY ALL COMPENSATION OWED BY LAW ................................ 3

    II.    BREAKS OF SHORT DURATION ARE COMPENSABLE AS A MATTER OF LAW, AND DEFENDANTS MAY NOT DEFEAT SUMMARY JUDGMENT BY SUBMITTING A REPLY DECLARATION THAT CONTRADICTS PRIOR DECLARATIONS. ................................................................................................. 4

    III.    IF THE COURT ACCEPTS THE DEFENDANTS' NEW POSITION THAT EMPLOYEES TOOK BREAKS OF NO SPECIFIC DURATION, BUT ONLY AS THEY SAW FIT, DEFENDANTS ARE NOT REQUIRED TO COMPENSATE FOR ALL BREAK TIME ........................................................................................ 5

    IV.    DEFENDANTS HAVE NOT RESPONDED TO THE PORTION OF PLAINTIFF'S MEMORANDUM OF LAW EXPLAINING WHY THE DEFENDANTS ARE NOT ENTITLED TO AN OFFSET. ........................................................................ 6

    V.    DEFENDANTS' POSITION THAT "FURNISHING" A WAGE STATEMENT TO AN EMPLOYEE MEANS "LETTING AN EMPLOYEE LOOK AT" A WAGE STATEMENT IS CONTRARY TO THE PLAIN MEANING OF THE STATUTE. .. 7

    VI.    DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PREVIOUSLY UNASSERTED AFFIRMATIVE DEFENSES .................................. 8

        A.    The Defendants have not met their burden to show full payment of wages ..... 8

        B.    Defendants have not met their burden of showing "good faith" ...................... 8

        C.    Defendants have not explained their failure to plead affirmative defenses ...... 9

**CONCLUSION** ................................................................................................................... 10

# UNDISPUTED FACTS

## Overtime

Defendant Dennis D'Onofrio made errors when computing overtime owed to Plaintiff Aristides Alfredo Villatoro s/h/a Aristides Alfredo Dillatoro ("Plaintiff" or "Mr. Villatoro").[1] The time clock recorded hours worked in hours and minutes.[2] The minutes were "incorrectly converted from hour and minute format into decimal format."[3] As a mathematical fact, treating the minutes as a decimal resulted in Plaintiff receiving 60% of any minutes of overtime worked short of a full hour.[4] For example, Mr. Villatoro's timecard for the week ending December 7, 2014 shows that he had accumulated overtime of "31:54" (or 31.9 hours).[5] Dennis D'Onofrio multiplied the Plaintiff's overtime rate of $13.50 per hour by 31.54 (rather than 31.9) and paid the plaintiff $425.[6] Had Dennis D'Onofrio paid the Plaintiff for 31.9 hours of overtime, the result would have been $430.65.[7]

## Wage Notice Claims

Defendants never furnished Plaintiff a wage notice in Spanish, even though the notice indicates that the Plaintiff's primary language is Spanish.[8]

## Wage Statement Claims

The Defendants did not furnish a copy of a timecard unless Mr. Villatoro specifically asked for it, and he never did.[9] Dennis D'Onofrio never explained to Mr. Villatoro that he could

---

[1] Defendants' Reply to Plaintiff's Rule 56.1 Statement ("Def. 56.1 Reply"), ¶ 1.
[2] Def. 56.1 Reply ¶ 2.
[3] Def. 56.1 Reply ¶ 3.
[4] Def. 56.1 Reply ¶ 5.
[5] Def. 56.1 Reply ¶ 6.
[6] Def. 56.1 Reply ¶ 6.
[7] Def. 56.1 Reply ¶ 6.
[8] Def. 56.1 Reply ¶ 9.
[9] Def. 56.1 Reply ¶ 12.

get a copy of the timecard.[10] Dennis D'Onofrio did not know whether Mr. Villatoro was aware that he could have asked for a copy of his timecard.[11] The Plaintiff's timecards do not make reference to payment for spread of hours pay.[12] The timecards do not contain the name, address and phone number of the employer.[13]

### Meal Periods

Dennis D'Onofrio did not track or record employee breaks or meals.[14] Defendants did not schedule employee meal or rest periods. Instead, employees scheduled their own breaks.[15] Dennis D'Onofrio has no personal knowledge as to whether Mr. Villatoro was taking any breaks.[16] Philip D'Onofrio, the restaurant manager, never tracked or recorded employee breaks.[17] Philip D'Onofrio does not remember ever speaking with Mr. Villatoro about the meal period or break periods.[18] Philip D'Onofrio testified that Mr. Villatoro would "probably" begin taking his lunch "anywhere between 1:00 o'clock and 4:00 o'clock"[19], but he cannot remember the specific time that Mr. Villatoro began his meal period or returned from lunch on any day.[20]

### Rest Periods

In his sworn Declaration in Support of Defendants' Motion for Summary Judgment dated December 9, 2019, Philip D'Onofrio stated that "Plaintiffs (and other workers) were entitled during their shifts to two 15 minute breaks and 30 minutes for lunch *and were so advised*."[21]

---

[10] Def. 56.1 Reply ¶ 13.
[11] Def. 56.1 Reply ¶ 13.
[12] Def. 56.1 Reply ¶ 7.
[13] Def. 56.1 Reply ¶ 14.
[14] Def. 56.1 Reply ¶ 15
[15] Def. 56.1 Reply ¶ 16.
[16] Def. 56.1 Reply ¶ 17.
[17] Def. 56.1 Reply ¶ 20.
[18] Def. 56.1 Reply ¶ 21.
[19] Def. 56.1 Reply ¶ 22.
[20] Def. 56.1 Reply ¶ 23.
[21] P. D'Onofrio Decl. ¶ 4 (emphasis supplied).

Dennis D'Onofrio stated in his sworn declaration that "all employees were entitled, were instructed to, and, in fact, did take one hour off, generally consisting of two fifteen minute breaks and a one-half hour lunch break. I know this based upon my observations[.]"[22]

Plaintiff's memorandum of law pointed out that the Court previously held that rest periods of less than 20 minutes are compensable as a matter of law. *See Martin v. Waldbaum, Inc.*, No. CV 86-0861 (DRH), 1992 U.S. Dist. LEXIS 16007, at *1 (E.D.N.Y. Oct. 14, 1992).

After learning of this Court's decision in *Martin*, Philip D'Onofrio submitted a "Reply Declaration." According to the Declaration, employees were "were not limited to one-half hour for lunch and two 15-minute breaks [but instead] could allocate" their breaktime "as they saw fit."[23]

## ARGUMENT

The Plaintiff is still entitled to summary judgment on all counts.

**I.    THE DEFENDANTS HAVE NOT CHALLENGED THE PLAINTIFF'S SUMMARY JUDGMENT COMPUTATIONS WHICH SHOW THAT THERE IS A FAILURE TO PAY ALL COMPENSATION OWED BY LAW.[24]**

In support of the Plaintiff's Motion for Summary Judgment, Plaintiff submitted calculations explaining that as a matter of mathematical fact, even assuming the Defendants are entitled to a ½ hour meal period, the Plaintiff was not paid all wages legally owed.[25] Defendants do not point out any mathematical errors in the Plaintiff's computations. Instead, they challenge the assumptions underlying the calculations, specifically that either Defendants are not entitled to

---

[22] Declaration of Dennis D'Onofrio in Support of Defendants' Motion for Summary Judgment dated December 9, 2019, ¶ 4.
[23] Reply Declaration of Dennis D'Onofrio in Support of Defendants' Motion for Summary Judgment dated February 21, 2020.
[24] *See* Declaration of Steven J. Moser and Exhibits 1-5 thereto.
[25] *Id.*

3

*any* offset for compensated meal and break time or are *only* entitled to an offset for a ½ hour meal. The Defendants insist that they are entitled to a 1-hour offset. They are incorrect.

**II.     BREAKS OF SHORT DURATION ARE COMPENSABLE AS A MATTER OF LAW, AND A PARTY MAY NOT DEFEAT SUMMARY JUDGMENT BY SUBMITTING A REPLY DECLARATION THAT CONTRADICTS ITS OWN PRIOR DECLARATIONS.**

Defendants cite no authority contrary to this Court's holding in *Martin*, 1992 U.S. Dist. LEXIS 16007. Instead, the Defendants attempt to recant or modify their prior declarations which stated that the Plaintiff took two 15-minute uncompensated rest periods.

Dennis D'Onofrio's Reply Affirmation states that employees were "were not limited to one-half hour for lunch and two 15 minute breaks and could allocate [one hour of break time] as they saw fit."[26] Philip D'Onofrio's previously swore that plaintiff was "entitled during [his] shifts to two 15 minute breaks and 30 minutes for lunch"[27], and Dennis D'Onofrio's previously swore that that breaks "generally consist[ed] of two fifteen minute breaks and a one-half hour lunch" and that he knew this in part, based upon his "personal observations."[28]

"The rule is well-settled in this circuit that a party may not create a material issue of fact by submitting an affidavit that contradicts his own prior sworn statement." *McAnany v. Angel Records, Inc.*, 216 F. Supp. 2d 335, 340 (S.D.N.Y. 2002).

---

[26] D. D'Onofrio Reply Decl. (Feb. 21, 2020) ¶ 2.
[27] P. D'Onofrio Decl. (Dec. 9, 2019) ¶ 4.
[28] D. D'Onofrio Decl. (Dec. 9, 2019) ¶ 4.

## III. IF THE COURT ACCEPTS THE DEFENDANTS' NEW POSITION THAT EMPLOYEES TOOK BREAKS OF NO SPECIFIC DURATION, BUT ONLY AS THEY SAW FIT, DEFENDANTS ARE NOT REQUIRED TO COMPENSATE FOR ALL BREAK TIME

If it is true that employees were entitled to "one hour of break time" but could allocate that time however "they saw fit"[29], the entire hour is compensable.

The Supreme Court has endorsed the "continuous workday doctrine", which states that as a general rule, compensable time includes the period from the beginning of the workday until the end of the workday. *IBP, Inc. v. Alvarez*, 546 U.S. 21, 24 (2005); *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 220 (2014). "Under both the FLSA and NYLL, 'all of the time worked during a continuous workday is compensable, save for bona fide meal breaks.'" *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, 2016 WL 3248493, at *27 (S.D.N.Y. June 9, 2016) (quoting *Hart v. Rick's Cabaret Int'l, Inc.*, 60 F. Supp. 3d 447, 475 (S.D.N.Y. 2014)).

"To qualify as a bona fide meal period, '[t]he employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period.'" *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 472 (S.D.N.Y. 2015) (quoting 29 C.F.R. § 785.19(a)).

The employer has the burden of proof to show that it is entitled to the mealtime exception to the continuous workday doctrine. *Roy v. County of Lexington*, 141 F.3d 533, 544 (4th Cir. 1998); *Johnson v. Columbia*, 949 F.2d 127, 129-30 (4th Cir. 1991).

Faced with *Martin,* Dennis D'Onofrio now claims he delegated to employees the ability to take a one-hour break as they saw fit. However, the Defendant submits absolutely no

---

[29] Reply Declaration (Feb. 21, 2020) ¶ 2.

authority to support its contention that an employer may deduct one hour from an employee's daily work hours simply because the cumulative breaks taken by the employee add up to one hour. The employer's burden is not simply to show that the cumulative breaks taken by an employee add up to an hour. The burden is on the employer to show that the time deducted consisted of a "bona fide meal period." *See Salinas*, 123 F. Supp. 3d at 472.

The result is the same under the New York Labor Law. The Labor Law explicitly requires that a meal period must be at least ½ hour. NYLL § 162. While an employer may request permission to have a meal period of shorter duration (for example 20 minutes), the Department of Labor will only permit the employer to have a meal period of shorter duration if the entire meal period is compensated. *See* NYS DOL Opinion Letter RO-07-0095 (Nov. 21, 2007).

Here the Defendants have not met their burden to show that the Plaintiff took "bona fide meal periods." By recanting the prior statements that employees were entitled to a ½ hour meal period and two fifteen-minute rest periods but could divide this hour into as many small increments as they "saw fit" the Defendants convert the entire hour into compensable time.

## IV. DEFENDANTS HAVE NOT RESPONDED TO THE PORTION OF PLAINTIFF'S MEMORANDUM OF LAW EXPLAINING WHY THE DEFENDANTS ARE NOT ENTITLED TO AN OFFSET.

Point I(B) of Plaintiff's Memorandum of Law points out that Defendants are not entitled to an *ex post facto* offset for treating breaks as compensable time. Defendants have not disputed that the one-hour was treated as compensable time during Plaintiff's employment, and therefore may not be credited towards Defendants' overtime or spread of hours pay obligations. Nor have they cited any law to refute this position.

V.  **DEFENDANTS POSITION THAT "FURNISHING" A WAGE STATEMENT TO AN EMPLOYEE MEANS "LETTING AN EMPLOYEE LOOK AT" A WAGE STATEMENT IS CONTRARY TO THE PLAIN MEANING OF THE STATUTE.**

New York Labor Law § 195 requires an employer to "furnish" a pay stub with each payment of wages. Defendants claim that they "furnished" a wage statement to Mr. Villatoro because they "presented" him with timecards.[30] Allowing an employee to *look* at a timecard is not the same as *furnishing* a wage statement to an employee. The term "furnished" as used by the New York Legislature means to *give*, not to *look at*. For example, New York Correction Law § 125 requires prison wardens to "furnish" clothing and transportation to an inmate upon release. Under the Defendant's view of "furnish", the law only requires the warden to let the discharged inmate *look at* clothing and *inspect* a bus ticket.

The Defendant's position presumes that the New York Legislature does not know the difference between "inspect" and "furnish." If the legislature wanted to require an employer to allow employees to inspect their pay stubs, they would have. For example, Business Corporation Law § 624 entitled "Books and records; right of inspection" permits shareholders, upon notice, to examine corporate records. The Labor Law does not permit employers to allow an employee to "inspect" a wage statement. Instead, it requires an employer to "furnish" (i.e. provide an original or copy of) a wage statement, and the Defendants' interpretation contradicts the plain meaning of the statute.

Even if the Labor Law permitted an employer to meet its wage statement obligations by permitting an employee to inspect a time card, Defendants would still be in violation of the wage statement provision of the NYLL, because information required to be disclosed (including the name, address and phone number of the employer) was not.

---

[30] Def. ¶ 56.1 Reply, ¶ 10.

7

## VI. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PREVIOUSLY UNASSERTED AFFIRMATIVE DEFENSES

### A. The Defendants have not met their burden to show full payment of wages

As previously stated, the Defendants have not challenged the Plaintiff's summary judgment computations, which show that even if the Defendants are given a credit for a ½ hour meal period, there is a failure to pay all compensation owed by law.[31]

Instead, Defendants have insisted that they are entitled to a 1-hour offset. Defendants are aware that if they do not receive full one-hour *ex post facto* offset, they did not make full and timely payment of wages as they claim.

Furthermore, Defendants concede that there were mathematical errors in the computation of wages, which presumably could have been discovered earlier had the Defendants "furnished" the Plaintiff compliant wage statements. The "affirmative defense" of full and timely payment fails.

### B. Defendants have not met their burden of showing "good faith"

Defendants argued in their Memorandum of Law in Support of their motion for summary judgment that the Court may award liquidated damages under *either* the NYLL or the FLSA, but not both. Now the Defendants argue that Plaintiff is entitled to liquidated damages under *neither* the NYLL *nor* the FLSA. Instead, their "inadvertent" computational errors are "the essence of good faith", and no liquidated damages are appropriate.

> Under § 16(c) of the FLSA, 29 U.S.C. § 216(c), an employer who violates the compensation provisions of the Act is liable for unpaid wages and an additional equal amount as liquidated damages. However, pursuant to § 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, liquidated damages may be remitted if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the Act. Under 29 U.S.C. § 260, the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective

---

[31] *See* Declaration of Steven J. Moser and Exhibits 1-5 thereto.

reasonableness. The burden, under 29 U.S.C. § 260, is a difficult one to meet, however, and 'double damages are the norm, single damages the exception.

*Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997) (internal citations and quotations omitted).

Here, the Defendants submit no evidence of any good faith attempt to ascertain their obligations under either the FLSA or the NYLL, and therefore the attempt to assert an affirmative defense at the summary judgment stage fails.

### C. Defendants have not explained their failure to plead affirmative defenses

Defendants claim that their denial of the Plaintiff's complaint, which alleges unpaid wages, should be construed as putting the Plaintiff on notice that the affirmative defense of "complete and timely payment of wages" would be asserted. According to this argument, the denial of any allegation that a violation was "willful" similarly would relieve a defendant from asserting a "good faith" affirmative defense in an answer.

Denial of allegations in a complaint is not sufficient to preserve an affirmative defense. *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984); *see also Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003).

Defendants offer no explanation for raising the defenses of complete and timely payment of wages and liquidated damages for the first time on a summary judgment motion five years after commencement of a case and after the complaint (and answer thereto) was amended. Instead, they simply ask the Court to disregard the requirement to plead affirmative defenses. Under these circumstances, the request should be denied.

## **CONCLUSION**

Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment in its entirety, and that the Court grant Plaintiff's Cross-Motion for Summary Judgment in its entirety.

Dated: Glen Cove, New York
March 6, 2020

_____
Steven John Moser