# MOSER LAW FIRM, P.C.

631-824-0200
steven.moser@moserlawfirm.com

August 27, 2021

VIA ECF

Hon. Anne Y. Shields, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Fuentes v. CCNGJG Enterprises, Inc.,* 19-cv-7113

Dear Judge Shields:

I represent the Plaintiff Maria Reyna Rivas Herrera ("Plaintiff") in the above-reference matter. On August 20, 2021, the parties filed a consent to Jurisdiction by U.S. Magistrate Judge (ECF No. 11) and on August 23, 2021, the case was assigned to Your Honor for all purposes.

The parties move for judicial approval of the proposed FLSA settlement as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## Background

Plaintiff brought this action seeking to recover unpaid overtime wages, spread of hours pay, and liquidated damages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff was a busser working at Defendants' restaurant from approximately August 13, 2019, until on or about July 4, 2020. The FLSA claim alleges that the Plaintiff was paid her overtime, in cash, at a rate of $10 per hour, rather than at 1 ½ her regular rate.

On May 12, 2021, the parties participated in a mediation session with Andrew Kimler, Esq., a member of the EDNY Mediation Panel. In advance of the mediation the parties informally exchanged wage and hour records and prepared damages calculations. At that time, the parties reached a settlement in principle which was later memorialized in a formal "Settlement Agreement and Release of Claims", a copy of which is annexed hereto as Exhibit 1. A copy of the proposed "Stipulation and Order of Dismissal With Prejudice" is annexed hereto as Exhibit 2.

## Settlement

The Parties have agreed to resolve this action for the total sum of $20,000.00 which will be paid within 30 days of court approval. Settlement Agreement ¶ 1. One-third of the settlement



amount ($6.666.67) shall be paid to Plaintiff's counsel as attorney's fees and costs.  *Id.*  The remainder of the settlement proceeds (13,333.33) shall be paid to the Plaintiff.  *Id.*

## The Settlement is Fair and Comports with *Cheeks*

**The settlement amount is reasonable because it exceeds the Plaintiff's potential recovery under the FLSA.**  The Plaintiff's total potential damages under both the NYLL and the FLSA were calculated to be as follows:

| | |
|---|---|
| Minimum Wages and Overtime | $4,716.47 |
| Spread of Hours Pay | $168.00 |
| Uniform Maintenance Pay | $441.70 |
| Liquidated Damages | $5,326.17 |
| Wage Notice Violations | $5,000.00 |
| Wage Statement Violations | $5,000.00 |
| Prejudgment Interest | $193.06 |
| **TOTAL** | **$20,845.39** |

The total damages attributable to the Plaintiff's FLSA claims including overtime and liquidated damages, is less than $10,000.00. [1]  The $13,333.33 that Plaintiff will be receiving exceeds the Plaintiff's maximum recovery under the FLSA.  Courts within the Second Circuit have approved FLSA settlements which are only a percentage of the total FLSA damages.  *See Socias v. Vornado Realty L.P.*, No. 13-CV-2151 (RLM), 2016 U.S. Dist. LEXIS 164437, at *9 (E.D.N.Y. Nov. 3, 2016) (approving settlement where Plaintiff received 75% of FLSA damages); *Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 U.S. Dist. LEXIS 69166, at *6 (S.D.N.Y. May 5, 2017) (approving FLSA settlement of approximately 61% of total potential recovery); *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (approving a settlement amount of approximately 51 percent of plaintiffs' maximum recovery); *Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 U.S. Dist. LEXIS 167052, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

---

[1] The settlement of NYLL claims does not require judicial scrutiny or approval.  *Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861 (HBP), 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017); *Abrar v. 7-Eleven, Inc.*, No. 14-cv-6315 (ADS) (AKT), 2016 U.S. Dist. LEXIS 50416, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016).  Therefore, for the purposes of this motion, the fairness inquiry focuses on the Plaintiff's potential recovery under the FLSA.

**The Agreement also complies with the Second Circuit's decision in *Cheeks* as it contains neither an overbroad release nor a confidentiality provision.** *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824 (SIL), 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (finding that Cheeks highlighted the potential for abuse in settlements with overbroad general releases and confidentiality provisions).

### Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $6,666.67 (one third of the settlement amount).

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Coleman v. DeFranco Pharm., Inc.*, No. 17 Civ. 8340 (HBP), 2018 U.S. Dist. LEXIS 129140, at *6 (S.D.N.Y. Aug. 1, 2018) (compiling cases); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc., 26*4 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and negotiations. The requested attorneys' fees in the Parties' settlement agreement are reasonable under the circumstances and Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

### Conclusion

In full consideration of the issues presented in *Cheeks*, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Respectfully submitted

Steven John Moser