**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ARISTIDES ALFREDO DILLATORO

                                        Plaintiff,

                    - against -                            16-cv-00254

RIDGE RESTAURANT, INC. d/b/a ALFREDO'S          Hon. Denis R. Hurley, USDJ
PIZZERIA, and DENNIS D'ONOFRIO,

                                        Defendants.


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES AND COSTS


Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY  11743
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................. 1

**PROCEDURAL HISTORY** ...................................................................... 2

**THE CASE OF RAMON MORALES V. 5 BROTHERS RESTAURANT, INC.** .................. 3

**ARGUMENT** ......................................................................................... 5

   I.   THE FLSA'S FEE-RECOVERY PROVISION IS ABSOLUTELY ESSENTIAL TO THE STATUTE'S ENFORCEMENT SCHEME ................................................ 5

  II.  PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS .. 5

 III.  PLAINTIFF'S ATTORNEYS' FEES ARE REASONABLE ............................. 6

      A.   The Lodestar Amount is the Presumptively Reasonable Fee ................. 6

      B.   The Hourly Rates Requested by Plaintiff's Attorneys Are Reasonable ...... 7

      C.   The Number of Hours Billed Are Reasonable ................................. 9

      D.   The Costs Requested by Plaintiff Are Reasonable ............................ 9

      E.   Plaintiff Is Entitled to Attorneys' Fees Relating to This Application ........ 10

 IV.  THE SECOND CIRCUIT HAS EXPLICITLY REJECTED THE APPLICATION OF A "PROPORTIONALITY RULE" TO ATTORNEYS' FEES IN FLSA CASES ............. 10

**CONCLUSION** ...................................................................................... 12

# Table of Authorities

**Supreme Court Opinions**

*A.H. Phillips, Inc. v. Walling*,
 324 U.S. 490, 65 S. Ct. 807 (1945) ........................................................ 5

*Overnight Motor Transp. Co. v. Missel*,
 316 U.S. 572, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942) ........................... 11

*Pa. v. Del. Valley Citizens' Council for Clean Air*,
 478 U.S. 546, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986) ..................... 6-7

**Second Circuit Opinions**

*Allende v. Unitech Design, Inc.*,
 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ................................................. 11

*AW Indus.*, Inc. *v. Sleep Well Mattress, Inc.*,
 No. 07 Civ. 3969 (JMA), 2009 U.S. Dist. LEXIS 123343 (E.D.N.Y. Jan. 30, 2009) ........... 10

*Bond v. Welpak Corp.*,
 No. 15-CV-2403 (JBW) (SMG), 2017 U.S. Dist. LEXIS 158272 (E.D.N.Y. Sept. 26, 2017)  6

*Callari v. Blackman Plumbing Supply, Inc.*,
 No. CV 11-3655 (ADS) (AKT), 2020 U.S. Dist. LEXIS 79882 (E.D.N.Y. May 4, 2020) ...... 5

*Cao v. Wu Liang Ye Lexington Rest., Inc.*,
 No. 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010) .............. 6

*Cohen v. W. Haven Bd. of Police Comm'rs*,
 638 F.2d 496 (2d Cir. 1980) ................................................................. 7

*Ferrara v. All-Around Trucking, Inc.*,
 No. 10-CV-5845 (RRM), 2011 U.S. Dist. LEXIS 151381 (E.D.N.Y. Nov. 8, 2011) .............. 8

*Fisher v. SD Prot. Inc.*,
 948 F.3d 593 (2d Cir. 2020) (emphasis supplied) ......................................... 11, 12

*Gierlinger v. Gleason*,
 160 F.3d 858 (2d Cir. 1998) ................................................................. 9

*GMA Accessories, Inc. v. Solnicki*,
 No. 07 Civ. 3219 (PKC) (DF), 2010 U.S. Dist. LEXIS 101256 (S.D.N.Y. Sept. 24, 2010) .... 8

*Hagelthorn v. Kennecott Corp.*,
 710 F.2d 76 (2d Cir. 1983) ................................................................. 6

*Hall v. Prosource Techs., L.L.C.*,
 No. 14-CV-2502 (SIL), 2016 U.S. Dist. LEXIS 53791 (E.D.N.Y. Apr. 11, 2016) ............ 7-8

*Joseph v. HDMJ Rest., Inc.*,
   970 F. Supp. 2d 131 (E.D.N.Y. 2013) .................................................................. 7

*Kirsch v. Fleet St., Ltd.*,
   148 F.3d 149 (2d Cir. 1998) .............................................................................. 6

*Lunday v. City of Alb.*,
   42 F.3d 131 (2d Cir. 1994) ................................................................................ 7

*Luongo v. 44-37 Rest. Corp.*, No. 13 Civ.
   7420, 2017 U.S. Dist. LEXIS 209391 (E.D.N.Y. Dec. 19, 2017) ......................... 10

*Millea v. Metro-N.R.R.*,
   658 F.3d 154 (2d Cir. 2011) .............................................................................. 6

*Morales v. 5 Bros. Rest.*,
   No. CV 14-4702, 2016 U.S. Dist. LEXIS 128071 (E.D.N.Y. Sept. 19, 2016) ....................... 4

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
   711 F.2d 1136 (2d Cir. 1983) ............................................................................. 9

*Pocius v. Sec. Auto Sales Inc.*,
   No. 16-cv-400 (JFB)(SIL), 2018 U.S. Dist. LEXIS 113761 (E.D.N.Y. July 6, 2018) ............ 7

*Quaratino v. Tiffany & Co.*,
   166 F.3d 422 (2d Cir. 1999) .............................................................................. 9

*Reed v. A.W. Lawrence & Co.*,
   95 F.3d 1170 (2d Cir. 1996) .............................................................................. 10

*Rhodes v. Davis*,
   No. 08 Civ. 9681 (GBD), 2015 U.S. Dist. LEXIS 36744 (S.D.N.Y. Mar. 23, 2015) ............. 9

*Rozell v. Ross-Holst*,
   576 F. Supp. 2d 527 (S.D.N.Y. 2008) ................................................................. 1

*Sand v. Greenberg*,
   No. 08-cv-7840 (PAC), 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359 ............................. 11

*Soler v. G & U, Inc.*,
   658 F. Supp. 1093 (S.D.N.Y. 1987) ................................................................... 6

*Thomas v. City of N.Y.*,
   No. 14 Civ. 7513 (ENV) (VMS), 2017 U.S. Dist. LEXIS 199235 (E.D.N.Y. Dec. 1, 2017) .. 7

*Weng v. Fancy Lee Sushi Bar & Grill, Inc.*, No. 15 Civ. 5737, 2017 U.S. Dist. LEXIS 183657 (E.D.N.Y. Nov.
   3, 2017) ......................................................................................................... 10

iv

**Federal Court Opinions**

*Fegley v. Higgins*,
  19 F.3d 1126 (6th Cir. 1994) ................................................................. 5

*Maddrix v. Dize*,
  153 F.2d 274 (4th Cir. 1946) ................................................................. 5

*Shannon v. Saab Training USA, L.L.C.*,
  No. 6:08-cv-803-Orl-19DAB, 2009 U.S. Dist. LEXIS 52677 (M.D. Fla. June 22, 2009) ....... 5

*United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*,
  501 F.3d 283 (3d Cir. 2007) ................................................................. 11

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*,
  732 F.2d 495 (6th Cir. 1984) ................................................................. 5

**United States Code**

29 U.S.C. § 201 ................................................................................. 2
29 U.S.C. § 216 ..................................................................... 1, 5, 10, 11
29 U.S.C. § 207 ................................................................................. 2

**State Statutes and Regulations**

NYLL § 198 ............................................................................... 1, 6, 10
NYLL § 663 ................................................................................ 1, 2, 6
12 NYCRR § 137-1.3 ............................................................................. 2
12 NYCRR § 137-1.7 ............................................................................. 2
12 NYCRR § 146-1.6 ............................................................................. 2

**PRELIMINARY STATEMENT**

Counsel for the Plaintiff Aristides Alfredo Villatoro respectfully submits this memorandum of law in support of an application for attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and New York Labor Law §§ 198(1-a) and 663(1) ("NYLL").

On May 26, 2021, the parties were able to reach a resolution with the help of the Court. Defendants agreed to settle Plaintiff's wage and hour claims for a total of $7,000.00.[1] The total damages which the Plaintiff had sought in his motion for summary judgment, including overtime, spread of hours pay, liquidated damages and prejudgment interest, was $9,310.89.[2] The settlement only related, however, to Plaintiff's wage and hour claims, exclusive of Plaintiff's attorneys' fees and costs. It was further agreed between counsel for the parties that the Plaintiff would be filing a separate application for recovery of his attorneys' fees and costs associated with this matter.[3] Counsel for the Plaintiff has provided detailed contemporaneous records of the time spent in connection with this case.[4] In this application, Counsel seeks an award of attorneys' fees in the amount of $55,177.50 until August 27, 2021 the date on which this application for fees was made[5] as well as out of pocket costs in the amount of $1,742.27.[6]

The settlement between Mr. Villatoro and the Defendants which was reached on May 26, 2021, has not been finalized and Plaintiff's Counsel will expend additional time in finalizing the

---

[1] Declaration of Steven J. Moser in Support of Plaintiff's Application for Attorneys' Fees and Costs ("Moser Decl") ¶ 22.

[2] Moser Decl. ¶ 19; "A plaintiff may still be viewed as having obtained a significant and valuable level of success even if []he did not achieve the precise result originally sought." Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008).

[3] Moser Decl. ¶ 22.

[4] See Exhibits 1-2 to the Moser Declaration.

[5] Moser Decl. ¶ 3.

[6] See Exhibit 3 to the Moser Declaration.

settlement, as well as in replying to the Defendants' anticipated opposition to this application. The precise amount of time cannot be estimated.  However, Plaintiff's counsel does not seek to recover attorneys' fees for finalizing the settlement or in preparing the reply.

## PROCEDURAL HISTORY[7]

This action was commenced on January 18, 2016 under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law ("NYLL") and the implementing regulations thereto on behalf of Aristides Alfredo Villatoro and Francisco Rodriguez.[8]  Plaintiffs sought overtime compensation[9], spread of hours pay[10], an amount equal to unpaid overtime and spread of hours pay as liquidated damages, liquidated damages for failure to provide wage notices[11], liquidated damages for failure to furnish pay wage statements[12], prejudgment interest, *attorneys'' fees, and costs.*  Defendants denied the material allegations of the complaint.

A first round of paper discovery was completed whereupon Plaintiffs moved to amend the complaint. Over Defendants' opposition Magistrate Judge Tomlinson granted the motion and an amended complaint dated May 11 , 2017 was served and filed. Defendants denied the material allegations of the amended complaint. A second round of paper discovery ensued. Plaintiff Aristides Alfredo Villatoro and the Defendants were deposed on September 16, 2019. However, Francisco Rodriguez failed to appear for his deposition and Plaintiff's counsel learned that he had left the country.

---

[7] The facts in support of this procedural history of the case are set forth in the "Procedural History" section of the Moser Decl., ¶¶ 8-22.
[8] The applicable regulations in this case are the Restaurant Industry Wage Order, 12 N.Y.C.R.R. § 137 (effective Jul. 24, 2009-Dec. 31, 2010) and the Hospitality Industry Wage Order, 12 N.Y.C.R.R. 146 (effective January 1, 2011).
[9] See Moser Decl. 29 U.S.C. §§ 207 & 216; NYLL § 663; 12 N.Y.C.R.R. §§ 137-1.3 & 146-1.4
[10] See NYLL § 663; 12 N.Y.C.R.R. §§ 137-1.7 & 146-1.6.
[11] See NYLL §§ 195(1) & 198.
[12] See NYLL §§ 195(1) & 198.

On March 12, 2020, the parties each moved for summary judgment. On December 29, 2020, the Court granted in part and denied in part Plaintiff's motion and granted Defendants' motion to the extent that the claims of Francisco Rodriguez were dismissed. On April 6, 2021, the parties submitted their proposed joint pretrial order, and the case was deemed ready for trial. The Parties participated in Final Pretrial and Settlement Conferences with the Court on May 5, 2021, and again on May 26, 2021.

Defendants were made aware at the inception of this matter that reasonable attorneys' fees and costs would be sought. *See* Complaint (Dkt. No. 1), ¶¶ 70, 74, 80, 84, 88 (seeking "reasonable attorneys' fees" and "costs"), First Amended Complaint (Dkt. No. 40), ¶¶ 52, 56, 62, 66, 70 (seeking "reasonable attorneys' fees" and "costs"). On February 7, 2017, Plaintiff's counsel sent an email to counsel for Defendants requesting whether, "before fees balloon on both side of the aisle, [] the Defendants were interested in making an offer of settlement or in a settlement conference." On May 10, 2017, the Defendants responded that the complaint was "without merit" and asked whether the Plaintiffs would discontinue the action.

### THE CASE OF *RAMON MORALES V. 5 BROTHERS RESTAURANT, INC.*[13]

The procedural history of this case closely resembles another FLSA/NYLL case against Dennis D'Onofrio which was vigorously litigated by Mr. D'Onofrio in the Eastern District of New York. *See Morales v. 5 Brothers Restaurant, Inc., et al.*, 14-cv-4702 (LDW)(AYS)[14]. Many of the causes of action asserted in that case were identical to the claims brought in this case. *See Morales* Amended Complaint (ECF No. 11)[15]; Declaration of Eric Bressler in Support of

---

[13] The facts in support of the procedural history of the case of Morales v. 5 Brothers, Inc. are set forth in the section of the Moser Decl. entitled "Facts Relating to Morales v. 5 Brothers Restaurant, Inc. et al., 14-cv-4702", ¶¶ 23-33.

[14] A copy of the docket sheet for Morales v. Morales v. 5 Brothers Restaurant, Inc., et al., 14-cv-4702 (LDW)(AYS) is annexed to the Moser Declaration. as Exhibit 4.

[15] Annexed to the Moser Declaration as Exhibit 5.

Defendants' Motion for Summary Judgment ("Bressler Decl."), ¶ 2[16] (noting that Mr. Morales had brought claims for, *inter alia,* overtime under the FLSA, overtime under the NYLL, spread of hours under the NYLL, and failure to issue a wage notice under the NYLL).

As in this case, Mr. D'Onofrio filed an answer in *Morales* denying the material allegations in the complaint. As in this case, Mr. D'Onofrio propounded interrogatories and document requests, and deposed the Plaintiff in *Morales.* As in this case, following completion of paper discovery and depositions, Mr. D'Onofrio moved for summary judgment in *Morales.* As in this case, Judge Wexler issued a decision granting in part and denying in part Mr. D'Onofrio's motion for summary judgment. *See Morales v. 5 Bros. Rest.*, No. CV 14-4702, 2016 U.S. Dist. LEXIS 128071, at *1 (E.D.N.Y. Sept. 19, 2016). As in this case, only after the matter was trial ready did the *Morales* case settle, and for a modest sum to Mr. Morales of approximately $20,000.00.

Mr. D'Onofrio is within his rights to vigorously defend such relatively low-value claims arising under the FLSA and the NYLL. The biggest liability, however, in many overtime cases brought under the FLSA and the NYLL is often not the unpaid overtime or liquidated damages but the attorneys' fees that the plaintiff's attorney is entitled to recover if he prevails on behalf of his client. For this reason, and because of the defense litigation costs, many "run of the mill" FLSA cases settle early in litigation. Judge Posner wisely observed that attorney fee-shifting leads to a "higher settlement rate" and discourages protracted litigation.[17] On the other hand, Defendants who do not have to pay the full extent of attorneys' fees learn that there is little risk in fully litigating low value cases, thereby encouraging the consumption of judicial resources.

---

[16] Annexed to the Moser Declaration as Exhibit 6.

[17] Posner, Richard A. "An Economic Approach to Legal Procedure and Judicial Administration." The Journal of Legal Studies 2, no. 2 (1973): 399-458.

## ARGUMENT

### I.   THE FLSA'S FEE-RECOVERY PROVISION IS ABSOLUTELY ESSENTIAL TO THE STATUTE'S ENFORCEMENT SCHEME.

"The Fair Labor Standards Act was designed to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 808 (1945),  As federal courts repeatedly recognize, the FLSA's fee recovery provision is crucial to Congress' intent that workers be able to vindicate their FLSA rights through private litigation.  *See, e.g.,* F*egley v. Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights'"); *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co., 732 F.*2d 495, 502 (6th Cir. 1984) (purpose of FLSA fee award "is to insure effective access to the judicial process"); *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946) ("Obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs."); *Shannon v. Saab Training USA, L.L.C.*, No. 6:08-cv-803-Orl-19DAB, 2009 U.S. Dist. LEXIS 52677, at *8 (M.D. Fla. June 22, 2009) ("To encourage private enforcement of statutory rights under the FLSA, Congress created a fee-shifting provision").

### II.   PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS

"Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions." *Callari v. Blackman Plumbing Supply, Inc.*, No. CV 11-3655 (ADS) (AKT), 2020 U.S. Dist. LEXIS 79882, at *20 (E.D.N.Y. May 4, 2020).  In an action brought pursuant to the FLSA, the court "shall [. . .] allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Similarly, the NYLL provides that "the court shall allow such employee reasonable attorneys' fees." NYLL § 198(1-a) 663(1).

An award of attorneys' fees and costs incurred by a prevailing plaintiff is mandatory under both the FLSA and NYLL. *See Soler v. G & U, Inc., 65*8 F. Supp. 1093, 1097 (S.D.N.Y. 1987) ("[T]he Court notes that [the FLSA's] provision for the award of attorneys' fees is not permissive but mandatory") (emphasis in original); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, at *22-23 (S.D.N.Y. Sept. 30, 2010). The Court discretion as to determining the size of the award. *See Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 86 (2d Cir. 1983).

## III.   PLAINTIFF'S ATTORNEYS' FEES ARE REASONABLE

### A.   The Lodestar Amount is the Presumptively Reasonable Fee

In determining a reasonable attorneys' fee award, both the Supreme Court and the Second Circuit have held that "the lodestar - the product of a reasonable hourly rate and the reasonable number of hours required by the case - creates a 'presumptively reasonable fee.'" *Millea v. Metro-N.R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Alb.*, 522 F.3d 182, 183 (2d Cir. 2007)). The presumptively reasonable fee is calculated by multiplying "the number of hours reasonably expended on the litigation...by a reasonable hourly rate." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Ultimately, "[t]he reasonableness of an attorney's requested fee is a matter within the district court's discretion." *Bond v. Welpak Corp.*, No. 15-CV-2403 (JBW) (SMG), 2017 U.S. Dist. LEXIS 158272, at *9 (E.D.N.Y. Sept. 26, 2017), appeal dismissed (Apr. 8, 2018).

However, while a court may adjust the presumptively reasonable fee amount, there remains "[a] strong presumption that [this initial calculation] ...represents a 'reasonable' fee." *Pa.*

*v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986); *Lunday v. City of Alb.*, 42 F.3d 131, 134 (2d Cir. 1994) ("There is a strong presumption' that the lodestar amount represents a reasonable fee.") (citing *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992)).

### B.   The Hourly Rates Requested by Plaintiff's Attorneys Are Reasonable [18]

Courts in the Second Circuit adhere to the forum rule, "which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013) (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009)). "The fees that would be charged for similar work by attorneys of like skill in the area [is] the starting point for determination of a reasonable fee award." *Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980).  Recent opinions issued by courts within the Eastern District of New York have found partner hourly rates of $450 to be reasonable.  *Pocius v. Sec. Auto Sales Inc.*, No. 16-cv-400 (JFB)(SIL), 2018 U.S. Dist. LEXIS 113761, at *8 (E.D.N.Y. July 6, 2018); *see Thomas v. City of N.Y.*, No. 14 Civ. 7513 (ENV) (VMS), 2017 U.S. Dist. LEXIS 199235, at *12-13 (E.D.N.Y. Dec. 1, 2017) ("An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District"); *Hall v. Prosource Techs., L.L.C.*, No. 14-CV-2502 (SIL), 2016 U.S. Dist. LEXIS 53791, at *38-39 (E.D.N.Y. Apr. 11, 2016) (finding that partner with twelve years of experience in litigating FLSA and NYLL wage and hour lawsuits should be awarded an hourly rate of $450).

---

[18] The facts supporting the basis for the attorney's hourly rate are set forth in the section of the Moser Declaration entitled "Basis for Attorney Hourly Fee Request", ¶¶ 34-37.  The facts supporting the basis for the paralegal hourly rate are set forth in the section of the Moser Declaration entitled "Basis for Paralegal Hourly Fee Request", ¶ 38.

The hourly rate for Steven J. Moser, a partner with the Moser Law Firm, P.C., of $450 per hour is reasonable and should be approved.  Steven J. Moser is a graduate of Fordham University Law School. He has 23 years of experience in litigation and 13 years of experience in wage and hour litigation.  He works almost exclusively in prosecuting wage and hour litigation in federal and state court on behalf of aggrieved workers. He speaks Spanish fluently. He has been appointed class counsel in class actions, including *Serrano v. Mamais Contracting Corp. and Trustees of Columbia University in the City of New York, et al.,* 12-cv-06374 (LTS)(S.D.N.Y. October 15, 2013)(ECF No. 64), *Mendez v. U.S. Nonwovens Corp.,* 314 F.R.D. 30, 35 (E.D.N.Y. 2016), *Santamaria v. Nature's Value, Inc. et al,* 15-cv-04535 (GRB)(E.D.N.Y. January 4, 2017)(ECF No. 38), *Guevara v. Sirob Imports, Inc.,* 15-cv-02895(SLT)(E.D.N.Y. February 7, 2020); *Connors v. American Medical Response,* 20-cv-05046 (KHP)(S.D.N.Y. April 21, 2021)(ECF No. 32), *Sanchez-Herrera v. Quadami, et al.*, Index No. 1507/2016 (Supreme Court, Nassau County 2017), and *De Los Santos v. New Food Corp.,* 14-cv-4541(AYS). He has been described as "an experienced FLSA attorney." *Chavez v. White Post Wholesale Growers, Inc.,* 12-cv-1348 (E.D.N.Y. December 18, 7 2012)(Seybert, J.).

The hourly paralegal rate of $75 per hour with the Moser Law Firm, P.C. is reasonable and should be approved.  In the Eastern District, paralegal hourly rates of up to $90 have been found to be reasonable.  *See, e.g., Ferrara v. All-Around Trucking, Inc.,* No. 10-CV-5845 (RRM), 2011 U.S. Dist. LEXIS 151381, at *19-20 (E.D.N.Y. Nov. 8, 2011) (finding that $90 per hour is reasonable for a paralegal); *GMA Accessories, Inc. v. Solnicki*, No. 07 Civ. 3219 (PKC) (DF), 2010 U.S. Dist. LEXIS 101256, at *26-27 (S.D.N.Y. Sept. 24, 2010) (same).

Indeed, the requirements of working as a Paralegal for the suggest that the rate should be higher than $90.  Paralegals working for the Moser Law Firm, P.C. must have the following

8

qualifications:  they must be bilingual in English and Spanish, have a bachelor's degree in political science, English, or law, or possess a paralegal certificate.

### C.   The Number of Hours Billed Are Reasonable[19]

As required, the Plaintiff submits "contemporaneous time records ...[that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Courts may exclude "excessive, redundant or otherwise unnecessary hours." *See Quaratino v. Tiffany & Co., 16*6 F.3d 422, 425 (2d Cir. 1999).  "However, when the court concludes that certain hours are not deserving of compensation, it must ordinarily state its reasons for excluding those hours 'as specifically as possible' in order to permit meaningful appellate review."  *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) (internal quotation marks omitted)).

Here, Plaintiff has submitted contemporaneous itemized billing records, which include the date, the nature of the work performed, and the amount of time spent on each task.

### D.   The Costs Requested by Plaintiff Are Reasonable[20]

As to costs, courts may award "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2015 U.S. Dist. LEXIS 36744, at *13 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)), *aff'd*, 628 F. App'x 787 (2d Cir. 2015). Both the FLSA and NYLL also expressly allow a prevailing plaintiff to be compensated for the costs of the lawsuit, in addition to attorneys' fees. See 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1).

---

[19] Contemporaneous billing records are annexed to the Moser Declaration as Exhibits 1 and 2.
[20] An itemized list of expenses incurred by Plaintiff's counsel in prosecuting this case is annexed to the Moser Declaration as Exhibit 3.

Plaintiff s request for a total of $1,742.27 for costs is reasonable and should be awarded. Plaintiff s costs, which consist of filing fees, process service fees, deposition costs, translation services, and postage are recoverable. See *Luongo v. 44-37 Rest. Corp.*, No. 13 Civ. 7420, 2017 U.S. Dist. LEXIS 209391, at *9-10 (E.D.N.Y. Dec. 19, 2017) ( citing *Weng v. Fancy Lee Sushi Bar & Grill, Inc., No.* 15 Civ. 5737, 2017 U.S. Dist. LEXIS 183657, at *8-9 (E.D.N.Y. Nov. 3, 2017) ("Court filing fees, process servers, printing and photocopying, messenger services, postage, telephone costs, transcripts, travel, transportation, meals and other out of pocket litigation costs are generally recoverable if they are necessary to the representation of the client"' (quoting AW Indus., Inc. v. Sleep Well Mattress, Inc., No. 07 Civ. 3969 (JMA), 2009 U.S. Dist. LEXIS 123343, at *18 (E.D.N.Y. Jan. 30, 2009)).

### E.   Plaintiff Is Entitled to Attorneys' Fees Relating to This Application

Time reasonably spent on preparing this fee application is also recoverable. *See Reed v. A.W. Lawrence & Co., 95* F.3d 1170, 1183 (2d Cir. 1996) ("attorneys' fees for the preparation of the fee application are compensable").

## IV.   THE SECOND CIRCUIT HAS EXPLICITLY REJECTED THE APPLICATION OF A "PROPORTIONALITY RULE" TO ATTORNEYS' FEES IN FLSA CASES[21]

It is well settled that it is perfectly appropriate for the amount of counsel's potential fee award to be greater than Plaintiff's recovery of unpaid wages. "In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiff recovers, .because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011).  The Second Circuit recently weighed in on the former practice of

---

[21] Plaintiff addresses the "proportionality" issue as it was raised by Defense counsel at the Settlement Conference.  Plaintiff cannot anticipate all challenges to the requested fees or costs, and therefore reserves the right to reply to such challenges raised in Defendants' opposition.

the district courts to apply a "proportionality limit" on attorneys' fees in the context of the FLSA,

and highlighted the important role that the award of attorneys' fees plays in enforcing the

protections guaranteed by the FLSA:

> Neither the text nor the purpose of the FLSA [. . .] supports imposing a proportionality limit on recoverable attorneys' fees. With respect to the statutory text, FLSA simply provides for a "reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Nothing in this clause or the surrounding text supports the conclusion that a "reasonable attorney's fee" must be a "proportional" fee. *See, e.g., United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 294 (3d Cir. 2007) (explaining that "[n]othing in the text of [ERISA's similar fee-shifting provision] suggests that to be 'reasonable,' fees must be proportional"); *cf.* 42 U.S.C. § 1997e(d)(1)(B)(i) (expressly providing that a prisoner will not be awarded fees in an action brought pursuant to 42 U.S.C. § 1988 unless "the amount of the fee is proportionately related to the court ordered relief for the violation").
>
> A proportionality rule would also be inconsistent with the remedial goals of the FLSA, which we have deemed a "uniquely protective statute." *Cheeks*, 796 F.3d at 207. In 1938, Congress enacted the FLSA to guarantee workers "[a] fair day's pay for a fair day's work" and to guard against "the evil of 'overwork' as well as 'underpay.'" *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942) (quoting 81 *Cong. Rec.* 4983 (1937) (message of President Roosevelt)). *By implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress's goals by discouraging plaintiffs' attorneys from taking on "run of the mill" FLSA cases where the potential damages are low and the risk of protracted litigation high.* Fee awards in wage and hour cases should "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08-cv-7840 (PAC), 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). In advancing Congress's goals under the FLSA to ensure a "fair day's pay for a fair day's work," the law cannot be read to impose a proportional limitation based on the perceived complexities of the litigation.

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 602-03 (2d Cir. 2020) (emphasis supplied). The Second

Circuit clarified that "In the context of analogous civil rights legislation, we have long held -- and

we reiterate today – that a fee may not be reduced merely because the fee would be

disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 604

(compiling cases; internal citations omitted). "The Supreme Court, [the Second Circuit], and

district courts in [the Second] Circuit have long recognized the significance of attorneys' fees in

civil rights cases and have not hesitated to award or approve disproportionate fees to counsel."

*Fisher*, 948 F.3d at 604.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that the Court grant Plaintiff s

application for attorneys' fees and costs associated with this action.

Dated: Huntington, New York
          August 27, 2021

                                    Respectfully Submitted,
                                    Moser Law Firm, P.C.


                                    By: Steven John Moser

12