UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARISTIDES ALFREDO DILLATORO and FRANCISCO
RODRIGUEZ,

                           Plaintiffs,

          -against-

DENNIS D'ONOFRIO, RIDGE RESTAURANT, INC.
*doing business as* Alfredo's Pizzeria and PHILIP
D'ONOFRIO,

                           Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
16-CV-254 (DRH) (ARL)

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Hurley, is the motion of the plaintiffs, Aristides Alfredo Dillatoro ("Dillatoro") and Francisco Rodriguez ("Rodriguez"), for an award of attorneys' fees and costs. For the reasons set forth below, the undersigned respectfully recommends that the plaintiffs be awarded $27,588.75 in attorneys' fees and $1,742.27 in costs for a total award of $29,331.02.

## BACKGROUND

On January 18, 2016, Dillatoro and Rodriguez commenced this action against the defendants, Dennis D'Onofrio, Velia D'Onofrio,[1] Ridge Restaurant, Inc. doing business as Alfredo's Pizzeria ("Ridge") and Philip D'Onofrio, alleging that the defendants had violated the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various provisions of the New York Labor Law ("NYLL"), including overtime, spread of hours, wage notice, and wage statement violations. ECF No. 1. Despite being served with the complaint, the defendants failed to answer. As such, on April 18, 2016, at the plaintiffs' request, the Clerk

---

[1] Velia D'Onofrio was dropped from the action when the plaintiffs filed an amended complaint in March 2018. ECF No. 40.

of the Court certified the default of the defendants in this action. On April 19, 2016, Magistrate Judge Tomlinson, who was initially assigned to this matter, held a conference to discuss a date for filing the motion for a default judgment.[2] Plaintiffs' counsel represented to the Court that he would file the motion by June 10, 2016 at the latest. However, approximately one week later, counsel for both parties filed a stipulation seeking to have the certificate of default vacated. ECF No. 16. Shortly thereafter, the defendants filed an answer to the complaint. ECF No. 18.

No action was taken in this case for six months. In fact, according to a status report filed in December 2016, the parties had not engaged in any discovery but had, instead, discussed the possibility of settlement. ECF No. 19. Accordingly, on January 13, 2017, one year after the case had been commenced, the Court entered a scheduling order governing initial discovery. ECF No. 23.

In April 2017, counsel for the plaintiffs sought to withdraw as counsel for Rodriguez indicating that he had lost contact with the plaintiff. He also sought to extend the deadline to add parties or amend the pleadings. By order dated April 25, 2017, over the defendants' objections, the Court granted the motion to extend the deadline.[3] However, the Court denied the motion to withdraw indicating that it would issue a separate Order to Show Cause providing Rodriguez with the opportunity to object, which it did. Later that day, plaintiffs' counsel

---

[2] The defendants failed to appear at the conference.
[3] The plaintiffs had previously sought to extend the discovery deadline.

2

submitted another letter indicating that upon return to his office he had learned that Rodriguez had in fact tried to contact him. As such, by May 31, 2017, the motion to withdraw was deemed moot.

On June 23, 2017, the plaintiffs file a motion to amend the complaint. According to counsel, the proposed amended complaint was required to properly identify the corporate defendant and to correct the pleading to reflect that Philip D'Onofrio (not Velia D'Onofrio) was the plaintiffs' supervisor. Finally, the proposed amended complaint made some minor factual corrections. The plaintiffs' motion was granted and, on March 22, 2018, the plaintiffs filed the amended complaint. ECF No. 40. The defendants filed an answer to the amended pleading on April 12, 2018, but once again no action was taken in this case for close to a year.

On March 5, 2019, counsel appeared at a conference before District Judge Hurly and were advised to immediately contact Judge Tomlinson for a revised scheduling order. On April 12, 2019, the Court entered a revised scheduling order establishing May 31, 2019 as the deadline for all fact discovery. ECF No. 48. However, one month later, the defendants submitted a motion complaining that the plaintiffs' had utterly refused to respond to their demands for discovery. ECF No. 49. On March 30, 2019, the Court held a conference with the parties during which it denied the defendants' motion to compel. The Court indicated that after hearing from plaintiffs' counsel with regard to his personal/family circumstances (which the Court found unnecessary to disclose in the public record), the Court found that denial of the motion was

3

warranted. The Court also entered an amended scheduling order establishing August 19, 2019 as the new deadline for all depositions and fact discovery to be completed. Discovery was extended one additional time before the parties sought leave to file motions for summary judgment. ECF Nos. 54, 55. In December 2019, the parties were given a briefing schedule for the cross-motions and in March 2020, the fully briefed motions were filed with the Court. ECF Nos. 59-64.

By order dated December 29, 2020, District Judge Hurley granted the defendants' motion to the extent that it sought to dismiss all of the claims asserted by Rodriguez and Dillatoro's claims for individual liability against Philip. The Court also granted the plaintiffs' motion to the extent that it ruled that Dennis D'Onofrio could be held individually liable for any wage violations. ECF No. 68. Following the issuance of the Memorandum and Order, Magistrate Judge Tomlinson issued an order indicating that discovery was closed and accepted the parties' proposed joint pretrial order for filing. Magistrate Judge Tomlinson indicated that the case would be tried in accordance with the trial schedule of Judge Hurley; however, in May 2021, the parties engaged in further settlement discussions with the Court. Shortly thereafter, the case settled for $7,000[4]; however, because the plaintiffs were seeking $38,136.00 in attorneys' fees plus $2,312.18 in costs for a total award of $40,448.18, the Court granted the plaintiffs' request

---

[4] The sealed settlement document submitted to the Court reflects a slightly lower amount.

to file a separate motion for attorneys' fees, the motion now before the Court. The plaintiffs no longer seek to be awarded attorneys' fees in the amount of $40,448.18. The current request is for an award of attorneys' fees amounting to $56,919.77, representing $55,177.50 in attorneys' fees and $1,742.27 in costs.

## DISCUSSION

"Both the FLSA and NYLL are fee-shifting statutes which entitle a plaintiff to an award of reasonable attorney's fees and costs in wage-and-hour actions." *Callari v. Blackman Plumbing Supply, Inc.,* No. CV 11-3655 (ADS) (AKT), 2020 U.S. Dist. LEXIS 79882, at *20 (E.D.N.Y. May 4, 2020); 29 U.S.C. § 216(b) ("The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "Attorneys' fees and costs in FLSA actions generally arise in three contexts: (1) fee applications following a ruling in favor of [the] plaintiff, (2) fee applications following a settlement where the settlement agreement reserves the questions of fees and costs for the court to decide, and (3) settlements incorporating attorneys' fees and costs into the settlement amount." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600–01 (2d Cir. 2020) (internal citations omitted). This case involves the second scenario.

As a general matter, where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

*See Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  Indeed, in *Arbor Hill*, the Second Circuit held that in calculating a "presumptively reasonable fee," courts must consider a multitude of case-specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of hours reasonably spent on the case.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 184, 190-91 (2d Cir. 2008).   These factors include "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest in achieving the ends of the litigation or might initiate the representation himself," *id.* at 184 – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases.

*Johnson*, 488 F.2d at 717-19.[5] Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, see *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011).

Before this Court begins its lodestar analysis, it warrants mention that the Second Circuit has recently held that in FLSA cases, the attorneys' fees need not be proportional to the damages awarded to the plaintiff. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 602–03 (2d Cir. 2020). Indeed, in *Fisher,* the Second Circuit noted that district courts in FLSA actions in this Circuit routinely apply a proportionality limit on attorneys' fees in FLSA actions, despite the fact that "[n]either the text nor the purpose of the FLSA, . . . supports imposing a proportionality limit on recoverable attorneys' fees." *Id.* Accordingly, the Court will evaluate the reasonableness of the requested attorneys' fees and costs without using proportionality as a determinative factor.

It also warrants mention that as a general rule, a plaintiff is considered to be a prevailing party for the purposes of the FLSA "if [he or she] succeeds on any significant issue in litigation which achieves some of the benefit [the party] sought in bringing [the] suit." *Andrews v. City of*

---

[5] Although the *Perdue* decision cast doubt on the usefulness of the *Johnson* factors as a methodology for determining attorneys' fees, 130 S. Ct. at 1672, reference to the *Johnson* factors is still useful in calculating a presumptively reasonable fee in this Circuit.  See *Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 515 n.2 (S.D.N.Y. Apr. 29, 2015).

7

*New York*, 118 F. Supp. 3d 630, 634–35 (S.D.N.Y. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983)).  To this end, where, as here, a plaintiff obtains a favorable settlement in an FLSA action, that plaintiff constitutes a prevailing party. *Id.* (citing *Kahlil v. Original Old Homestead Rest., Inc.,* 657 F.Supp.2d 470, 474 (S.D.N.Y.2009) ("The fact that [plaintiffs] prevailed through a settlement rather than through litigation does not weaken [plaintiffs'] claim to fees").  Nonetheless, the Court may consider the plaintiffs' only limited success in this matter.  *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008) (upholding the district court's 50% reduction in lodestar because the plaintiff had achieved only limited success in the litigation as a whole and noting the import of discouraging litigants to bring motions "when there is little basis for doing so.")

In this case, the defendants urge the Court to apply a similar reduction because the plaintiffs insisted on pursuing exaggerated claims which were disproved early in the case by documentary evidence.  Bressler Aff. ¶ 12.  Specifically, they argue that in 2015, prior to commencing the litigation, plaintiffs counsel served the defendants with demand letters seeking $41,760.61 in damages.  *Id.* Ex. A, B.  $22,551.89 was demanded for Dillatoro who claimed to have worked 72 hours per week from September 2014 to April 2015 and $19,198.75 was demanded for Rodriguez who claimed to work 73.5 hours per week from May 2014 to October 2014.  *Id.*  Almost two years later, the same demand was made when the plaintiffs filed their Rule 26 disclosures.  *Id.* Ex. C.  Yet, the claims against Rodriguez were ultimately dismissed

8

without prejudice based on his failure to appear for a deposition and the claims against Dillatoro were substantially reduced. In fact, according to the defendants, despite providing the plaintiffs with documentary evidence in 2017 reflecting that the plaintiffs' claims were largely without merit, Dillatoro waited until the parties were briefing the summary judgment motions to reveal, for the first time that his damage claim amounted to only $9,300.89, a 66 2/3rd reduction. *Id.* ¶ 5. In fact, by the time the plaintiffs moved for summary judgment, Dillatoro's overtime claims had gone from $5,320.00 to $94.23, an approximately 98% reduction. *Id.* His spread of hours claim had gone from $1,497.86 to $888.60, an approximately 40% reduction and the wage notice claims had gone from $3,914.29 to $1,900.00, an approximately 50% reduction, with liquidated damages reduced accordingly. *Id.* He then agreed to settle the claim for approximately 75% of that revised amount, which plaintiffs' counsel toots as a success.

The defendants also take issue with the reasonableness of the hours expended by plaintiffs' counsel.[6] For example, the defendants notes that the plaintiffs' bills include time spent for administrative tasks like electronic filing and service at Mr. Moser's rate rather than at a paralegal rate. In a similar vein, the defendants contend that attorney travel time should not be

---

[6] The defendants do not object to plaintiffs' counsels' hourly rate. Plaintiffs' counsel, who has 23 years of experience in litigation and 13 years of experience in wage and hour cases, is seeking an hourly rate of $450 per hour. Plaintiffs' counsel is also seeking $75 per hour for his paralegal. The Court has considered the plaintiffs' arguments, their submission in support of the hourly rates requested by counsel, the respective experience of Mr. Moser, the overall complexity of the matter, and the rates in this district and finds those rates to be presumptively reasonable.

billed at a full hourly rate. They also argue that any time related to Rodriguez, whose claims were ultimately dismissed, should not be chargeable to them. In fact, to this end, the Court notes that the plaintiffs even seek reimbursement for counsel's motion seeking leave to withdraw as Rodriguez's attorney despite the fact that the motion was deemed moot once counsel learned that his client had, in fact, been trying to contact him. The defendants further contend that time spent by the paralegal reviewing Court rules or "motion papers" without further elaboration should not be considered. Finally, the plaintiffs urge the Court to consider an appropriate reduction given the hours spent by plaintiffs' counsel pursuing clearly exaggerated claims that were disproved early in the case by documentary evidence.

The Court has carefully reviewed plaintiffs' counsels' time records and has considered the parties' arguments. Although this litigation was protracted, based on the foregoing considerations, the undersigned recommends at across-the board reduction of 50% of the hours billed by plaintiffs' counsel. *See Callari v. Blackman Plumbing Supply, Inc*., No. CV 11 3655 ADS AKT, 2020 WL 2771008, at *16 (E.D.N.Y. May 4, 2020), report and recommendation adopted, No. 2 11 CV 3655 ADS AKT, 2020 WL 2769266 (E.D.N.Y. May 28, 2020)(recommending an across-the-board reduction of 45% of the hours billed); *Kim v. 511 E. 5th St., LLC*, 12 CIV. 8096, 2016 WL 6833928, at *7 (S.D.N.Y. Nov. 7, 2016) (reducing by 40% attorneys' fees requested based on various deficiencies); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.,* 14CV 10234, 2016 WL 4704917, at *21 (S.D.N.Y. Sept. 8, 2016), report and

recommendation adopted by 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) (disallowing certain feed and reducing remaining fees sought by 80%). Therefore, the Court respectfully recommends that attorneys' fee be awarded in the amount of $27,588.75. Having reviewed the billing records, the Court also recommends that the plaintiffs be awarded costs in the $1,742.27 for a total award of $29,331.02.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       May 25, 2022

                                                 _____/s_____
                                                 ARLENE R. LINDSAY
                                                 United States Magistrate Judge