

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

June 8, 2022

**VIA ECF**

Hon. Denis R. Hurley, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11717

Re: *Villatoro v. Ridge Restaurant, Inc.*, 16-CV-254 (DRH) (ARL)
Report and Recommendation of the Honorable Arlene R. Lindsay, USMJ
Dated May 25, 2022

Dear Judge Hurley:

I represent the Plaintiff. Defendants have objected to Magistrate Lindsay's Report and Recommendation. Please consider this letter as Plaintiff's response to Defendants' Objections, as well as Plaintiff's request that the fees requested be granted in their entirety, rather than reduced by 50% as recommended by the Magistrate (plaintiff's objection).

The practice in the district courts of reducing attorney's fees awards by percentages of up to 50% based upon the proportion of the settlement amount to the Plaintiff's demand is inconsistent with the remedial purposes of the FLSA, and is in direct tension with Second Circuit precedent.

In *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603-04 (2d Cir. 2020), the Second rejected a proportionality rule, and highlighted the reasons why a proportionality rule is inconsistent with the FLSA:

> A proportionality rule would also be inconsistent with the remedial goals of the FLSA, which we have deemed a **"uniquely protective statute."** *Cheeks [v. Freeport Pancake House]*, 796 F.3d at 207. In 1938, Congress enacted the FLSA to guarantee workers "[a] fair day's pay for a fair day's work" and to guard against "the evil of 'overwork' as well as 'underpay.'" *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942) (quoting 81 Cong. Rec. 4983 (1937) (message of President Roosevelt)). **By implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress's goals by discouraging plaintiffs' attorneys from taking on "run of the mill" FLSA cases where the potential damages are low and the risk of protracted litigation high. Fee awards in wage and hour cases should "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel."** *Sand v.*

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM



MOSER LAW FIRM, PC

> *Greenberg*, No. 08-cv-7840 (PAC), 2010 U.S. Dist. LEXIS 1120, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010). In advancing Congress's goals under the FLSA to ensure a "fair day's pay for a fair day's work," the law cannot be read to impose a proportional limitation based on the perceived complexities of the litigation. *Missel*, 316 U.S. at 578.
>
> **While in some cases the proportion of fees may be relevant in considering the reasonableness of an award (for example, the multi-million dollar securities class action involving a common fund,** often cited by the district courts in evaluating fee requests, *see Goldberger*, 209 F.3d at 50-51), **there is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect and practice, implement such a limit.** *See City of Riverside v. Rivera*, 477 U.S. 561, 578, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts.").

*Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603-04 (2d Cir. 2020)(emphasis supplied).

Moreover,

> The public interest in private civil rights enforcement. . .is perhaps most meaningfully served by the day-today private enforcement of these rights, which secures compliance and deters future violations. Congress meant reasonable attorney's fees to be available to the private attorneys general who enforce the law, not only to those whose cases make new law.

*Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999) (citation omitted).

Plaintiff's position is simple. Magistrate Lindsay made explicit reference the amount recovered by the Plaintiff *in proportion to the amount originally demanded,* "which plaintiff's counsel toots as a success." *See* Report and Recommendation, at 9. However, in light of recent Second Circuit precedent, the attorneys' fee award should not be reduced based upon proportion of the total amount recovered to the amount sought.

Post *Fisher*, district courts have continued the practice of reducing fees "across the board" based upon the proportion of the settlement or judgment to the amount sought. However, in doing so, no district court has addressed the following questions which are raised by the Second Circuit's decision in *Fisher*:

1. Is an across the board reduction in attorneys' fees in FLSA cases based upon the proportion of the amount recovered to the amount alleged "consistent with the remedial goals of the FLSA"?[1]

[1] See *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603-04 (2d Cir. 2020).

2. By reducing attorneys' fees across the board based upon the proportion of damages recovered to the amount alleged, are district courts thereby discouraging plaintiffs' attorneys "from taking run of the mill cases where the potential damages are low and the risk of protracted litigation high"?[2]

3. Does an across the board reduction in attorneys' fees based upon the proportion of damages recovered to the amount alleged "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel"?[3]

The answers to the foregoing questions rise above a court's *post hoc* analysis of the plaintiff's relative "success." An across the board reduction in attorneys' fees based upon the proportion of damages recovered acts as both long-term deterrent to asserting valid FLSA claims, and specific deterrent to seeking the maximum compensable damages in an FLSA case.

**Reducing fee awards based upon the proportion of the settlement amount to the amount demanded discourages plaintiffs from maximizing recovery, and could actually prevent viable claims from being settled.** Cases settle for less than the plaintiff asks. They do not settle for more. For example, plaintiff's counsel may believe his client is owed $30,000.00 in overtime but under a worst-case scenario the attorney determines that he may only be able to prove $3,000.00 in damages. The plaintiff's attorney has at least two choices: seek the maximum potential amount or the worst-case scenario. If he asserts damages which he is unable to prove, he may pay the penalty in a reduced fee award. If he demands $3,000.00, the case will settle for less than the Plaintiff's "worst-case scenario." On the other hand, a plaintiffs' attorney may think twice about an otherwise fair offer if the offer differs from the amount demanded. What if the offer is only 10% of the amount sought, but there are reasons why the settlement is otherwise fair and reasonable? This interferes with plaintiffs' counsel's ability to negotiate a settlement.

Giving a defendant a reduction in fees based upon the Plaintiffs' "relative success" is inconsistent with the purposes of Rule 68, and actually encourages defendants to litigate rather than settle. A defendant who believes that a plaintiff is making an unreasonable demand already has a valuable tool in its arsenal – a rule 68 offer. Here, no offer of judgment was made. Under the reasoning of the report and recommendation, a defendant who never makes an offer of judgment to resolve a case is nevertheless protected if plaintiffs' counsel unsuccessfully seeks the maximum potential recovery, *even where the employer knows the precise amount owed and yet completely fails to make an offer of judgment that would have fully compensated the plaintiff.* This amounts to some type of hybrid application of Rule 68, where a defendant has never availed itself of Rule 68's protections.

The reduction in attorneys' fees for seeking the maximum financial recovery, coupled with the Second Circuit's decision in *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d

---

[2] *See id.*
[3] *See id.*

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM

Cir. 2019), incentivizes plaintiffs' attorneys to underestimate individual damages in an initial disclosure, and then accept a Rule 68 offer of judgment which contains a handsome attorney fee. It also requires courts to delve into settlement negotiations as a basis for determining fees.

Plaintiff is not suggesting that the Court may not reduce attorneys' fees if there are specific incorrect billing practices, or where attorneys bill in amounts in excess of the prevailing rates in the district. To hold otherwise would require a defendant to pay fees that are *per se* unreasonable. Doing so basically would give plaintiffs' counsel a "blank check." However, a *post hoc* assessment of a plaintiff's success is not determinative of what was reasonable when the case was litigated.

In light the Second Circuit's special consideration of FLSA claims, an across the board reduction in attorney's fees based upon a *post hoc* analysis of the plaintiff's "success" is no longer proper. The report and recommendation cites to *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132 (2d Cir. 2008), in which an attorney's fees award in an FLSA case was reduced by 50% because the plaintiff's attorneys failed to obtain collective certification. However, as pointed out by one court,

> *Barfield* is readily distinguishable. The district court in *Barfield* had described "plaintiff's primary aim in [that] litigation, as reflected in her complaint and in the first four months of litigation . . . [as seeking] to certify a collective action," and it was against that "background of anticipated relief for thousands that plaintiff's recovery of $1,744.50 in compensatory and liquidated damages for herself appear[ed] to reflect only a small degree of success." *Id.* at 152 (internal citations omitted). In contrast to *Barfield*, Plaintiff here never filed an unsuccessful motion for collective certification, but rather has pursued this action as a single-plaintiff case throughout discovery.

*Guang Ping Zhu v. Salaam Bombay, Inc.*, No. 16-CV-4091 (JPO), 2019 U.S. Dist. LEXIS 450, at *12-13 (S.D.N.Y. Jan. 2, 2019).

In sum:

1. The Fair Labor Standards Act (FLSA) is a uniquely protective statute. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015);

2. The FLSA so protective that a mere confidentiality provision in an settlement agreement is "in strong tension with the remedial purposes of the FLSA" *Id.*;

3. The FLSA is so protective that the parties cannot be trusted with settling the matter absent court approval. *Id.*

At the same time, the caselaw reducing fees based upon the proportion of the recovery to the amount sought discourages counsel in FLSA cases from bringing run of the mill FLSA claims, discourages plaintiffs from seeking damages which may be difficult to prove, and affords

Hon. Denis R. Hurley, USDJ
Re: *Villatoro v. Ridge Restaurant, Inc.*, 16-CV-254 (DRH) (ARL)
Page 5

MOSER LAW FIRM, PC

a Defendant who neither makes an offer of settlement prior to summary judgment nor makes an offer of judgment protections not envisioned by Rule 68.

Finally, the reduction in attorneys' fees is inconsistent with a finding that the FLSA settlement was fair. A court evaluates a settlement for reasonableness and determines whether the amount paid to the Plaintiff is reasonable. Once the settlement is determined to be reasonable, how can a defendant collaterally attack the attorneys' fee award by saying that the plaintiff was not "successful"?

Again, we are not suggesting that plaintiff's counsel be handed a blank check, we only ask that, in keeping with the guidance of the Second Circuit, plaintiff's counsel be incentivized to bring FLSA claims and seek the maximum potential damages for FLSA violations. Considering that Congress explicitly created a mechanism for private enforcement of the FLSA, practices which do not serve that purpose should not be followed.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC: All counsel of record via ECF

FIRM:56224201v1

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM