LAW OFFICES
# WICKHAM, BRESSLER & GEASA, P.C.

13015 MAIN ROAD, P.O. BOX 1424
MATTITUCK, LONG ISLAND
NEW YORK   11952

WILLIAM WICKHAM (06-02)

ERIC J. BRESSLER
ABIGAIL A. WICKHAM
JANET GEASA

631-298-8353
TELEFAX NO. 631-298-8565
ebressler@wbglawyers.com

December 14, 2022

<u>VIA ECF</u>

Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Court
Central Islip, New York 11722

      Re:  Rodriguez et al. v. Ridge Restaurant, Inc., et al.
          Case No. 16-cv-00254(JS)(ARL)

Dear Judge Seybert:

    We are the attorneys for the defendants in the above referenced action and write in response to the letter from plaintiffs' counsel dated December 5, 2022 (Document 94). We have finally received from our clients the executed Settlement and Release Agreement and have provided this date to plaintiffs' counsel a fully executed Settlement Agreement together with the Settlement Payment in the amount of $7,000.00. Copies of our correspondence and Settlement Agreement and Release are attached hereto. We apologize for any inconvenience to the Court for the delay.

    We thank you for your courtesies.

                                      Very truly yours,

                                      Eric J. Bressler

*EJB/cs*
cc:  John J. Leonard, Esq.

LAW OFFICES
## WICKHAM, BRESSLER & GEASA, P.C.

13015 MAIN ROAD, P.O. BOX 1424
MATTITUCK, LONG ISLAND
NEW YORK   11952

ERIC J. BRESSLER
ABIGAIL A. WICKHAM
JANET GEASA

WILLIAM WICKHAM (06-02)

631-298-8353
TELEFAX NO. 631-298-8565
ebressler@wbglawyers.com

December 14, 2022

Steven J. Moser, Esq.
Moser Law Firm, P.C.
5 E. Main Street
Huntington, New York 11743

Re: **Francisco Rodriguez et al. v. Ridge Restaurant, Inc.
d/b/a Alfredo's Pizzeria, Dennis Donofrio, and Philip Donofrio
Eastern District Case No. 2:16-cv-00254-DRH-AKT**

Dear Mr. Moser:

We are pleased to enclose a copy of the Settlement Agreement and Release bearing our clients' signatures together with our attorney escrow check no. 3238 in the amount of $7,000.00 payable to Aristides Villatoro. We trust that this concludes the matter this aspect of the matter.

Very truly yours,

Eric J. Bressler

*EJB/cs*
*Encls.*

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Aristides Alfredo Villatoro s/h/a Aristides Alfredo Dillatoro ("Plaintiff" and/or "Releasor"), in his own right, and on behalf of his heirs, executors, administrators, representatives, assigns, and any other person or entity acting on his behalf, and RIDGE RESTAURANT, INC. and DENNIS D'ONOFRIO, together with each of their current and former parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions and departments and all of their respective current and former shareholders, principals, members, officers, directors, employees, agents, insurers, attorneys, representatives and successors and assigns ("Defendants" and/or "Releasees"). The Releasor and Releasees shall be referred to collectively herein as the "Parties."

**WHEREAS,** Plaintiff commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No. 16-00254, asserting wage and hour violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL")("the lawsuit").

**WHEREAS,** Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and

**WHEREAS,** Plaintiff and Defendants, by counsel, agreed to settle the claims for compensatory damages made in the lawsuit in a conference before the Honorable Denis R. Hurley, USDJ on May 12, 2021.

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, agree as follows:

1. **No Admission of Liability.** Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff as a result of or arising out of the matters set forth in the Complaint filed in the action entitled *Francisco Rodriguez et al v. Ridge Restaurant Inc. d/b/a Alfredo's Pizzeria, Dennis Donofrio and Philip Donofrio* Civil Action No. 2:16-cv-00254, filed in the United States District Court for the Eastern District of New York (the "Pending Action").

2. **References.** Plaintiff agrees that he shall not seek a reference from Defendants with respect to her employment and shall not seek re-employment with Defendants.

3. **Settlement Amount:** Defendants agree to pay Plaintiff the total sum of Seven Thousand Dollars and Zero Cents ($7,000.00) ("Settlement Payment"), by check payable to "Aristides Villatoro" on or before June 10, 2022. The Parties agree that Defendants may report such amount as income to Plaintiff on an IRS Form 1099 as liquidated damages. The Payment shall be delivered to the Moser Law Firm P.C., 5 East Main Street, Huntington, NY 11743.

4. **Indemnification.** Plaintiff agrees to indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable

attorneys' fees that Defendants may incur as a result of Plaintiff's failure to pay any taxes on the Settlement Payment. Although the Parties believe, in good faith, that the tax treatment of the Settlement Payment is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency, or court determines that any Plaintiff and/or Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to the Settlement Payment, or liable for interest or penalties related thereto, then Plaintiff agrees to indemnify and hold Defendants harmless for any such liability and any and all attorneys' fees incurred in connection therewith.

5. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement, provided it's omission does not cause the Agreement to fail the essential purpose.

6. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement.

7. **Voluntary Settlement.** Plaintiff hereby represents and warrants that he has entered into this Agreement of her own free will and accord.

8. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

9. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

10. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. A copy of a signature shall suffice as an original.

11. **Release of Fair Labor Standards Act And New York Labor Law Claims:** In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiff, his successors and assigns, HEREBY RELEASES AND FOREVER DISCHARGES, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their

official capacity, and each of their respective successors and assigns, and attorneys of and from all causes of action and claims which were alleged in the Complaint filed in the action, including all claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest, as well as any and all other claims arising under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date that Plaintiff executes this Agreement.

12. **Not a Release of Plaintiff's Claims for Costs and Attorney's Fees.** Plaintiff has filed a motion to recover attorneys' fees and costs on November 19, 2021. *See* ECF No. 81-83. By signing this agreement, the Plaintiff is *not* waiving or releasing his right to recover attorneys' fees and costs which may be recoverable under the FLSA or the NYLL.

13. Plaintiff understands, represents, and agrees that he:
   a. Has carefully read and fully understood all of the provisions of this Agreement;
   b. Is, through this Agreement, releasing Defendants from any and all wage and hour claims that Plaintiff may have against Defendants;
   c. Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;
   d. Knowingly and voluntarily intends to be legally bound by this Agreement;
   e. Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and
   f. Is duly authorized and have full authority to execute this Agreement.

_Aristides Alfredo Villatoro_    Dated: 16-8-2022
**Aristides Alfredo Villatoro**
s/h/a Aristides Alfredo Dillatoro


_____    Dated: _____
**RIDGE RESTAURANT, INC.**
By: Dennis D'Onofrio


_____    Dated: _____
**DENNIS D'ONOFRIO**

official capacity, and each of their respective successors and assigns, and attorneys of and from all causes of action and claims which were alleged in the Complaint filed in the action, including all claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest, as well as any and all other claims arising under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date that Plaintiff executes this Agreement.

12. **Not a Release of Plaintiff's Claims for Costs and Attorney's Fees.** Plaintiff has filed a motion to recover attorneys' fees and costs on November 19, 2021. *See* ECF No. 81-83. By signing this agreement, the Plaintiff is *not* waiving or releasing his right to recover attorneys' fees and costs which may be recoverable under the FLSA or the NYLL.

13. Plaintiff understands, represents, and agrees that he:
    a. Has carefully read and fully understood all of the provisions of this Agreement;
    b. Is, through this Agreement, releasing Defendants from any and all wage and hour claims that Plaintiff may have against Defendants;
    c. Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;
    d. Knowingly and voluntarily intends to be legally bound by this Agreement;
    e. Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and
    f. Is duly authorized and have full authority to execute this Agreement.

_Aristides Alfredo Villatoro_   Dated: 16-8-2022
**Aristides Alfredo Villatoro**
s/h/a Aristides Alfredo Dillatoro

_Dennis D'Onofrio_   Dated: 12/10/2022
**RIDGE RESTAURANT, INC.**
By: Dennis D'Onofrio

_Dennis D'Onofrio_   Dated: 12/10/2022
**DENNIS D'ONOFRIO**